UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| United States of America<br>PLAINTIFF | }<br>}<br>} |
| v. | }    CIVIL ACTION 3:24-CV-00722-BJB |
| Louisville Jefferson County Metro Government<br>DEFENDANT | }<br>}<br>} |

### RIVER CITY F.O.P. LODGE 614, INC.'S MOTION TO INTERVENE

Comes Movant, River City F.O.P. Lodge 614, Inc. (hereinafter "Lodge 614"), by and through counsel, pursuant to *Fed.R.Civ.P.* 24(a), and states as follows for its Motion to Intervene:

### INTRODUCTION

Lodge 614 is the exclusive collective bargaining representative, as contemplated by KRS §67C.400 *et. seq.*, of all non-civilian employees of the police department ("LMPD") of Defendant Louisville/Jefferson County Metro Government ("Louisville Metro") holding the ranks of police officer, sergeant, lieutenant, or captain. Under the rights provided by KRS §§67C.400 *et seq.*, Defendant Louisville Metro negotiated Collective Bargaining Agreements ("CBAs") with Lodge 614 that were effective July 1, 2023. The terms of the CBAs expire in 2027, well before the proposed Consent Decree that is the subject of this case is likely to end. The subject Consent Decree alters the working conditions of the Lodge's membership, and those alterations were not negotiated with the Lodge. Further, and perhaps more importantly, the Consent Decree seeks to alter the bargaining leverage and position enjoyed by Lodge 614, which will work to the detriment of the Lodge and all of its members. Lodge 614 seeks to intervene in this matter in order to protect those important interests.

## **LAW & ARGUMENT**

Rule 24(a) instructs that the "court must permit anyone to intervene who ... claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent the interest." *Fed. R. Civ. P.* 24(a)(2). This rule is to be "broadly construed in favor of potential intervenors." *Purnell v. City of Akron*, 925 F.2d 941, 950, (6th Cir. 1991). To satisfy the rule, the Sixth Circuit requires an applicant show that: "1) the application was timely filed; 2) the applicant possesses a substantial legal interest in the case; 3) the applicant's ability to protect its interest will be impaired without intervention; and 4) the existing parties will not adequately represent the applicant's interest." *Blount-Hill v. Zelman*, 636 F.3d 278, 283 (6th Cir. 2001) (citing *Grutter v. Bollinger*, 188 F.3d 394, 397–98 (6th Cir. 2011)). Lodge 614 satisfies the requisite four-pronged analysis, and this Court should therefore grant Lodge 614's instant Motion as a matter of right.

### A. Timeliness of Application

Timeliness encompasses five sub-factors: "(1) the stage of the proceedings; (2) the purpose of intervention; (3) the length of time that the movant knew or should've known of its interest in the case; (4) the prejudice to the original parties; and (5) any unusual circumstances militating for or against intervention." *United States v. Michigan*, 68 F.4th 1021, 1024–25 (6th Cir. 2023).

Here, the timeliness factor is easily satisfied. Lodge 614 moves to intervene only roughly two weeks since this action was initiated (in the midst of a holiday season), and is promptly asserting its right to intervene instead of waiting a significant length of time before filing this Motion. In fact, the Defendant, Louisville Metro, is yet to even file its Answer to the Complaint

against it by Plaintiff. No prejudice will result to any party by granting Lodge 614 the right to intervene.

As for the purpose of the intervention, Lodge 614 seeks to protect itself and its membership from the erosion of their collective bargaining rights that is threatened by the proposed Consent Decree Plaintiff and Defendant, Louisville Metro, have tendered to the Court (discussed further below). [*See* DN 4-1]. Lodge 614's Motion is certainly timely to effectuate this purpose because the threat presented by the proposed Consent Decree could not even begin to be evaluated until the Consent Decree, sprawling 242 pages, was filed and published, which occurred only approximately two weeks ago. Further, the proposed Consent Decree giving rise to Lodge 614's interest has not yet been entered by the Court. For these reasons, the timing of, and the purpose for, the present Motion to Intervene weigh heavily in favor of granting said Motion. *United States v. Michigan*, 68 F.4th at 1024–25.

### B.  Substantial Legal Interest and Impairment Thereof

The Sixth Circuit has adopted "a rather expansive notion of the interest sufficient to invoke intervention of right." *Providence Baptist Church v. Hillandale Comm., Ltd.*, 425 F.3d 309, 315 (6th Cir. 2005) (citation omitted); see also *Bradley v. Milliken*, 828 F.2d 1186, 1192 (6th Cir. 1987) ("[T]his court has acknowledged that 'interest' is to be construed liberally."). "The inquiry into the substantiality of the claimed interest is necessarily fact-specific." *Grutter*, 188 F.3d at 398 (quoting *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997)). Relatedly, the burden of satisfying the element concerning impairment of this interest "is minimal." *Miller*, 103 F.3d at 1247. The "would-be intervenor must show only that impairment of its substantial legal interest is possible if intervention is denied." *Id.*

As mentioned above, Lodge 614 is the exclusive collective bargaining representative, as contemplated by KRS §67C.400 *et. seq.*, of all non-civilian employees of LMPD holding the ranks of police officer, sergeant, lieutenant, or captain.  As such, under Kentucky law, Lodge 614 enjoys the exclusive right to bargain collectively on behalf of its members with Louisville Metro "with respect to rates of pay, wages, hours, and other conditions of employment[,]"  KRS §67C.402(2), and Louisville Metro may not unilaterally alter these conditions without first negotiating them in good faith with Lodge 614.  KRS §67C.406(1)(e).

The Lodge and Louisville Metro are parties to two CBAs that govern these topics.  *See generally* Ex. 1, Officers and Sergeants CBA; Ex. 2, Captains and Lieutenants CBA.  Included amongst the specific issues governed by the CBAs are "Disciplinary Procedure," "Assignments," "Conditions of Employment," "Health and Safety," "Promotional Vacancies," "Personnel Files," "Transfer Rights," "Training," "Seniority," and "Management Rights."  Ex. 1, pp. 10-16, 18-32; Ex. 2, p. 2.  Even just a cursory review of the headings in the proposed Consent Decree in this matter reveals it will encroach into these areas that fall within the scope of Lodge 614's collective bargaining authority, as it implicates issues including, but not limited to, "Misconduct Investigations and Discipline," "Training," "Health and Support of Officers," and "Management." [DN 4-1, pp. 2-6].  Yet, the existing parties to this action did not permit Lodge 614 to partake in the negotiation of the Consent Decree's terms.   It is therefore axiomatic that the Lodge's interest may be harmed by the entry of the Consent Decree if the Lodge is not permitted to intervene in this matter to protect its interests.

Further, even to the extent the proposed consent decree does not directly contradict terms in Lodge 614's existing CBAs, it nevertheless will have the effect of diminishing Lodge 614's bargaining power in the future.  This is because the Consent Decree, having a proposed duration

of five years ([DN 4-1, ¶¶ 700-701]), would, if entered, outlast the CBAs' expiration date of June 30, 2027 and therefore alter the playing field upon which subsequent agreements must be negotiated, again impairing the Lodge's collective bargaining rights.

The Lodge is thus entitled to intervene to protect the exclusive bargaining rights it is granted by state statute, and to further protect the bargaining leverage it enjoys (again by statutory mandate) from erosion by the agreement between Plaintiff and Defendant reached without negotiation with, or input from, Lodge 614. When viewed through the liberal lens utilized in this analysis by this Circuit, Lodge 614 easily satisfies the substantial legal interest and impairment prongs, weighing heavily in favor of granting the Lodge's Motion to Intervene.

### C. Existing Parties Will Not Adequately Represent Lodge 614's Interest

"[I]t is well established that '[i]f the interest of the absent party is not represented at all…then she or he is not adequately represented.'" *Purnell*, 925 F.2d at 950 (quoting *Grubbs v. Norris*, 870 F.2d 343, 347 (6th Cir. 1989)).

The Consent Decree presented in this case is an agreement between Plaintiff and Defendant Louisville Metro that was negotiated without input of Lodge 614 and, as explained above, may substantially impair Lodge 614's current and future collective bargaining rights. Neither existing party remotely represents Lodge 614's interests. To the contrary, Defendant Louisville Metro is Lodge 614's collective bargaining *adversary*, and the mere existence of the collective bargaining protections contained in KRS §67C.400 *et seq.* affirmatively demonstrates Louisville Metro cannot be entrusted to protect Lodge 614's membership's collective bargaining rights on its own volition. Given that the only two parties to this action have already agreed to the terms of the agreement that, as written, threatens the interests Lodge 614 seeks to protect, no current party to this litigation will adequately protect the Lodge's interests.

## CONCLUSION

For the reasons stated herein, Lodge 614 respectfully requests the Court enter the proposed order tendered herewith granting it leave to intervene in this action. Lodge 614's proposed Answer to Plaintiff's Complaint is attached hereto as Exhibit 3.

Respectfully submitted,

/s/ Kyle M. Vaughn
Kyle M. Vaughn
Connor E. Sturgill
VAUGHN PETITT LEGAL GROUP, PLLC
7500 West Highway 146
Pewee Valley, Kentucky 40056
(502) 243-9797
(502) 243-9684 (fax)
kvaughn@vplegalgroup.com
csturgill@vplegalgroup.com
*Counsel for Movant, River City F.O.P. Lodge 614, Inc.*

## CERTIFICATE OF SERVICE

It is hereby certified that on this 27th day of December 2024, the foregoing document was filed with the CM/ECF filing system and sent via U.S. Mail to:

KRISTEN CLARKE
Assistant Attorney
General Civil Rights Division

REGAN RUSH
Chief
Special Litigation Section

PAUL KILLEBREW
Deputy Chief
Special Litigation Section

S. MEHVEEN RIAZ
DAVID G. COOPER
SURAJ KUMAR

LILY SAWYER-KAPLAN
AMY SENIER
HALEY VAN EREM
Trial Attorneys
United States Department of Justice
Civil Rights Division
Special Litigation Section
950 Pennsylvania Avenue, NW
Washington, DC 20530
(202) 514-6255

JESSICA R. C. MALLOY
CALESIA HENSON
Assistant United States Attorneys
Western District of Kentucky
717 West Broadway
Louisville, KY 40202
(502) 582-5911
Jessica.Malloy@usdoj.gov
*Attorneys for the United States*


MICHAEL J. O'CONNELL
Jefferson County Attorney

ANNALE R. TAYLOR
ANDREW MILLER
ERIN C. FARNHAM
LISA S. JARRETT
Assistant Jefferson County Attorneys
First Trust Centre
200 S. 5th Street, Suite 300N
Louisville, KY 40202
*Attorneys for Louisville/Jefferson County Metro Government*


/s/ Kyle M. Vaughn
VAUGHN PETITT LEGAL GROUP, PLLC