UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
*Filed Electronically*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>   v.<br><br>LOUISVILLE/JEFFERSON COUNTY METRO GOVERNMENT,<br><br><br><br>              Defendant. | Civil Action No. 3:24-cv-722-BJB-RSE |

**PARTIES' MOTION FOR CLARIFICATION REGARDING, AND RESPONSE IN PARTIAL OPPOSITION TO, MOTION TO PARTICIPATE AS *AMICI CURIAE***

On December 20, 2024, the Heritage Foundation and Heritage Foundation Oversight Project Executive Director Mike Howell (hereinafter referred to collectively as "Heritage") sought leave to participate in the above-captioned case as *amici curiae* and submitted a memorandum of law in support of their motion. Motion to Participate as *Amici Curiae* (DN 11). In addition to submitting their arguments in summary form in their memorandum of law (DN 11-2) and seeking leave to file an additional brief of up to 50 pages with "accompanying expert reports," Heritage also sought the opportunity to "present evidence and otherwise fully participate" in an "evidentiary fairness hearing" and the opportunity "to be heard at any oral argument on points of law." DN 11, at 3.

On December 28, 2024, the Court granted the motion in part, stating, "[t]he Heritage Foundation may file its amicus brief, but the Court declines to set a further briefing schedule, apart from this: any other potential amici may file a statement of interest and proposed brief no later than January 10." Opinion & Order Setting a Hearing Re: Proposed Consent Decree (DN

18), at 8. In the same Opinion & Order, the Court "order[ed] *the parties* to attend a hearing on the joint motion for entry of a consent decree," DN 18, at 7 (emphasis added), scheduled for January 13, 2025, and gave additional guidance, also directed to "the parties," as to the purpose and scope of the hearing, *id.*

Although the United States and Louisville/Jefferson County Metro Government ("Louisville Metro") (collectively, "the Parties") interpret the Court's Opinion & Order to have denied Heritage's requests to participate in an evidentiary hearing or to be heard at any oral argument, the Court did not explicitly address those requests or state whether Heritage would have an opportunity to participate in the January 13 hearing. The Parties, therefore, respectfully request that the Court clarify its Opinion & Order to make clear that: (1) only the Parties will be permitted to participate in the January 13 hearing, and (2) Heritage's motion for further participation beyond the filing of an *amicus* brief was denied.

To the extent the Court has not considered Heritage's motion as to these aspects of further participation, the Parties respectfully request that the Court deny it for the following reasons.

As this Court has recognized, "[t]he Federal Rules of Civil Procedure do not address motions for leave to appear as *amicus curiae* in a federal district court, and the decision to allow an appearance as *amicus curiae* falls under the district court's inherent authority." *United States v. Faller*, No. 1:13-CR-29-BJB, 2024 WL 2933468, at *3 (W.D. Ky. June 11, 2024) (internal quotation marks omitted). When deciding whether to allow such participation in another's case, district courts consider whether "the proffered information of amicus is timely, useful, or otherwise necessary to the administration of justice." *United States v. State of Michigan*, 940 F.2d 143, 165 (6th Cir. 1991).

2

In this case, the Court sought in its Opinion & Order to "balance[] the need for a speedy and orderly litigation schedule against the undoubted public interest in this case." DN 18, at 8. This balance counsels against granting Heritage's remaining requests. Given the nature of the proposed decree and its impact on the community in Louisville, there are many groups and individuals likely to have views on its adoption, including those within Louisville, as well as other national organizations such as Heritage that "provid[e] academic analysis and policy proposals concerning local policing," DN 11 ¶ 3. Allowing such entities the opportunity to present evidence or oral argument to the Court would unduly delay this case—and thus delay remedying violations of the Constitution and other federal laws. Such delay would not permit "a speedy and orderly litigation schedule" and would be contrary to the administration of justice.

Moreover, a 50-page *amicus* brief with accompanying expert reports will give Heritage ample opportunity to explain its views to the Court. Similarly, the opportunity for other potential *amici* to submit proposed briefs by January 10, 2025, as the Court provided in its Opinion & Order (DN 18, at 8), is sufficient to accommodate the strong public interest in this case.

For these reasons, the Parties respectfully request that the Court clarify its Opinion & Order or otherwise deny Heritage's requests to participate in an evidentiary hearing and be heard at any oral argument.

Respectfully submitted,

KRISTEN CLARKE
Assistant Attorney General
Civil Rights Division

REGAN RUSH
Chief
Special Litigation Section

3

PAUL KILLEBREW
Deputy Chief
Special Litigation Section

*[signature]*

S. MEHVEEN RIAZ
DAVID G. COOPER
SURAJ KUMAR
LILY SAWYER-KAPLAN
AMY SENIER
HALEY VAN EREM
Trial Attorneys
United States Department of Justice
Civil Rights Division
Special Litigation Section
950 Pennsylvania Avenue, NW
Washington, DC 20530
(202) 514-6255

*[signature]*

JESSICA R. C. MALLOY
CALESIA HENSON
Assistant United States Attorneys
Western District of Kentucky
717 West Broadway
Louisville, KY 40202
(502) 582-5911
Jessica.Malloy@usdoj.gov

*Attorneys for the United States*

MICHAEL J. O'CONNELL
Jefferson County Attorney

*/s/ Annale R. Taylor (with permission)*
ANNALE R. TAYLOR
ANDREW MILLER
ERIN C. FARNHAM
LISA S. JARRETT
Assistant Jefferson County Attorneys
First Trust Centre
200 S. 5th Street, Suite 300N
Louisville, KY 40202

*Attorneys for Louisville/Jefferson County Metro Government*

4

**CERTIFICATE OF SERVICE**

On January 6, 2025, the foregoing Motion for Clarification and Response in Partial Opposition was served on the Court, all Parties, and the prospective *amici curiae*, via the Court's electronic filing system.

                                                                                                  _____
JESSICA R. C. MALLOY
Assistant United States Attorney
717 West Broadway
Louisville, KY 40202
(502) 582-5911