**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
*Filed Electronically*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff<br><br>   v.<br><br>LOUISVILLE/JEFFERSON COUNTY METRO GOVERNMENT,<br><br>        Defendant | Civil Action No. 3:24-cv-722-BJB |

**ANSWER TO COMPLAINT**

Defendant Louisville/Jefferson County Metro Government ("Defendant"), for its Answer to the Complaint filed by the Plaintiff United States of America ("Plaintiff"), answers and alleges as follows in numerical paragraphs corresponding to those in the Complaint:

**INTRODUCTION**

Louisville/Jefferson County Metro Government is, and will remain, committed to protecting our residents' rights and safety. Louisville Metro, including LMPD, has not waited to engage in reform efforts until a consent decree was finalized or formalized. Louisville Metro and LMPD have been taking actions towards improvement. Even prior to the DOJ beginning its investigation, Louisville Metro and LMPD began implementing measures to better serve the citizens of Louisville. And, the current Administration has moved quickly by improving on those efforts and will continue to take the appropriate and necessary steps to provide the best public services possible, mindful of the fact that any instances of violations of constitutional or federal statutory rights would be unacceptable.

Mayor Greenberg has acknowledged past harms as a result of certain past actions and Louisville Metro Government and LMPD are committed to continued improvements, including those set forth in the proposed consent decree. However, Louisville Metro denies any allegation or implication in the Complaint that any of the alleged misconduct was frequent, routine, formed a pattern or practice, or reflected a policy, practice or custom. And, Louisville Metro believes that certain of the allegations in the United States's Complaint are overly broad and not limited to a specific time period.

## ANSWERS TO ALLEGATIONS AND CLAIMS

1. In response to Paragraph 1 of the Complaint, Defendant admits that the United States of America has brought this action under 34 U.S.C. § 12601 (Section 12601), Title VI of the 1964 Civil Rights Act, 42 U.S.C. § 2000d (Title VI), the Omnibus Crime Control and Safe Streets Act of 1968, 34 U.S.C. § 10228 (Safe Streets Act), and Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12131 12134 (ADA), against the Louisville/Jefferson County Metro Government, including the Louisville Metro Police Department. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 1 and they are therefore deemed denied.

2. Defendant admits the allegations in Paragraph 2.

3. Defendant admits the allegations in Paragraph 3.

4. Defendant admits the allegations in Paragraph 4.

5. With respect to the allegations in Paragraph 5, Defendant refers to Section 12601 for its specific terms and denies any characterizations inconsistent therewith.

6. With respect to the allegations in Paragraph 6, Defendant refers to Title VI for its specific terms and denies any characterizations inconsistent therewith.

7. With respect to the allegations in Paragraph 7, Defendant refers to the Safe Streets Act for its specific terms and denies any characterizations inconsistent therewith.

8. With respect to the allegations in Paragraph 8, Defendant refers to Title II of the ADA for its specific terms and denies any characterizations inconsistent therewith.

9. Defendant admits the allegations in Paragraph 9.

10. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 10 and they are therefore deemed denied. Defendant affirmatively states that it is not aware of any required conditions precedent to the filing of the Complaint within the meaning of FRCP 9(c).

11. Defendant admits the allegations in Paragraph 11.

12. Defendant admits the allegations in Paragraph 12 to the extent that Louisville Metro is alleged to be a consolidated local government within the Commonwealth of Kentucky. Defendant refers to the specific provisions of Chapter 67C with respect to the status and powers of a consolidated local government and denies any allegations inconsistent therewith.

13. Defendant admits the allegations in Paragraph 13.

14. Defendant admits the allegations in Paragraph 14.

15. Defendant admits the allegations in Paragraph 15 to the extent that it is alleged that Defendant can, upon proof of claims, be subject to legal liability for the actions of its agencies or departments. Defendant denies the allegations in Paragraph 15 to the extent it is alleged or implied that the basis of such liability would be *respondeat superior* and/or that its agencies or departments are separate legal entities.

16. Defendant admits the allegations in Paragraph 16.

17. Defendant admits the allegations in Paragraph 17 to the extent that it is alleged that on March 8, 2023, the United States issued the referenced Findings Report alleging violations of Section 12601, Title VI, the Safe Streets Act, and Title II of the ADA, and served such Findings Report upon Defendant. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 17 and they are therefore deemed denied.

18. Defendant denies the allegations in Paragraph 18.

19. In response to Paragraph 19 of the Complaint, Defendant admits the need for improvements in policies, training, supervision, and accountability. Defendant denies the remaining allegations in Paragraph 19.

20. Defendant denies the allegations in Paragraph 20.

21. In response to Paragraph 21 of the Complaint, Defendant admits that from time to time an officer or officers have used force in ways that could violate LMPD policy or law. Defendant denies the remaining allegation in Paragraph 21, including any allegation or implication that such conduct occurred frequently or routinely.

22. In response to Paragraph 22 of the Complaint, Defendant admits that from time to time an officer or officers have used force in ways that could violate LMPD policy or law. Defendant denies the remaining allegations in Paragraph 22, including any allegation or implication that such conduct occurred frequently or routinely.

23. In response to Paragraph 23 of the Complaint, Defendant admits that from time to time an officer or officers have used neck restraints in ways that could violate LMPD policy or law. Defendant denies the remaining allegations in Paragraph 23, including any allegation or implication that such conduct occurred frequently or routinely.

24. In response to Paragraph 24 of the Complaint, Defendant admits that from time to time, an officer or officers have used police dogs in ways that could violate LMPD policy or law. Defendant denies the remaining allegations in Paragraph 24, including any allegation or implication that such conduct occurred frequently or routinely.

25. In response to Paragraph 25 of the Complaint, Defendant admits that, from time to time, officers have used tasers on people in ways that could violate LMPD policy or law. Defendant denies any allegation or implication that such conduct occurred frequently or routinely. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 25 and they are therefore deemed denied.

26. In response to Paragraph 26 of the Complaint, Defendant admits that, from time to time, officers have used force such as takedowns and strikes on people in ways that could violate LMPD policy or law. Defendant denies any allegation or implication that such conduct occurred frequently or routinely. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 26 and they are therefore deemed denied.

27. In response to Paragraph 27 of the Complaint, Defendant admits that, from time to time, officers have used force, in ways that could violate LMPD policy or law. Defendant denies any allegation or implication that such conduct occurred frequently or routinely. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 27 and they are therefore deemed denied.

28. In response to Paragraph 28 of the Complaint, Defendant admits the need for improvements in supervision and review of use of force incidents and that, from time to time, supervisor reports have been completed in ways that could violate LMPD policy or law.

Defendant denies the remaining allegations in Paragraph 28, including any allegations or implications that substantial progress has not been made.

29. Defendant denies the allegations in Paragraph 29.

30. In response to Paragraph 30 of the Complaint, Defendant admits that, from time to time, a residential search warrant application has been written in such a way that could violate LMPD policy or law. Defendant denies the remaining allegation in Paragraph 30, including any allegations or implications that such conduct occurred frequently or routinely.

31. In response to Paragraph 31 of the Complaint, Defendant admits that, from time to time, an application has been written in such a way that could violate LMPD policy or law. Defendant denies the remaining allegations in Paragraph 31, including any allegations or implications that such conduct occurred frequently or routinely.

32. In response to Paragraph 32 of the Complaint, Defendant admits that, from time to time, an application has relied on information from a confidential informant in such a way that could violate LMPD policy or law. Defendant denies any allegation or implication that such conduct occurred frequently or routinely. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 32 and they are therefore deemed denied.

33. In response to Paragraph 33 of the Complaint, Defendant admits that it has not traditionally required that a legal advisor review each residential search warrant application to verify the existence of probable cause before seeking a residential search warrant. Defendant affirmatively states that it has agreed, in the proposed Consent Decree, to request such review by a legal advisor even though it is not a constitutional requirement. Defendant denies that a supervisor is not required to review residential search warrant applications for probable cause.

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 33 and they are therefore deemed denied.

34. Upon information and belief, Defendant denies the allegations of Paragraph 34 of the Complaint as to the present time and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 34 and they are therefore deemed denied.

35. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 35 and they are therefore deemed denied.

36. In response to Paragraph 36 of the Complaint, Defendant admits the need for improvements in supervision and accountability. Defendant denies the remaining allegations in Paragraph 36, specifically any allegations or implications that any substantial progress has not been made.

37. Defendant denies the allegations in Paragraph 37.

38. In response to Paragraph 38 of the Complaint, Defendant admits that, from time to time, an officer or officers have stopped and conducted frisks of a person in a manner that could violate LMPD policy or law. Defendant affirmatively states that reasonable suspicion is not constitutionally required to conduct a frisk of someone if an officer has obtained a valid, voluntary consent to frisk. Defendant denies the remaining allegations in Paragraph 38, including any allegation or implication that such conduct occurred frequently or routinely.

39. In response to Paragraph 39 of the Complaint, Defendant admits that, from time to time, an officer or officers have conducted a search of a person in a manner that could violate LMPD policy or law. Defendant affirmatively states that probable cause is not constitutionally required to conduct a search if an officer has obtained a valid, voluntary consent to search.

Defendant denies the remaining allegations in Paragraph 39, including any allegation that such conduct occurred frequently or routinely.

40. Defendant denies any allegation or implication that the conduct described in Paragraph 40 of the Complaint occurred frequently or routinely. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 40 and they are therefore deemed denied.

41. In response to Paragraph 41 of the Complaint, Defendant admits that, from time to time, an officer or officers have conducted warrantless searches of private homes in ways that could violate LMPD policy or law. Defendant affirmatively states that in cases of voluntary consent, probable cause would not be constitutionally required. Defendant denies the remaining allegations in Paragraph 41, including any allegations or implications that such conduct occurred frequently or routinely.

42. In response to Paragraph 42 of the Complaint, Defendant admits that, from time to time, an officer or officers have asked for consent to frisk or search prior to conducting the frisk or search. Defendant denies the remaining allegations in Paragraph 42 to the extent it is alleged or implied that such conduct would always be "coercive" or be incompatible with "voluntary consent." Defendant denies any allegation or implication that such conduct occurred frequently or routinely. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 42 and they are therefore deemed denied.

43. Defendant denies any allegations or implications that the conduct described in Paragraph 43 occurred frequently or routinely. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 43 and they are therefore deemed denied.

44. Defendant admits that, from time to time, an officer or officers have arrested or detained a person in ways that could violate LMPD policy or law. Defendant denies the remaining allegations in Paragraph 44, including any allegations or implications that such conduct described in Paragraph 44 of the Complaint occurred frequently or routinely.

45. Defendant denies the allegations in Paragraph 45.

46. In response to Paragraph 46 of the Complaint, Defendant admits that any police practices that discriminate against Black people would be unlawful. Defendant refers to the provisions of Title VI and the Safe Streets Act for their specific terms and denies any allegations or characterizations inconsistent therewith.

47. In response to Paragraph 47 of the Complaint, Defendant admits that it received federal financial assistance from the DOJ directly or through another recipient of federal assistance between 2016 and 2021. Defendant denies the remaining allegations in Paragraph 47, including any allegation or implication that such conduct occurred routinely or frequently.

48. Defendant admits the allegations in Paragraph 48.

49. In response to Paragraph 49 of the Complaint, Defendant admits it received funds from the U.S. Department of Justice Office of Justice Programs and the Office for Community Oriented Policing Services (COPS) and that those funds are subject to the requirements of the Safe Streets Act between 2016 and 2021. Defendant denies the remaining allegations in Paragraph 49, including any allegation or implication that the conduct described in Paragraph 49 of the Complaint occurred routinely or frequently.

50. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 50 and they are therefore deemed denied, including any allegation or implication that such conduct occurred routinely or frequently. Defendant

affirmatively states that DOJ has refused to disclose its data set or methodology for determining discriminatory treatment. Defendant further affirmatively states that it does not target "Black neighborhoods" for traffic enforcement.

51.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 51 and they are therefore deemed denied, including any allegation or implication that such conduct described in Paragraph 51 of the Complaint occurred routinely or frequently. Defendant affirmatively states that DOJ has refused to disclose its data set or methodology for determining disproportionate impact.

52.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 52 and they are therefore deemed denied, including any allegations or implications that the conduct described in Paragraph 52 of the Complaint occurred routinely or frequently. Defendant affirmatively states that DOJ has refused to disclose its data set or methodology for determining disproportionate enforcement against Black drivers.

53.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 53 and they are therefore deemed denied, including any allegation that the conduct described in Paragraph 53 of the Complaint occurred routinely or frequently. Defendant affirmatively states that DOJ has refused to disclose its data set or methodology for determining disproportionate enforcement against Black drivers.

54.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 54 and they are therefore deemed denied, including any allegation or implication that the conduct described in Paragraph 54 of the Complaint occurred routinely or frequently Defendant affirmatively states that DOJ has refused to disclose its data set or methodology for determining disproportionate enforcement against Black drivers.

55. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 55 and they are therefore deemed denied, including any allegation or implication that the conduct described in paragraph 55 of the Complaint occurred routinely or frequently. Defendant affirmatively states that DOJ has refused to disclose its data set or methodology for determining disproportionate enforcement against Black drivers.

56. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 56 and they are therefore deemed denied, including any allegation or implication that the conduct described in Paragraph 56 of the Complaint occurred routinely or frequently. Defendant affirmatively states that DOJ has refused to disclose its data set or methodology for determining disproportionate enforcement.

57. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 57 and they are therefore deemed denied, including any allegation or implication that the conduct described in Paragraph 57 of the Complaint occurred routinely or frequently. Defendant affirmatively states that DOJ has refused to disclose its data set or methodology for determining disproportionate enforcement.

58. In response to Paragraph 58 of the Complaint, Defendant admits that the Louisville Courier-Journal published a report showing disparities in LMPD's marijuana enforcement and other areas. Defendant denies the allegations contained in the first sentence in Paragraph 58 and any allegations or implications that such conduct occurred routinely or frequently. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the second sentence in Paragraph 58 and they are therefore deemed denied. Defendant affirmatively states that DOJ has refused to disclose its data set or methodology for determining disproportionate enforcement.

59. In response to Paragraph 59 of the Complaint, Defendant admits that the VIPER/Ninth Mobile Division existed and from time to time members of those units engaged in conduct that could violate LMPD policy or law. Defendant denies that the Criminal Interdiction Division was a rebranding of the VIPER and Ninth Mobile Division and affirmatively states the Criminal Interdiction Division exists and has existed independently of those units and prior to 2020 was the Narcotics Division. Defendant denies any allegations or implications that the conduct described in Paragraph 59 of the Complaint occurred frequently or routinely. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 59 and they are therefore deemed denied.

60. In response to Paragraph 60 of the Complaint, Defendant admits that community trust in the police is vital to public safety and must be improved. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 60 and they are therefore deemed denied.

61. In response to Paragraph 61 of the Complaint, Defendant admits that during the riots and protests of 2020, officers used riot sticks, less lethal munitions, and chemical agents. Defendant further admits that, in limited instances, an officer used force in ways that may violate policy or law. Defendant denies the remaining allegations, express or implied, in Paragraph 61.

62. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 62 and they are therefore deemed denied, including any allegations or implications that the conduct described in Paragraph 62 of the Complaint occurred frequently or routinely.

63. In response to Paragraph 63 of the Complaint, Defendant admits that, from time to time, one or more officers responded to protestors who were addressing them verbally and

sometimes aggressively during the 2020 protests in ways that would violate LMPD policy or law. Defendant denies the remaining allegations in Paragraph 63, including to the extent it is alleged or implied that such instances occurred frequently or routinely.

64. Defendant denies the allegations contained in the first sentence of Paragraph 64 and any allegation or implication that such conduct occurred routinely or frequently. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 64 and they are therefore deemed denied.

65. In response to Paragraph 65 of the Complaint, Defendant admits that from time to time, an officer or officers responded to protestors exercising their First Amendment rights to challenge police verbally in ways that could violate LMPD policy or law. Defendant denies any allegations or implications that such conduct occurred frequently or routinely. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 65 and they are therefore deemed denied.

66. In response to Paragraph 66 of the Complaint, Defendant admits that the 2020 protests were of an unprecedented nature and scope, creating unique planning and management challenges. Defendant denies the remaining allegations in Paragraph 66, including any allegations or implications that any violations of policy or law occurred frequently or routinely.

67. Defendant denies the allegations in Paragraph 67.

68. In response to Paragraph 68 of the Complaint, Defendant admits that LMPD officers are dispatched to respond to behavioral health related issues when there are safety risks warranting a police presence. Defendant affirmatively states that under the Deflection program, persons who are not peace officers respond when there are no safety risks requiring a police

response. Defendant denies the remaining allegations in Paragraph 68, including any allegations or implications that such conduct occurred routinely or frequently.

69. Defendant denies the allegations contained in Paragraph 69.

70. Defendant denies the allegations contained in Paragraph 70.

71. Defendant denies the allegations contained in Paragraph 71.

72. Defendant denies the allegations contained in Paragraph 72.

73. Defendant admits the allegations in Paragraph 73 to the extent that it can make reasonable modifications to avoid discrimination against people with behavioral health disabilities but denies those allegations to the extent it is alleged or implied that policy and procedure improvements have not already been made or that the modifications contained within Paragraph 73 are required by law. Defendant specifically denies discriminating against individuals with behavioral health disabilities and all remaining allegations in Paragraph 73. Defendant affirmatively states that it has in place effective policies and procedures to ensure that the appropriate response is deployed in situations involving people with behavioral health disabilities, whether that be through a Crisis Intervention Team or the Deflection program.

74. In response to Paragraph 74 of the Complaint, Defendant admits the need for improvements in policies, training, supervision, and accountability. Defendant denies any allegations or implications that "deficiencies" as alleged in Paragraph 74 occurred frequently or routinely, or constituted a policy, practice or custom. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 74 and they are therefore deemed denied. Defendant affirmatively states that any instances of violations of constitutional or federal statutory rights are unacceptable.

75. In response to Paragraph 75 of the Complaint, Defendant admits that from time to time, training and supervision of officers may have been inadequate. Defendant denies the remaining allegations in Paragraph 75, including any allegation or implication that such conduct occurred frequently or routinely.

76. In response to Paragraph 76 of the Complaint, Defendant admits that there is a need for continuous improvement of training, supervision, effective policies, data collection and analysis, and the development of a meaningful system to identify officers that may benefit from additional training and assistance. Defendant denies the remaining allegations in Paragraph 76, specifically to the extent it is alleged or implied that there is no effective training or supervision within LMPD.

77. In response to Paragraph 77 of the Complaint, Defendant admits the need for continuous improvements in accountability systems toward the goals of consistent acceptance, classification, investigation, adjudication, and documentation of complaints of misconduct. Defendant denies any allegations or implications that the conduct described in Paragraph 77 of the Complaint occurred frequently or routinely. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 77 and they are therefore deemed denied.

78. Defendant denies the allegations in Paragraph 78.

79. Defendant restates and incorporates herein by references its responses to the allegations in the Complaint as set forth in the preceding paragraphs of its Answer.

80. Defendant admits that Plaintiff has accurately quoted the specified language from the First Amendment.

81. Defendant admits that Plaintiff has accurately quoted the specified language from the Fourth Amendment.

82. Defendant admits that Plaintiff has accurately quoted the specified language from Title II of the ADA/42 USC § 12132.

83. Defendant admits that Plaintiff has accurately quoted the specified language from Title VI of the Civil Rights Act of 1964. Defendant admits the allegation in Paragraph 83 that it has received and continues to receive federal financial assistance for its programs and activities that are subject to the requirements of Title VI and its implementing regulations.

84. Defendant admits that Plaintiff has accurately quoted the specified language from the Safe Streets Act. Defendant admits the allegation in Paragraph 84 that it has received and continues to receive funds from DOJ that are subject to the Act.

85. Defendant denies the allegations in Paragraph 85.

86. Defendant denies the allegations in Paragraph 86.

87. Defendant restates and incorporates herein by references its responses to the allegations in the Complaint as set forth in the preceding paragraphs of its Answer.

88. Defendant admits that Plaintiff has accurately quoted the specified language from Title VI of the Civil Rights Act of 1964.

89. Defendant admits the allegations in Paragraph 89.

90. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 90, specifically with respect to the alleged pattern or practice of discriminatory stops, searches, arrests, and uses of force against Black people. Defendant affirmatively states that DOJ has refused to disclose its data set or methodology for determining disproportionate enforcement against Black drivers.

91. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 91 and they are therefore deemed denied.

92. Defendant denies the allegations in Paragraph 92.

93. Defendant restates and incorporates herein by references its responses to the allegations in the Complaint as set forth in the preceding paragraphs of its Answer.

94. Defendant admits that Plaintiff has accurately quoted the specified language from the Safe Streets Act.

95. Defendant admits the allegations in Paragraph 95.

96. Defendant denies the allegations in Paragraph 96.

97. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 97 and they are therefore deemed denied.

98. Defendant denies the allegations in Paragraph 98.

99. Defendant restates and incorporates herein by references its responses to the allegations in the Complaint as set forth in the preceding paragraphs of its Answer.

100. Defendant admits that Plaintiff has accurately quoted the specified language from Title II of the ADA/42 USC § 12132.

101. Defendant denies the allegations in Paragraph 101.

102. Defendant denies the allegations in Paragraph 102

103. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 103 and they are therefore deemed denied.

104. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 104 and they are therefore deemed denied.

105. Defendant denies the allegations in Paragraph 105.

106. Defendant denies all allegations that were not expressly admitted in the preceding paragraphs of the Answer.

107. Unless otherwise specified in answer to a specific paragraph, any time in which a denial in this Answer references the past tense, such denial shall also be construed as a denial for any allegation occurring in the present time. Unless otherwise specified in answer to a specific paragraph, any denial to an allegation of action occurring in the present time shall also be construed as a denial for any allegation occurring in the past.

108. Defendant expressly denies, to the extent not done so in the preceding paragraphs of the Answer, any allegation that such alleged conduct occurred in a frequent or routine manner such that it formulates a pattern or practice, or a policy, practice, or custom.

## AFFIRMATIVE DEFENSES

109. One or more of the causes of action in the Complaint fail to state a claim for which relief may be granted.

110. Plaintiff lacks standing to bring one or more of the causes of action set forth in the Complaint.

111. Defendant affirmatively pleads each of the enumerated defenses contained in the Federal Rules of Civil Procedure 8 and 12 and incorporates all of them herein by reference.

112. Defendant asserts any and all applicable immunity defenses, which are or may become applicable as proof develops, including, but not limited to, sovereign immunity.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendant Louisville/Jefferson County Metro Government requests the following relief:

A. Dismissal with prejudice of this action;

B. For Defendant's costs and attorney's fees;

C. Trial by jury on all issues so triable;

D. All other relief to which Defendant may be entitled.

Respectfully Submitted,

MIKE O'CONNELL
JEFFERSON COUNTY ATTORNEY

*/s/ Andrew Miller*
ANNALE R. TAYLOR
ANDREW MILLER
ERIN C. FARNHAM
LISA S. JARRETT
Assistant Jefferson County Attorneys
First Trust Centre
200 S. 5th Street, Suite 300N
Louisville, KY 40202
*Attorneys for Louisville/Jefferson County Metro Government*

## **CERTIFICATE OF SERVICE**

On January 6, 2025, the foregoing Answer was served on the Court and all counsel via the Court's electronic filing system.

/s/ Andrew Miller
Andrew Miller