.

# EXHIBIT A

## INDICTMENTS & CONVICTIONS DIGEST

LMPD Officer Indictments and Convictions from 2016 to the present

# TABLE OF CONTENTS

## FEDERAL

| PAGE | DEFENDANT |
|------|-----------|
| 3 | Joshua Jaynes & Kyle Meany |
| 30 | Brett Hankison |
| 36 | Richard R. Wiedo |
| 44 | Katie R. Crews |
| 51 | Bryan A. Wilson |
| 60 | Curt Flynn |
| 68 | Kelly Goodlett |
| 74 | Cory P. Evans |
| 83 | Brad L. Schuhmann |
| 91 | Brian Stanfield |
| 99 | Todd Roadhouse |
| 107 | Mark Final |
| 115 | Kenneth R. Betts |
| 124 | Brandon Wood |
| 127 | Kyle Willett |

## STATE

| PAGE | DEFENDANT |
|------|-----------|
| 136 | Harry Seeders |
| 140 | Jackie Miller |
| 144 | Ashley Spratt |
| 147 | Robert Neff |
| 164 | Pablo Cano |
| 167 | Kenneth Betts |
| 171 | Brandon Wood |

# JOSHUA JAYNES & KYLE MEANY

**FILED**

JAMES J. VILT, JR. - CLERK

OCT - 1 2024

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | ) | | |
| | ) | | |
| v. | ) | No. | 3:22-cr-85-CRS |
| | ) | | |
| | ) | | 18 U.S.C. § 242 |
| | ) | | 18 U.S.C. § 371 |
| JOSHUA JAYNES and KYLE MEANY, | ) | | 18 U.S.C. § 1001 |
| | ) | | 18 U.S.C. § 1519 |
| Defendants. | ) | | |

## S U P E R S E D I N G   I N D I C T M E N T

THE GRAND JURY CHARGES:

<u>Introduction</u>

At times material to this Indictment:

1.     Breonna Taylor (Taylor) was a 26-year-old woman who worked as an emergency room technician.  As of March 2020, she had lived for several years at 3003 Springfield Drive, Apartment 4, in Louisville, Kentucky.

2.     K.W. was a 27-year-old man from Louisville, Kentucky, who had a personal relationship with Taylor and, as of March 12, 2020, had been staying in her apartment for several days.

3.     The Louisville Metro Police Department (LMPD) in late 2019 formed a unit called Place-Based Investigations (PBI).  In early 2020, PBI was investigating alleged narcotics trafficking that was centered in the West End area of Louisville, approximately 10 miles away from Taylor's home.

4.  **KYLE MEANY** was an LMPD sergeant who supervised the PBI unit who, as of early 2020, had worked at LMPD for approximately 7 years.

5.  **JOSHUA JAYNES** was a detective in the PBI unit who, as of early 2020, had worked at LMPD for approximately 15 years.

6.  K.G. was a detective in the PBI unit who, as of early 2020, had worked at LMPD for approximately 8 years.

7.  On March 12, 2020, PBI, using affidavits sworn by **JOSHUA JAYNES** and approved by **KYLE MEANY**, obtained warrants to search five properties. These included four properties in Louisville's West End neighborhood that were allegedly used in drug trafficking: three properties on Elliott Avenue and one nearby property on Muhammad Ali Boulevard (the Elliott Avenue warrants). The fifth warrant was for Taylor's home at 3003 Springfield Drive, Apartment 4, approximately 10 miles away. The primary target of the investigation was J.G., a man who had been previously arrested for committing drug offenses and who had previously had a personal relationship with Taylor.

8.  LMPD's SWAT unit was assigned to execute the four warrants near Elliott Avenue, with assistance from PBI detectives and Criminal Interdiction Division (CID) officers. SWAT had no involvement in executing the warrant at Taylor's home. Instead, the warrant at Taylor's home was executed by seven non-SWAT officers assigned by **KYLE MEANY**. On the evening of March 12, 2020, the SWAT unit held a briefing to discuss its plan for executing the Elliott Avenue warrants, while PBI held a separate briefing, in a different location. The PBI briefing was for the non-SWAT officers who **KYLE MEANY** assigned to help support SWAT on Elliott Avenue and the officers **KYLE MEANY** assigned to execute the warrant at Taylor's home. **JOSHUA**

2

**JAYNES** and **KYLE MEANY** did not tell the SWAT unit that they were planning to execute a warrant at Taylor's home at the same time SWAT executed the Elliott Avenue warrants.

<u>The Defendants Knew the Springfield Drive Warrant Affidavit Lacked Probable Cause</u>

9.      **JOSHUA JAYNES** and **KYLE MEANY** knew that the affidavit they used to obtain the warrant to search Taylor's home contained information that was false, misleading, and out-of-date; that the affidavit omitted material information; and that the officers lacked probable cause for the search.

10.      For example, on March 12, 2020, **JOSHUA JAYNES** falsely claimed in the affidavit for the warrant at Taylor's home that he "verified through a US Postal inspector that [J.G.] has been receiving packages" at Taylor's home. In fact, Postal Inspectors had relayed the opposite message: that there was no record of J.G. receiving packages at Taylor's address.

11.      Additionally, the affidavit falsely claimed that **JOSHUA JAYNES** had "observed" J.G.'s car make "frequent trips" between Taylor's home and the Elliott Avenue properties that J.G. allegedly used for drug trafficking. In fact, **JOSHUA JAYNES** and **KYLE MEANY** had only seen J.G.'s car at Taylor's home on one occasion, on January 16, 2020, nearly two months before they submitted the warrant affidavit to a judge.

12.      The affidavit also failed to disclose, among other information, that **JOSHUA JAYNES** and **KYLE MEANY** were not aware of J.G. making any trips to Taylor's home during the six weeks preceding the March 12 warrant affidavit.

13.      The Jefferson County Circuit Court Judge who reviewed the affidavit and signed the warrant for Taylor's home was not aware at the time she approved the warrant that the affidavit contained false and misleading statements or that it omitted material information. If the Judge had

3

been aware that key statements in the affidavit were false and misleading, she would not have approved the warrant for Taylor's home and there would have been no search at Taylor's home.

The Defendants Planned to Execute the Warrant in a Manner that
Heightened the Risk of Gunfire

14.      **JOSHUA JAYNES** and **KYLE MEANY** planned for officers to execute the warrant at Taylor's home late at night, simultaneously with SWAT executing the Elliott Avenue warrants, when they knew officers would brandish weapons to execute the warrant and when it was more likely that officers would surprise the unsuspecting occupants who were sleeping inside Taylor's home.

15.      Since before 2020, Kentucky has had a "stand your ground" law that allowed individuals to fire weapons in self-defense, without a duty to retreat, if they reasonably perceived a risk of great bodily harm or a felony involving use of force.  KY. REV. STAT. ANN. § 503.050(2).

16.      Additionally, at the time **KYLE MEANY** approved and **JOSHUA JAYNES** swore out the affidavit for the warrant to search Taylor's home, **KYLE MEANY** had specific information that the car of a man who had a concealed weapon permit and a documented lengthy relationship with Taylor had been at her home the previous day—and failed to provide this information to the officers they sent to execute the warrant.

17.      On the afternoon of March 11, 2020—the day before the affidavit for the warrant to search Taylor's home was sworn out—**KYLE MEANY** conducted surveillance at Taylor's home to look for information that was relevant to include in the affidavit for the warrant to search Taylor's home and information about the scene that was relevant to officer safety and should be shared with the officers who would execute the warrant the next day.  While conducting surveillance at Taylor's home for those purposes, **KYLE MEANY** and a second officer saw K.W.'s car parked in front of

4

Taylor's apartment and requested a background "workup" on K.W.  **KYLE MEANY** received and reviewed the "workup," the first page of which stated in red, bolded, all capital letters that K.W. had an "Active CCDW," or "concealed carry deadly weapon" permit.  The workup also included a photograph of K.W. and Taylor from December 2017 that showed K.W. and Taylor hugging and stated that, in 2019, K.W. and Taylor had shared the Springfield Drive address at which Taylor resided.  Shortly after receiving this information that the car of a man with an active CCDW who had a prior romantic relationship with Taylor was present at Taylor's home, **KYLE MEANY** called **JOSHUA JAYNES** and talked for approximately three minutes.  However, no information about K.W. or the presence of his vehicle at Taylor's home was included in the warrant affidavit for Taylor's home that **JOSHUA JAYNES** drafted and **KYLE MEANY** approved.  Nor was any information about K.W. or his vehicle communicated to the officers who executed the warrant.

18.     The next day, March 12, 2020, **KYLE MEANY** oversaw a briefing for the LMPD officers who **KYLE MEANY** had assigned to execute the warrant at Taylor's home.  At that briefing, **KYLE MEANY** stood by quietly as PBI detectives whom he supervised told the officers executing the warrant at Taylor's home that officers should expect to encounter only an unarmed young woman who would be alone in the apartment.  The executing officers were told that the woman (Taylor) was a "soft target" because she was not suspected of committing any crimes herself, and that the executing officers should search her home for documents and other evidence of J.G.'s drug trafficking.  At the time, **KYLE MEANY** knew that a car belonging to a man with an active CCDW who had a prior relationship with Taylor had been at Taylor's home the previous day (the last time any officer had been at Taylor's home before the night of the warrant execution). **KYLE MEANY** did not disclose this critical officer-safety information to the officers who were

5

preparing to execute the warrant that night, and he did not describe K.W.'s car to them so they could determine if K.W. was likely at the residence when they executed the warrant.

19.     Additionally, on March 12, 2020, **KYLE MEANY** assigned a PBI detective to conduct surveillance on Taylor's home for several hours before the officers executing the warrant arrived and to report any developments that might impact officer safety. **KYLE MEANY** did not advise the detective that he had seen the car belonging to K.W., who had an active CCDW and a prior relationship with Taylor, at Taylor's home the previous day—and he did not tell the detective to watch for whether K.W. might still be present at Taylor's home.

20.     K.W's car was parked near Taylor's residence at the time the warrant for her home was executed, but because **KYLE MEANY** failed to disclose any information about K.W. or his vehicle, the officers executing the warrant did not know to be on the lookout for K.W.'s car.

21.     According to officers, known to the Grand Jury, who helped execute the Springfield Drive warrant, **KYLE MEANY**'s failure to disclose the information about K.W. increased the danger to both the officers executing the warrant and the people inside Taylor's home because it prevented the executing officers from accurately accounting for the risk of encountering an armed person and adjusting their tactics to reduce the likelihood that they would exchange gunfire.

22.     **JOSHUA JAYNES** and **KYLE MEANY** further heightened the risks associated with the warrant for Taylor's home by failing to consult with LMPD's SWAT unit about the safest tactics and timing for executing it, despite LMPD requirements that they do so.

23.     The SWAT unit had extensive training and experience using specialized equipment and tactics to safely serve high-risk warrants, including certain warrants on residential properties where an occupant might be armed. **JOSHUA JAYNES** and **KYLE MEANY** knew that the non-

6

SWAT officers chosen to execute the warrant at Taylor's home did not have that specialized training, experience, or equipment. **JOSHUA JAYNES** and **KYLE MEANY** also knew that LMPD policy required non-SWAT officers to consult with the SWAT unit before executing warrants that met a certain risk threshold, and that SWAT was required to execute the highest-risk warrants themselves. To determine whether there was a SWAT consultation requirement and whether SWAT must execute a warrant, LMPD policy required officers to complete a "Risk Assessment Matrix" for each search warrant that assigned numerical values to different risk factors. The initial Risk Matrix that PBI prepared in late January 2020 for the warrant at Taylor's home indicated that SWAT consultation was required.

24. However, **JOSHUA JAYNES** and **KYLE MEANY** ignored the requirement to consult with SWAT about the tactics and timing for the warrant at Taylor's home and instead planned to execute the warrant on their own, without SWAT's guidance.

25. **JOSHUA JAYNES** and **KYLE MEANY** hid their plan to execute the warrant for Taylor's home from SWAT during a planning meeting on March 5, 2020. On that day, **JOSHUA JAYNES, KYLE MEANY**, and other PBI detectives met with the SWAT unit to discuss the plan for executing the four Elliott Avenue warrants, as well as other possible warrants that PBI might obtain. During that meeting, **JOSHUA JAYNES** and **KYLE MEANY** did not reveal to SWAT that they were planning to execute the warrant at Taylor's home at the same time that SWAT executed the Elliott Avenue warrants.

26. At the March 5 planning meeting, SWAT leadership (knowing of the four warrants on or near Elliott Avenue but not knowing of PBI's plan to execute the warrant at Taylor's home) highlighted to **JOSHUA JAYNES** and **KYLE MEANY** the dangers posed by simultaneously

7

executing warrants in multiple locations. SWAT warned that, when warrants in multiple locations are executed simultaneously, there may be insufficient resources to surround, control, and safely deal with the people who may be inside each of the targeted properties. One SWAT officer known to the Grand Jury told **JOSHUA JAYNES** and **KYLE MEANY** that these resource limitations meant that simultaneous warrant executions could pose a risk to "not just officer safety but the safety of people inside the house that we're going after." To avoid these security risks, SWAT recommended that, on the evening of March 12-13, 2020, warrants should only be executed in one area: the three properties on the same block of Elliott Avenue.

27. Despite SWAT's warning at the March 5 meeting that officers should not simultaneously execute warrants in multiple locations, **JOSHUA JAYNES** and **KYLE MEANY** continued to plan to execute the warrant at Taylor's home late at night, simultaneously with the Elliott Avenue warrants—and they did not share this plan with SWAT.

28. **JOSHUA JAYNES** and **KYLE MEANY** continued to plan the late night, simultaneous execution of the warrant at Taylor's home for March 12-13, 2020, despite knowing that doing so carried additional risk because of the limited resources available to execute it safely. Knowing that SWAT had advised against executing warrants in multiple locations simultaneously and knowing that most of the detectives in the PBI unit would be assigned to help SWAT execute the Elliott Avenue warrants, **KYLE MEANY** sent an email to non-SWAT CID officers soliciting volunteers. He then assigned six of these volunteers to execute the warrant at Taylor's home, along with one PBI detective who had not been involved in drafting the affidavit for the warrant at Taylor's home. **JOSHUA JAYNES** and **KYLE MEANY** knew that the seven officers assigned to execute the warrant at Taylor's home had never previously worked together as a group to execute

8

a warrant, that they lacked the specialized SWAT training, experience, and equipment required to execute a high-risk warrant, and thus they would be less prepared to deal safely with the person with an active CCDW whose car **KYLE MEANY** knew had been present at Taylor's home the day before the warrant was executed.

29. On the evening of March 12, 2020, **JOSHUA JAYNES** attended and participated in SWAT's pre-warrant briefing for the four Elliott Avenue warrants that SWAT was executing. During that briefing, **JOSHUA JAYNES** again did not disclose to SWAT that PBI was planning to use a group of CID officers to execute the warrant at Taylor's home at the same time that SWAT officers and PBI detectives executed the Elliott Avenue warrants. As a result, SWAT did not account for any possible safety issues with the warrant at Taylor's home in its operational planning.

30. In addition, **KYLE MEANY** approved a Risk Matrix for the warrant at Taylor's home that ensured that PBI could execute the warrant without SWAT involvement or oversight. As the sergeant in charge of PBI, **KYLE MEANY** was responsible for approving the Risk Matrix for the warrant at Taylor's home. The finalized Risk Matrix for the warrant at Taylor's home that **KYLE MEANY** approved on March 11, 2020, removed a risk factor that had been previously included, which resulted in the warrant no longer meeting the threshold to require consultation with SWAT. In addition, **KYLE MEANY** did not check the box on the Risk Matrix for a no-knock warrant, even though the affidavit for the warrant at Taylor's home requested no-knock authority and the warrant was sworn out as a no-knock warrant. Had **KYLE MEANY** accurately indicated that the Springfield Drive warrant was being sworn out as a no-knock warrant, the resulting Risk Matrix score would have been high enough that SWAT, not the CID officers who **KYLE MEANY** selected, would have been required to execute the warrant.

9

31.     **JOSHUA JAYNES** and **KYLE MEANY** knew from the March 5, 2020, planning meeting that SWAT would not have been willing to execute the warrant at Taylor's home on the evening of March 12-13, 2020, because of concerns that doing so would stretch LMPD resources and pose safety concerns for officers and the people inside Taylor's home. Had SWAT leadership known about the plan by **JOSHUA JAYNES** and **KYLE MEANY** to execute the warrant at Taylor's home simultaneously with SWAT's execution of the Elliott Avenue warrants, they would have strongly objected, asked **JOSHUA JAYNES** and **KYLE MEANY** for more information about the warrant at Taylor's home, and asked PBI not to simultaneously execute the warrant at Taylor's home. A SWAT officer known to the Grand Jury further stated that if PBI had insisted on executing the warrant at Taylor's home on March 12, SWAT likely would not have been willing to execute the warrants on Elliott Avenue that night.

32.     The final Risk Matrix for the warrant at Taylor's home, which **KYLE MEANY** approved, included a risk factor for the presence of a "handgun" in Taylor's home. However, at the briefing for officers executing the warrant, **KYLE MEANY** did not share this information from the Risk Matrix, and he did not disclose to the officers executing the warrant that he knew that a car belonging to K.W., a man with a prior romantic relationship with Taylor who had an active concealed carry permit, had been at Taylor's home the day before the warrant was executed.

33.     **JOSHUA JAYNES** and **KYLE MEANY** thus knew that officers would execute the warrant at Taylor's home in a manner that would create a dangerous situation both for the officers who carried it out and for anyone who happened to be in Taylor's home, including a risk that the executing officers would exchange gunfire with the man with an active CCDW whose car **KYLE**

10

**MEANY** knew had been at Taylor's home the previous day, which was the last time officers had conducted surveillance of her apartment before the night of the warrant.

Officers Used Weapons to Execute the Springfield Drive Warrant and the
Warrant Execution Resulted in Taylor's Death

34.    On the evening of March 12-13, 2020, the seven officers assigned by **KYLE MEANY** executed the warrant to search Taylor's home. None of the officers had reviewed the Risk Matrix for the warrant or had been involved in drafting the search warrant affidavit, and they were unaware that the warrant was based on false and misleading statements and lacked probable cause. They were also unaware that the car of a man with a permit to carry a concealed weapon had been at Taylor's residence the previous day and that his car was in the parking lot as they approached; thus, they had not accounted for his potential presence in Taylor's home in their planning or execution.

35.    **JOSHUA JAYNES** and **KYLE MEANY** knew that the Springfield Drive warrant would be executed at night, when officers on the execution team would make entry and subject Taylor to the search with their firearms brandished, and when the executing officers would be more likely to surprise unsuspecting residents who may be sleeping inside. Consistent with this expectation, the officers on the execution team lined up in an entryway near Taylor's door around 12:40 a.m. on March 13, 2020, drew and brandished their weapons, knocked on her door, and demanded entry into her home.

36.    Inside the home, Taylor and K.W. had fallen asleep in Taylor's bedroom watching a movie. Taylor's bedroom was at the back of the two-bedroom apartment, at the end farthest away from the front door. Taylor and K.W., like several of her neighbors, did not hear the officers announce themselves as police. K.W. had a handgun in the bedroom that he kept for protection.

11

37.     Outside the apartment, when no one answered the officers' knocks, an officer with a heavy metal ram broke down the door to the apartment. Several officers with guns drawn stepped forward into Taylor's open doorway as they began to execute the search. The first officer who stepped into the doorway pointed his handgun into Taylor's home.

38.     Moments after the door flew open and the first officer pointed his handgun into Taylor's home, K.W., standing near the entrance to Taylor's bedroom and believing that intruders were breaking in, fired one shot with his handgun, hitting an officer at the front door in the leg. Two LMPD officers immediately responded by firing a total of 22 shots into the apartment. Multiple shots hit Taylor, and one of those shots hit her in the chest.

39.     Taylor died from the gunshot wound to her chest.

Paragraphs 1 through 39 are hereby incorporated by reference into the counts set forth below.


THE GRAND JURY FURTHER CHARGES:

## COUNT ONE
### *(Deprivation of Rights Under Color of Law)*

On or about March 12-13, 2020, in the Western District of Kentucky, **JOSHUA JAYNES** and **KYLE MEANY**, while acting under color of law and while aiding and abetting each other and other officers, willfully caused Breonna Taylor to be deprived of the right, secured and protected by the Constitution and laws of the United States, to be free from unreasonable searches and seizures. Specifically, **JOSHUA JAYNES** drafted and swore out a warrant affidavit for Taylor's home, knowing that the warrant would be executed at night by other LMPD officers brandishing firearms, and knowing at the time that the affidavit contained false and misleading statements, omitted material information, relied on stale information, and was not supported by probable cause.

12

**KYLE MEANY** approved the warrant affidavit for Taylor's home, knowing that the warrant would be executed at night by other LMPD officers brandishing firearms, and knowing at the time that the affidavit contained false and misleading statements, omitted material information, relied on stale information, and was not supported by probable cause. The offense included the use of a dangerous weapon, to wit, from officers (1) brandishing their weapons to execute the warrant and (2) firing their weapons after officers surprised an armed occupant in the home; and the offense resulted in Taylor's death.

All in violation of Title 18, United States Code, Section 242 and 2(b).

THE GRAND JURY FURTHER CHARGES:

## COUNT TWO
### (*Conspiracy*)

Beginning not later than in or around April 2020, and continuing until in or around June 2022, in the Western District of Kentucky and elsewhere, **JOSHUA JAYNES** knowingly and willfully conspired and agreed with K.G., and others known and unknown to the grand jury, to commit offenses against the United States; specifically (1) to knowingly falsify a document with the intent to impede, obstruct, and influence the investigation and proper administration of a matter within the jurisdiction of the Federal Bureau of Investigation, a federal agency, in violation of 18 U.S.C § 1519; and (2) to knowingly engage in misleading conduct toward another person, with the intent to hinder, delay, and prevent the communication of information to a federal law enforcement officer and judge relating to the commission and possible commission of a federal offense, in violation of 18 U.S.C § 1512(b)(3).

13

## Manner, Means, and Object of the Conspiracy

1. The object of the conspiracy was to cover up the fact that the Springfield Drive warrant affidavit was false, misleading, stale, and unsupported by probable cause, by (1) submitting a false Investigative Letter and (2) making false statements to criminal investigators.

2. It was part of the manner and means of the conspiracy for **JOSHUA JAYNES** and K.G. to adopt, repeat, and expand upon the Springfield Drive warrant affidavit's false and misleading claims in an official Investigative Letter that they provided to criminal investigators on or about May 1, 2020.

3. It was further part of the manner and means of the conspiracy for **JOSHUA JAYNES** and K.G. to call, text, and meet with each other to discuss the false information in the Springfield Drive warrant affidavit and to coordinate their false cover story in an attempt to escape responsibility for their roles in preparing the warrant affidavit that contained false information.

4. It was further part of the manner and means of the conspiracy for **JOSHUA JAYNES** to contact other officers and pressure them to provide support for the false information in the Springfield Drive warrant affidavit.

5. It was further part of the manner and means of the conspiracy for **JOSHUA JAYNES** and K.G. to make false and misleading statements during interviews with criminal investigators.

## Overt Acts

In furtherance of the conspiracy, and to accomplish its objectives, **JOSHUA JAYNES** and his conspirators committed the following overt acts, among others:

14

1. In or around April or May 2020 (after the March 13, 2020, shooting of Breonna Taylor), **JOSHUA JAYNES** called J.M., a fellow LMPD officer, to try to get J.M. to say that he had previously told **JOSHUA JAYNES** that J.G. had received packages at Taylor's apartment. [In fact, J.M. had told **JOSHUA JAYNES** in or around January 2020 that he had no information showing that J.G. received packages at Taylor's apartment, and during the post-shooting call in April or May 2020, J.M. again told **JOSHUA JAYNES** that he was unaware of any information that J.G. had received packages at Taylor's apartment.]

2. After having been told by two officers from the Shively Police Department in April 2020 that J.G. had not received packages at Taylor's home, **JOSHUA JAYNES** wrote in an Investigative Letter that he had "verified through [J.M.] of LMPD, who contacted the postal service, that [J.G.] had been receiving packages at 3003 Springfield Drive #4."

3. In or around April 2020, **JOSHUA JAYNES** and K.G. included in the Investigative Letter the misleading claim that a detective "was able to verify through CLEAR, a law enforcement database, that as of February 20, 2020, [J.G.] used 3003 Springfield Drive #4 as his residence." **JOSHUA JAYNES** and K.G. both knew at the time that this statement was misleading because, as they knew, J.G. did not live at 3003 Springfield Drive in February 2020.

4. From on or about April 11, 2020, through on or about May 1, 2020, K.G. reviewed a draft of the Investigative Letter, sent to her by **JOSHUA JAYNES**, containing the claim that J.M. had verified that J.G. had received packages at Taylor's address. Knowing that the statement was false, K.G. failed to change the statement or object to it. K.G. later signed the letter, which included this false statement.

15

5. On or about May 1, 2020, **JOSHUA JAYNES** and K.G. signed and submitted the Investigative Letter that they had jointly drafted about PBI's investigation that led to the search warrants that were served on March 13, 2020. At the time, **JOSHUA JAYNES** and K.G. knew that the letter contained false and misleading information that purported to link Breonna Taylor to J.G., and that the letter omitted information that would have undermined the claim of an ongoing connection between Taylor and J.G.

6. On or about May 17, 2020—after media outlets reported that a Postal Inspector had announced that J.G. had *not* received packages at Taylor's address as alleged in the Springfield Drive warrant affidavit and the May 1, 2020, Investigative Letter—**JOSHUA JAYNES** texted K.G. that a criminal investigator wanted to meet with him the following day and arranged to meet with K.G. in **JOSHUA JAYNES'S** garage that night.

7. When **JOSHUA JAYNES** and K.G. met in the garage on the evening of May 17, 2020, **JOSHUA JAYNES** relayed to K.G. that they needed to get on the same page because they could both go down for putting false information in the Springfield Drive warrant affidavit.

8. During the meeting in the garage, **JOSHUA JAYNES** and K.G. agreed to tell investigators a false story, claiming that J.M. had told them in January 2020 that J.G. was receiving packages at Taylor's home.

9. On or about May 19, 2020, two days after the garage meeting, **JOSHUA JAYNES** falsely claimed to investigators with LMPD's Public Integrity Unit that, in January 2020, J.M. had told him and K.G. "nonchalantly" that "your guy [J.G.] just gets Amazon or mail packages there [at Taylor's home]."

16

10. On or about August 12, 2020, K.G. falsely told investigators with the Kentucky Office of the Attorney General that, in January 2020, "[J.M.] in passing" had told K.G. and **JOSHUA JAYNES** that he "verified [J.G.] was getting packages there [at Taylor's home]."

11. On or about June 14, 2022, during an interview with agents with the Federal Bureau of Investigation, **JOSHUA JAYNES** falsely claimed that, in January 2020, J.M. "made a nonchalant comment" that J.G. was getting "mail or Amazon packages" at Taylor's home.

All in violation of Title 18, United States Code, Section 371.


THE GRAND JURY FURTHER CHARGES:

## COUNT THREE
*(Falsification of Records in a Federal Investigation)*

On or about May 1, 2020, in the Western District of Kentucky, **JOSHUA JAYNES**, acting in relation to and in contemplation of a matter within the jurisdiction of the Federal Bureau of Investigation, an agency of the United States, knowingly falsified a document with the intent to impede, obstruct, and influence the investigation and proper administration of that matter. Specifically, **JOSHUA JAYNES** falsified an Investigative Letter, which he knew would be used in a criminal investigation into the preparation and execution of the Springfield Drive warrant at Breonna Taylor's home, by including false and misleading statements about the connection between Taylor and alleged drug trafficking, and by omitting material information that undermined the claim of an ongoing connection.

All in violation of Title 18, United States Code, Section 1519.


THE GRAND JURY FURTHER CHARGES:

17

## COUNT FOUR
*(False Statement to Federal Investigators)*

On or about May 17, 2022, in the Western District of Kentucky, **KYLE MEANY** knowingly and willfully made a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the Federal Bureau of Investigation, an agency of the executive branch of the Government of the United States. Specifically, **KYLE MEANY** falsely told an agent with the Federal Bureau of Investigation that a paragraph requesting authority to make a no-knock entry at Taylor's home was included in the Springfield Drive warrant affidavit because officers on LMPD's SWAT unit had, during a planning meeting on or about March 5, 2020, asked for no-knock authority at that location. In truth and in fact, **KYLE MEANY** knew that SWAT did not ask PBI to request a no-knock entry at 3003 Springfield Drive, Apartment 4.

All in violation of Title 18, United States Code, Section 1001.

A TRUE BILL:

**Redacted**

KRISTEN CLARKE
ASSISTANT ATTORNEY GENERAL
CIVIL RIGHTS DIVISION

MICHAEL J. SONGER
SPECIAL LITIGATION COUNSEL

ANNA GOTFRYD
TRIAL ATTORNEY

ATTORNEYS FOR THE UNITED STATES
ACTING UNDER AUTHORITY CONFERRED BY 28 U.S.C. § 515

18

UNITED STATES OF AMERICA v. JOSHUA JAYNES

## PENALTIES

| | |
|---|---|
| Count 1: | NM Life/$250,000/both/NM 5 yrs. Supervised Release |
| Count 2: | NM 5 yrs./$250,000/both/NM 3 yrs. Supervised Release |
| Count 3: | NM 20 yrs./$250,000/both/NM 3 yrs. Supervised Release |

## NOTICE

### ANY PERSON CONVICTED OF AN OFFENSE AGAINST THE UNITED STATES SHALL BE SUBJECT TO SPECIAL ASSESSMENTS, FINES, RESTITUTION & COSTS.

SPECIAL ASSESSMENTS

18 U.S.C. § 3013 requires that a special assessment shall be imposed for each count of a conviction of offenses committed after November 11, 1984, as follows:

| Misdemeanor: | $ 25 per count/individual | Felony: | $100 per count/individual |
|---|---|---|---|
| | $125 per count/other | | $400 per count/other |

FINES

In addition to any of the above assessments, you may also be sentenced to pay a fine. Such fine is due immediately unless the court issues an order requiring payment by a date certain or sets out an installment schedule. You shall provide the United States Attorney's Office with a current mailing address for the entire period that any part of the fine remains unpaid, or you may be held in contempt of court. 18 U.S.C. § 3571, 3572, 3611, 3612

**Failure to pay fine as ordered may subject you to the following**:

1. **INTEREST** and **PENALTIES** as applicable by law according to last date of offense.

   For offenses occurring after December 12, 1987:

   No **INTEREST** will accrue on fines under $2,500.00.

   **INTEREST** will accrue according to the Federal Civil Post-Judgment Interest Rate in effect at the time of sentencing. This rate changes monthly. Interest accrues from the first business day following the two week period after the date a fine is imposed.

   **PENALTIES** of:

   10% of fine balance if payment more than 30 days late.

   15% of fine balance if payment more than 90 days late.

2. Recordation of a **LIEN** shall have the same force and effect as a tax lien.

3. Continuous **GARNISHMENT** may apply until your fine is paid.

18 U.S.C. §§ 3612, 3613

   If you **WILLFULLY** refuse to pay your fine, you shall be subject to an **ADDITIONAL FINE** of not more than the greater of $10,000 or twice the unpaid balance of the fine; or **IMPRISONMENT** for not more than 1 year or both. 18 U.S.C. § 3615

<u>RESTITUTION</u>

If you are convicted of an offense under Title 18, U.S.C., or under certain air piracy offenses, you may also be ordered to make restitution to any victim of the offense, in addition to, or in lieu of any other penalty authorized by law.  18 U.S.C. § 3663

<u>APPEAL</u>

If you appeal your conviction and the sentence to pay your fine is stayed pending appeal, the court shall require:

1.     That you deposit the entire fine amount (or the amount due under an installment schedule during the time of your appeal) in an escrow account with the U.S. District Court Clerk, or

2.     Give bond for payment thereof.

18 U.S.C. § 3572(g)

<u>PAYMENTS</u>

If you are ordered to make payments to the U.S. District Court Clerk's Office, certified checks or money orders should be made <u>payable to the Clerk, U.S. District Court</u> and delivered to the appropriate division office listed below:

LOUISVILLE:          Clerk, U.S. District Court
                     106 Gene Snyder U.S. Courthouse
                     601 West Broadway
                     Louisville, KY  40202
                     502/625-3500

BOWLING GREEN:       Clerk, U.S. District Court
                     120 Federal Building
                     241 East Main Street
                     Bowling Green, KY  42101
                     270/393-2500

OWENSBORO:           Clerk, U.S. District Court
                     126 Federal Building
                     423 Frederica
                     Owensboro, KY  42301
                     270/689-4400

PADUCAH:             Clerk, U.S. District Court
                     127 Federal Building
                     501 Broadway
                     Paducah, KY  42001
                     270/415-6400

If the court finds that you have the present ability to pay, an order may direct imprisonment until payment is made.

**Page 23**

UNITED STATES OF AMERICA v. KYLE MEANY

## **P E N A L T I E S**

Count 1:    NM Life/$250,000/both/NM 5 yrs. Supervised Release
Count 4:    NM 5 yrs./$250,000/both/NM 3 yrs. Supervised Release

## **N O T I C E**

### **ANY PERSON CONVICTED OF AN OFFENSE AGAINST THE UNITED STATES SHALL BE SUBJECT TO SPECIAL ASSESSMENTS, FINES, RESTITUTION & COSTS.**

SPECIAL ASSESSMENTS

18 U.S.C. § 3013 requires that a special assessment shall be imposed for each count of a conviction of offenses committed after November 11, 1984, as follows:

| | | | |
|---|---|---|---|
| Misdemeanor: | $ 25 per count/individual | Felony: | $100 per count/individual |
| | $125 per count/other | | $400 per count/other |

FINES

In addition to any of the above assessments, you may also be sentenced to pay a fine. Such fine is due immediately unless the court issues an order requiring payment by a date certain or sets out an installment schedule. You shall provide the United States Attorney's Office with a current mailing address for the entire period that any part of the fine remains unpaid, or you may be held in contempt of court. 18 U.S.C. § 3571, 3572, 3611, 3612

#### **Failure to pay fine as ordered may subject you to the following**:

1.   **INTEREST** and **PENALTIES** as applicable by law according to last date of offense.

   For offenses occurring after December 12, 1987:

   No **INTEREST** will accrue on fines under $2,500.00.

   **INTEREST** will accrue according to the Federal Civil Post-Judgment Interest Rate in effect at the time of sentencing. This rate changes monthly. Interest accrues from the first business day following the two week period after the date a fine is imposed.

   **PENALTIES** of:

   10% of fine balance if payment more than 30 days late.

   15% of fine balance if payment more than 90 days late.

2.   Recordation of a **LIEN** shall have the same force and effect as a tax lien.

3.   Continuous **GARNISHMENT** may apply until your fine is paid.

18 U.S.C. §§ 3612, 3613

   If you **WILLFULLY** refuse to pay your fine, you shall be subject to an **ADDITIONAL FINE** of not more than the greater of $10,000 or twice the unpaid balance of the fine; or **IMPRISONMENT** for not more than 1 year or both. 18 U.S.C. § 3615

RESTITUTION

If you are convicted of an offense under Title 18, U.S.C., or under certain air piracy offenses, you may also be ordered to make restitution to any victim of the offense, in addition to, or in lieu of any other penalty authorized by law.  18 U.S.C. § 3663

APPEAL

If you appeal your conviction and the sentence to pay your fine is stayed pending appeal, the court shall require:

1.      That you deposit the entire fine amount (or the amount due under an installment schedule during the time of your appeal) in an escrow account with the U.S. District Court Clerk, or

2.      Give bond for payment thereof.

18 U.S.C. § 3572(g)

PAYMENTS

If you are ordered to make payments to the U.S. District Court Clerk's Office, certified checks or money orders should be made payable to the Clerk, U.S. District Court and delivered to the appropriate division office listed below:

LOUISVILLE:                   Clerk, U.S. District Court
                              106 Gene Snyder U.S. Courthouse
                              601 West Broadway
                              Louisville, KY  40202
                              502/625-3500

BOWLING GREEN:                Clerk, U.S. District Court
                              120 Federal Building
                              241 East Main Street
                              Bowling Green, KY  42101
                              270/393-2500

OWENSBORO:                    Clerk, U.S. District Court
                              126 Federal Building
                              423 Frederica
                              Owensboro, KY  42301
                              270/689-4400

PADUCAH:                      Clerk, U.S. District Court
                              127 Federal Building
                              501 Broadway
                              Paducah, KY  42001
                              270/415-6400

If the court finds that you have the present ability to pay, an order may direct imprisonment until payment is made.

**Page 25**

UNITED STATES OF AMERICA v. JOSHUA JAYNES

## P E N A L T I E S

Count 1:  NM Life/$ 250,000/both/NM 5 yrs. Supervised Release, Count 2: NM 5/$ 250,000/both/NM 3 yrs. Supervised Release,

Count 3: NM 20/$ 250,000/both/NM 3 yrs. Supervised Release

## N O T I C E

**ANY PERSON CONVICTED OF AN OFFENSE AGAINST THE UNITED STATES SHALL BE SUBJECT TO SPECIAL ASSESSMENTS, FINES, RESTITUTION & COSTS.**

SPECIAL ASSESSMENTS

18 U.S.C. § 3013 requires that a special assessment shall be imposed for each count of a conviction of offenses committed after November 11, 1984, as follows:

| Misdemeanor: | $ 25 per count/individual | Felony: | $100 per count/individual |
| | $125 per count/other | | $400 per count/other |

FINES

In addition to any of the above assessments, you may also be sentenced to pay a fine. Such fine is due immediately unless the court issues an order requiring payment by a date certain or sets out an installment schedule.  You shall provide the United States Attorney's Office with a current mailing address for the entire period that any part of the fine remains unpaid, or you may be held in contempt of court.  18 U.S.C. § 3571, 3572, 3611, 3612

**Failure to pay fine as ordered may subject you to the following**:

1. **INTEREST** and **PENALTIES** as applicable by law according to last date of offense.

   For offenses occurring after December 12, 1987:

   No **INTEREST** will accrue on fines under $2,500.00.

   **INTEREST** will accrue according to the Federal Civil Post-Judgment Interest Rate in effect at the time of sentencing.  This rate changes monthly.  Interest accrues from the first business day following the two week period after the date a fine is imposed.

   **PENALTIES** of:

   10% of fine balance if payment more than 30 days late.

   15% of fine balance if payment more than 90 days late.

2. Recordation of a **LIEN** shall have the same force and effect as a tax lien.

3. Continuous **GARNISHMENT** may apply until your fine is paid.

18 U.S.C. §§ 3612, 3613

   If you **WILLFULLY** refuse to pay your fine, you shall be subject to an **ADDITIONAL FINE** of not more than the greater of $10,000 or twice the unpaid balance of the fine; or **IMPRISONMENT** for not more than 1 year or both.  18 U.S.C. § 3615

**Page 26**

RESTITUTION

If you are convicted of an offense under Title 18, U.S.C., or under certain air piracy offenses, you may also be ordered to make restitution to any victim of the offense, in addition to, or in lieu of any other penalty authorized by law.  18 U.S.C. § 3663

APPEAL

If you appeal your conviction and the sentence to pay your fine is stayed pending appeal, the court shall require:

1.     That you deposit the entire fine amount (or the amount due under an installment schedule during the time of your appeal) in an escrow account with the U.S. District Court Clerk, or

2.     Give bond for payment thereof.

18 U.S.C. § 3572(g)

PAYMENTS

If you are ordered to make payments to the U.S. District Court Clerk's Office, certified checks or money orders should be made payable to the Clerk, U.S. District Court and delivered to the appropriate division office listed below:

| | |
|---|---|
| LOUISVILLE: | Clerk, U.S. District Court<br>106 Gene Snyder U.S. Courthouse<br>601 West Broadway<br>Louisville, KY  40202<br>502/625-3500 |
| BOWLING GREEN: | Clerk, U.S. District Court<br>120 Federal Building<br>241 East Main Street<br>Bowling Green, KY  42101<br>270/393-2500 |
| OWENSBORO: | Clerk, U.S. District Court<br>126 Federal Building<br>423 Frederica<br>Owensboro, KY  42301<br>270/689-4400 |
| PADUCAH: | Clerk, U.S. District Court<br>127 Federal Building<br>501 Broadway<br>Paducah, KY  42001<br>270/415-6400 |

If the court finds that you have the present ability to pay, an order may direct imprisonment until payment is made.

UNITED STATES OF AMERICA v. KYLE MEANY

**P E N A L T I E S**

Count 1:  NM Life/$ 250,000/both/NM 5 yrs. Supervised Release, Count 4: NM 5/$ 250,000/both/NM 3 yrs. Supervised Release

**N O T I C E**

**ANY PERSON CONVICTED OF AN OFFENSE AGAINST THE UNITED STATES SHALL BE SUBJECT TO SPECIAL ASSESSMENTS, FINES, RESTITUTION & COSTS.**

SPECIAL ASSESSMENTS

18 U.S.C. § 3013 requires that a special assessment shall be imposed for each count of a conviction of offenses committed after November 11, 1984, as follows:

| | | | |
|---|---|---|---|
| Misdemeanor: | $ 25 per count/individual | Felony: | $100 per count/individual |
| | $125 per count/other | | $400 per count/other |

FINES

In addition to any of the above assessments, you may also be sentenced to pay a fine. Such fine is due immediately unless the court issues an order requiring payment by a date certain or sets out an installment schedule.  You shall provide the United States Attorney's Office with a current mailing address for the entire period that any part of the fine remains unpaid, or you may be held in contempt of court.  18 U.S.C. § 3571, 3572, 3611, 3612

**Failure to pay fine as ordered may subject you to the following:**

1. **INTEREST** and **PENALTIES** as applicable by law according to last date of offense.

   For offenses occurring after December 12, 1987:

   No **INTEREST** will accrue on fines under $2,500.00.

   **INTEREST** will accrue according to the Federal Civil Post-Judgment Interest Rate in effect at the time of sentencing.  This rate changes monthly.  Interest accrues from the first business day following the two week period after the date a fine is imposed.

   **PENALTIES** of:

   10% of fine balance if payment more than 30 days late.

   15% of fine balance if payment more than 90 days late.

2. Recordation of a **LIEN** shall have the same force and effect as a tax lien.

3. Continuous **GARNISHMENT** may apply until your fine is paid.

18 U.S.C. §§ 3612, 3613

   If you **WILLFULLY** refuse to pay your fine, you shall be subject to an **ADDITIONAL FINE** of not more than the greater of $10,000 or twice the unpaid balance of the fine; or **IMPRISONMENT** for not more than 1 year or both.  18 U.S.C. § 3615

RESTITUTION

If you are convicted of an offense under Title 18, U.S.C., or under certain air piracy offenses, you may also be ordered to make restitution to any victim of the offense, in addition to, or in lieu of any other penalty authorized by law.  18 U.S.C. § 3663

APPEAL

If you appeal your conviction and the sentence to pay your fine is stayed pending appeal, the court shall require:

     1.     That you deposit the entire fine amount (or the amount due under an installment schedule during the time of your appeal) in an escrow account with the U.S. District Court Clerk, or

     2.     Give bond for payment thereof.

     18 U.S.C. § 3572(g)

PAYMENTS

If you are ordered to make payments to the U.S. District Court Clerk's Office, certified checks or money orders should be made payable to the Clerk, U.S. District Court and delivered to the appropriate division office listed below:

| | |
|---|---|
| LOUISVILLE: | Clerk, U.S. District Court |
| | 106 Gene Snyder U.S. Courthouse |
| | 601 West Broadway |
| | Louisville, KY  40202 |
| | 502/625-3500 |
| | |
| BOWLING GREEN: | Clerk, U.S. District Court |
| | 120 Federal Building |
| | 241 East Main Street |
| | Bowling Green, KY  42101 |
| | 270/393-2500 |
| | |
| OWENSBORO: | Clerk, U.S. District Court |
| | 126 Federal Building |
| | 423 Frederica |
| | Owensboro, KY  42301 |
| | 270/689-4400 |
| | |
| PADUCAH: | Clerk, U.S. District Court |
| | 127 Federal Building |
| | 501 Broadway |
| | Paducah, KY  42001 |
| | 270/415-6400 |

If the court finds that you have the present ability to pay, an order may direct imprisonment until payment is made.

# BRETT HANKISON

**FILED**

James J. Vilt Jr,
Clerk

November 1, 2024

U.S. District Court
Western District of Kentucky

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                      Plaintiff

v.                                          Criminal Action No. 3:22CR-84-RGJ

BRETT HANKSON                                                Defendant

* * * * *

### JURY VERDICT- Count 1

FILED

JAMES J. VILT, JR. - CLERK

NOV 0 1 2024

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                    Plaintiff

v.                                        Criminal Action No. 3:22-cr-84-RGJ

BRETT HANKISON                                             Defendant

## VERDICT FORM

We, the Jury, unanimously find the following:

## COUNT 1

**Question 1.** With respect to the charge in Count 1, involving Breonna Taylor, deprivation of rights under color of law, in violation of Title 18, United States Code, Section 242, we find the Defendant, **BRETT HANKISON**:

GUILTY ___✓___                NOT GUILTY_____

[If your answer is Guilty, please answer the question below.]

**Question 2.** We, the Jury, unanimously find the following [please check all that you have unanimously agreed were proved beyond a reasonable doubt]:

___✓___ Brett Hankison used a dangerous weapon.

___✓___ Brett Hankison's offense involved an attempt to kill.

13
Juror No.

Date: 11 - 1 - 24

1

**Page 32**

**FILED**

James J. Vilt Jr,
Clerk

November 1, 2024

U.S. District Court
Western District of Kentucky

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                    Plaintiff

v.                                          Criminal Action No. 3:22CR-84-RGJ

BRETT HANKSON                                               Defendant

*  *  *  *  *

**PARTIAL JURY VERDICT- Count 2**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

FILED
JAMES J. VILT, JR. - CLERK
NOV 01 2024
U.S. DISTRICT COURT
WESTN. DIST. KENTUCKY

UNITED STATES OF AMERICA                                          Plaintiff

v.                                          Criminal Action No. 3:22-cr-84-RGJ

BRETT HANKISON                                                   Defendant

## VERDICT FORM

We, the Jury, unanimously find the following:

## COUNT 1

**Question 1.** With respect to the charge in Count 1, involving Breonna Taylor, deprivation of rights under color of law, in violation of Title 18, United States Code, Section 242, we find the Defendant, **BRETT HANKISON**:

GUILTY_____                    NOT GUILTY_____

[If your answer is Guilty, please answer the question below.]

**Question 2.** We, the Jury, unanimously find the following [please check all that you have unanimously agreed were proved beyond a reasonable doubt]:

_____ Brett Hankison used a dangerous weapon.

_____ Brett Hankison's offense involved an attempt to kill.

_____          _____
Foreperson                                Juror No.

Date: _____

1

**Page 34**

**FILED**

JAMES J. VILT, JR. - CLERK

NOV 0 1 2024

U.S. DISTRICT COURT
WESTN. DIST. KENTUCKY

## COUNT 2

**Question 1.** With respect to the charge in Count 2, involving Chelsey May Etherton, or Chelsey's son, Zayden, deprivation of rights under color of law, in violation of Title 18, United States Code, Section 242, we find the Defendant, **BRETT HANKISON**:

GUILTY_____          NOT GUILTY _____✓

[If your answer is Guilty, please answer the question below.]

**Question 2.** We, the Jury, unanimously find the following [please check all that you have unanimously agreed were proved beyond a reasonable doubt]:

_____ Brett Hankison used a dangerous weapon.

_____ Brett Hankison's offense involved an attempt to kill.



____13____
Juror No.

Date: __11 - 1 - 24__

2

**Page 35**

# RICHARD R. WIEDO

# United States District Court
## Western District of Kentucky
LOUISVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>**Richard R. Wiedo** | **JUDGMENT IN A CRIMINAL CASE**<br>(For Offenses Committed On or After November 1, 1987)<br>**Case Number: 3:23-MJ-204-CHL**<br>Counsel for Defendant: **Brian Butler, Retained**<br>Counsel for the United States: **Amanda E. Gregory, Asst. U.S. Atty.**<br>Court Reporter: **Rebecca Boyd** |

**THE DEFENDANT:**

☒ **Pursuant to a Rule 11(c)(1)(C) plea agreement**

☒ **Pleaded guilty to Count One of Information on May 10, 2023.**

☐ Pleaded nolo contendere to count(s)
which was accepted by the court.

☐ Was found guilty on count(s)
after a plea of not guilty

**ACCORDINGLY**, the Court has adjudicated that the defendant is guilty of the following offense(s):

| Title / Section and Nature of Offense | Date Offense Concluded | Count |
|---|---|---|

**FOR CONVICTION OFFENSE(S) DETAIL - SEE COUNTS OF CONVICTION ON PAGE 2**

The defendant is sentenced as provided in pages  _2_  through  _7_  of this Judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s)                                      (Is) (are) dismissed on the motion of the United States.

**IT IS ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the Court and the United States Attorney of any material change in the defendant's economic circumstances.

 8/24/2023
Date of Imposition of Judgment

Colin H Lindsay, Magistrate Judge

United States District Court

August 29, 2023

Judgment-Page  2  of  7

DEFENDANT: **Wiedo, Richard R.**
CASE NUMBER: **3:23-MJ-204-CHL**

# COUNTS OF CONVICTION

| Title / Section and Nature of Offense | Date Offense Concluded | Count |
|---|---|---|
| 18:242: Deprivation of Rights Under Color of Law | 5/30/2020 | 1 |

DEFENDANT: **Wiedo, Richard R.**
CASE NUMBER: **3:23-MJ-204-CHL**

# PROBATION

You are hereby sentenced to probation for a term of:  **12 months**

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   ☒ **The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse.**
4. ☐ You must cooperate in the collection of DNA as directed by the probation officer.
5. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.)as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense.
6. ☐ You must participate in an approved program for domestic violence.
7. ☐ You must make restitution in accordance with 18 U.S.C. §§ 2248, 2259, 2264, 2327, 3663, 3663A, and 3664.
8. You must pay the assessment imposed in accordance with 18 U.S.C. § 3013.
9. If this judgment imposes a fine, you must pay in accordance with the Schedule of Payments sheet of this judgment.
10. You must notify the court of any material change in your economic circumstances that might affect your ability to pay restitution, fines, or special assessments.

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

Case 3:23-cv-00229-JHR-SE Document 21-36 Filed 08/00/21 2/25 Page Page 40 of 174 Page ID #: 955

DEFENDANT: **Wiedo, Richard R.**
CASE NUMBER: **3:23-MJ-204-1-CHL**

# STANDARD CONDITIONS OF SUPERVISION

As part of your probation, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of the time you were sentenced, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

DEFENDANT: **Wiedo, Richard R.**
CASE NUMBER: **3:23-MJ-204-CHL**

# ADDITIONAL PROBATION TERMS

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions,* available at: <u>www.uscourts.gov.</u>

Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision, (2) extend the term of supervision and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

_____     _____
Defendant                                                    Date


_____     _____
U.S. Probation Officer/Designated Witness        Date

DEFENDANT: **Wiedo, Richard R.**
CASE NUMBER: **3:23-MJ-204-CHL**

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **Totals:** | $ 25.00 |  |  |

☐ The fine and the costs of investigation, prosecution, incarceration and supervision are waived due to the defendant's inability to pay.

☐ The determination of restitution is deferred until _____ .  An Amended Judgment in a Criminal Case (AO 245C) will be entered after such determination.

☒ **Restitution is not an issue in this case.**

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

Criminal debt may be paid by check or money order or may be paid online at www.kywd.uscourts.gov (See Online Payments for Criminal Debt).  <span style="color:red">Your mail-in or online payment must include your case number in the exact format of DKYW323MJ000204-001 to ensure proper application to your criminal monetary penalty.</span>  If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid in full prior to the United States receiving payment.

| **Name of Payee** | **\*\* Total Amount of Loss** | **Amount of Restitution Ordered** | **Priority Order Or Percentage Of Payment** |
|---|---|---|---|
|  |  |  |  |

☐ If applicable, restitution amount ordered pursuant to plea agreement. . . . .  $ _____

☐ The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. 3612(f). All of the payment options on Sheet 5, Part B may be Subject to penalties for default and delinquency pursuant to 18 U.S.C. 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ The interest requirement is waived for the   ☐ Fine and/or   ☐ Restitution

☐ The interest requirement for the   ☐ Fine and/or   ☐ Restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT: **Wiedo, Richard R.**
CASE NUMBER: **3:23-MJ-204-CHL**

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A ☒ **Lump sum payment of $25.00 due immediately.**

☐ not later than                          , or

☐ in accordance with C, D, or E below); or

B ☐ Payment to begin immediately (may be combined with C, D, or E below); or

C ☐ Payment in       (E.g. equal, weekly, monthly, quarterly) installments of $
Over a period of       (E.g. months or years) year(s) to commence      (E.g., 30 or 60 days)
after              The date of this judgment, or

D ☐ Payment in       (E.g. equal, weekly, monthly, quarterly) installments of $
Over a period of       (E.g. months or years) year(s) to commence      (E.g., 30 or 60 days)
after              Release from imprisonment to a term of supervision; or

E ☐ Special instructions regarding the payment of criminal monetary penalties:

Any balance of criminal monetary penalties owed upon incarceration shall be paid in quarterly installments of at least $25 based on earnings from an institution job and/or community resources (other than Federal Prison Industries), or quarterly installments of at least $60 based on earnings from a job in Federal Prison Industries and/or community resources, during the period of incarceration to commence upon arrival at the designated facility.

Upon commencement of the term of supervised release, the probation officer shall review your financial circumstances and recommend a payment schedule on any outstanding balance for approval by the court. Within the first 60 days of release, the probation officer shall submit a recommendation to the court for a payment schedule, for which the court shall retain final approval.

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons Inmate Financial Responsibility Program, are to be made to the United States District Court, Gene Snyder Courthouse, 601 West Broadway, Suite 106, Louisville, KY 40202, unless otherwise directed by the Court, the Probation Officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers *including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

# KATIE R. CREWS

# United States District Court

## Western District of Kentucky

LOUISVILLE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>**V.**<br>## Katie R. Crews | **JUDGMENT IN A CRIMINAL CASE**<br>(For offenses committed on or after November 1, 1987)<br>**Case Number: 3:22-CR-20-1-BJB**<br>**US Marshal No: 92089-509**<br>Counsel for Defendant: **Steven C. Schroering**<br>Counsel for the United States: **Amanda E. Gregory, Asst. U.S. Atty.**<br>Court Reporter: **Becky Boyd** |

### THE DEFENDANT:

☒ **Pursuant to a Rule 11(c)(1)(A) and (C)) plea agreement**

☒ **Pleaded guilty on October 11, 2022 to Count 1 of the Information knowingly, willingly and voluntarily.**

☐ Pleaded nolo contendere to count(s)
which was accepted by the court.

☐ Was found guilty on count(s)
after a plea of not guilty

**ACCORDINGLY**, the Court has adjudicated that the defendant is guilty of the following offense(s):

| Title / Section and Nature of Offense | Date Offense Concluded | Count |
|---|---|---|

### FOR CONVICTION OFFENSE(S) DETAIL - SEE COUNTS OF CONVICTION ON PAGE 2

The defendant is sentenced as provided in pages _2_ through _6_ of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☒ **The Indictment is dismissed on the motion of the United States.**

**IT IS ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the Court and the United States Attorney of any material change in the defendant's economic circumstances.

_1/30/2023_
Date of Imposition of Judgment

Benjamin Beaton, District Judge
United States District Court

February 3, 2023

Judgment-Page  2  of  6

DEFENDANT: **Crews, Katie R.**
CASE NUMBER: **3:22-CR-20-1-BJB**

# COUNTS OF CONVICTION

| Title / Section and Nature of Offense | Date Offense Concluded | Count |
|---|---|---|
| 18:242 DEPRIVATION OF RIGHTS UNDER COLOR OF LAW | 6/1/2020 | 1s |

USDC KYWD 245B (Rev. 02/16) Judgment in a Criminal Case Sheet 4 - Probation

DEFENDANT: **Crews, Katie R.**
CASE NUMBER: **3:22-CR-20-1-BJB**

# PROBATION

You are hereby sentenced to probation for a term of: **2 years.**

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   ☒ **The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse.**
4. ☒ **You must cooperate in the collection of DNA as directed by the probation officer.**
5. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.)as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense.
6. ☐ You must participate in an approved program for domestic violence.
7. ☐ You must make restitution in accordance with 18 U.S.C. §§ 2248, 2259, 2264, 2327, 3663, 3663A, and 3664.
8. You must pay the assessment imposed in accordance with 18 U.S.C. § 3013.
9. If this judgment imposes a fine, you must pay in accordance with the Schedule of Payments sheet of this judgment.
10. You must notify the court of any material change in your economic circumstances that might affect your ability to pay restitution, fines, or special assessments.

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

USDC KYWD 245B (Rev. 02/16) Judgment in a Criminal Case Sheet 4A - Probation

DEFENDANT: **Crews, Katie R.**
CASE NUMBER: **3:22-CR-20-1-BJB**

# STANDARD CONDITIONS OF SUPERVISION

As part of your probation, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of the time you were sentenced, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not knowingly own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

# SPECIAL CONDITIONS OF SUPERVISION

14. The defendant must complete 200 hours of approved community service and provide verification of such to the United States Probation Office.

Judgment-Page _5_ of _6_

**DEFENDANT: Crews, Katie R.**
**CASE NUMBER: 3:22-CR-20-1-BJB**

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **Totals:** | $ 25.00 | $ 5,000.00 | |

☐ The fine and the costs of investigation, prosecution, incarceration and supervision are waived due to the defendant's inability to pay.

☐ The determination of restitution is deferred until _____ . An Amended Judgment in a Criminal Case (AO 245C) will be entered after such determination.

☒ **Restitution is not an issue in this case.**

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

Criminal debt may be paid by check or money order or may be paid online at www.kywd.uscourts.gov (See Online Payments for Criminal Debt).  Your mail-in or online payment must include your case number in the exact format of DKYW322CR000020-001 to ensure proper application to your criminal monetary penalty.  If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | ** Total Amount of Loss | Amount of Restitution Ordered | Priority Order Or Percentage Of Payment |
|---|---|---|---|
|  |  |  |  |

☐ If applicable, restitution amount ordered pursuant to plea agreement. . . . . $

☐ The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. 3612(f). All of the payment options on Sheet 5, Part B may be Subject to penalties for default and delinquency pursuant to 18 U.S.C. 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☒ **The interest requirement is waived for the**   ☒ **Fine and/or**   ☐ **Restitution**

☐ The interest requirement for the   ☐ Fine and/or   ☐ Restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

Judgment-Page __6__ of __6__

DEFENDANT: **Crews, Katie R.**
CASE NUMBER: **3:22-CR-20-1-BJB**

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A    ☒    **Lump sum payment of the $25 special assessment due immediately. As agreed by the parties, the Defendant will pay the $5,000 fine within 90 days from the date of sentencing (that is, by May 1, 2023).**

     ☐    not later than _____, or

     ☐    in accordance with C, D, or E below); or

B    ☐    Payment to begin immediately (may be combined with C, D, or E below); or

C    ☐    Payment in    (E.g. equal, weekly, monthly, quarterly) installments of $
         Over a period of    (E.g. months or years) year(s) to commence    (E.g., 30 or 60 days)
         after          The date of this judgment, or

D    ☐    Payment in    (E.g. equal, weekly, monthly, quarterly) installments of $
         Over a period of    (E.g. months or years) year(s) to commence    (E.g., 30 or 60 days)
         after          Release from imprisonment to a term of supervision; or

E    ☐    Special instructions regarding the payment of criminal monetary penalties:

     Any balance of criminal monetary penalties owed upon incarceration shall be paid in quarterly installments of at least $25 based on earnings from an institution job and/or community resources (other than Federal Prison Industries), or quarterly installments of at least $60 based on earnings from a job in Federal Prison Industries and/or community resources, during the period of incarceration to commence upon arrival at the designated facility.

     Upon commencement of the term of supervised release, the probation officer shall review your financial circumstances and recommend a payment schedule on any outstanding balance for approval by the court. Within the first 60 days of release, the probation officer shall submit a recommendation to the court for a payment schedule, for which the court shall retain final approval.

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons Inmate Financial Responsibility Program, are to be made to the United States District Court, Gene Snyder Courthouse, 601 West Broadway, Suite 106, Louisville, KY 40202, unless otherwise directed by the Court, the Probation Officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐    Joint and Several

     Defendant and Co-Defendant Names and Case Numbers *including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐    The defendant shall pay the cost of prosecution.

☐    The defendant shall pay the following court cost(s):

☐    The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

# BRYAN A. WILSON

# United States District Court

## Western District of Kentucky

LOUISVILLE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>**V.**<br>**Bryan Andrew Wilson** | **JUDGMENT IN A CRIMINAL CASE**<br>(For offenses committed on or after November 1, 1987)<br>**Case Number: 3:22-CR-47-1-BJB & 3:22-CR-48-BJB**<br>**US Marshal No: 12338-510**<br>Counsel for Defendant: **Brian Butler, Retained**<br>Counsel for the United States: **Stephanie M. Zimdahl & David Weiser**<br>Court Reporter: **Dena Legg** |

## THE DEFENDANT:

☒ **Pursuant to a Rule 11(c)(1)(B) plea agreement**

☒ **Pleaded guilty on June 21, 2022 to Count 1 of the Information in 3:22-cr-47 and Count 1 of the Information in 3:22-cr-48 knowingly, willingly and voluntarily.**

☐ Pleaded nolo contendere to count(s)
which was accepted by the court.

☐ Was found guilty on count(s)
after a plea of not guilty

**ACCORDINGLY**, the Court has adjudicated that the defendant is guilty of the following offense(s):

| | Date Offense | |
|---|---|---|
| **Title / Section and Nature of Offense** | **Concluded** | **Count** |

### FOR CONVICTION OFFENSE(S) DETAIL - SEE COUNTS OF CONVICTION ON PAGE 2

The defendant is sentenced as provided in pages  2  through  8  of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s)                                          (Is) (are) dismissed on the motion of the United States.

   **IT IS ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the Court and the United States Attorney of any material change in the defendant's economic circumstances.

 10/19/2022 
Date of Imposition of Judgment

Benjamin Beaton, District Judge

United States District Court

December 15, 2022

**Page 52**

USDC KYWD 245B (Rev. 02/16) Judgment in a Criminal Case Sheet 1A

Judgment-Page  2   of  8

DEFENDANT: **Wilson, Bryan Andrew**
CASE NUMBER: **3:22-CR-47-1-BJB & 3:22-CR-48-BJB**

# COUNTS OF CONVICTION

| | Title / Section and Nature of Offense | Date Offense Concluded | Count |
|---|---|---|---|
| 3:22-cr-47: | 18:241 CONSPIRACY AGAINST RIGHTS | 9/2019 | 1 |
| 3:22-cr-48: | 18:2261(A)(2)(B) CONSPIRACY - STALKING | 10/2020 | 1 |

Judgment-Page _3_ of _8_

DEFENDANT: **Wilson, Bryan Andrew**
CASE NUMBER: **3:22-CR-47-1-BJB & 3:22-CR-48-BJB**

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of **3 months imprisonment on Count 1 of the Information in 3:22-cr-47 and 30 months imprisonment on Count 1 of the Information in 3:22-cr-48 to run concurrently for a total of 30 months imprisonment.**

☒ **The Court makes the following recommendations to the Bureau of Prisons: The Court recommends the Defendant is evaluated for a Residential Drug Abuse Program and recommends the Defendant is placed in a facility as close as possible to Louisville, Kentucky.**

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at           A.M. / P.M. on

    ☐ as notified by the United States Marshal.

☒ **By agreement of the parties, the Defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:**

    ☒ **Before 2:00 p.m. on or after January 3, 2023**

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

    ☒ **The defendant shall continue under the terms and conditions of his present bond pending surrender to the institution.**

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ To _____

at _____ , with a certified copy of this judgment.

                                      _____
                                      UNITED STATES MARSHAL

                             By _____
                                    Deputy U.S. Marshal

USDC KYWD 245B (Rev. 02/16) Judgment in a Criminal Case Sheet 3 - Supervised Release

DEFENDANT: **Wilson, Bryan Andrew**
CASE NUMBER: **3:22-CR-47-1-BJB & 3:22-CR-48-BJB**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: **3 years.**

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse.
4. ☒ **You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. (check if applicable)**
5. ☒ **You must cooperate in the collection of DNA as directed by the probation officer.**
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense.
7. ☐ You must participate in an approved program for domestic violence.

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

USDC KYWD 245B (Rev. 02/16) Judgment in a Criminal Case Sheet 3A - Supervised Release

DEFENDANT: **Wilson, Bryan Andrew**
CASE NUMBER: **3:22-CR-47-1-BJB & 3:22-CR-48-BJB**

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not knowingly communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

USDC KYWD 245B (Rev. 02/16) Judgment in a Criminal Case Sheet 3B - Supervised Release

DEFENDANT: **Wilson, Bryan Andrew**
CASE NUMBER: **3:22-CR-47-1-BJB & 3:22-CR-48-BJB**

# SPECIAL CONDITIONS OF SUPERVISION

14. The defendant must complete 120 hours of approved community service and provide verification of such to the United States Probation Office.
15. The defendant shall submit to the USPO conducting an initial computer inspection/search of the defendant's computer system(s), which are subject to examination and monitoring, which may include retrieval and copying of all memory from hardware/software and/or removal of such system(s) for the purpose of conducting a more thorough inspection. An officer may conduct a subsequent search pursuant to this condition only when reasonable suspicion exists that the defendant is in violation of the court's computer monitoring condition, or is in possession of child pornography, as defined in 18 U.S.C. § 2256(8). Any search must be conducted at a reasonable time and in a reasonable manner.
16. The defendant will consent to having installed on computer(s) which are subject to examination and monitoring at the defendant's expense, any hardware/software to monitor the defendant's computer use or prevent access to particular materials. The defendant hereby consents to periodic inspection of any such installed hardware/software to ensure it is functioning properly. The defendant shall warn any other third parties who use these computers that the computers may be subject to searches pursuant to this condition.
17. The defendant shall participate in and abide by the rules of the Computer Restriction & Monitoring Program.
18. The defendant shall cease any use or activity on any computer subject to examination and monitoring until the computer can be processed by the Special Offender Specialist or designee, to comply with the monitoring ordered by the Court.
19. Unless required for employment, the defendant is prohibited from using any computer other than the one monitored by the U.S. Probation Office.
20. The defendant shall provide the USPO with accurate information about the defendant's entire computer system (hardware/software), all passwords used by the defendant, and the defendant's Internet Service Provider(s).
21. The defendant shall not view, purchase, possess or distribute any form of pornography depicting sexually explicit conduct defined in 18 U.S.C. § 2256(2), or frequent any place where such material is the primary product for sale or entertainment is available.
22. The defendant shall participate in an evaluation to determine if sex offense specific treatment is needed, and if so, the defendant shall participate in a sex offender counseling program approved by the U.S. Probation Office and shall abide by the policies of the program. The defendant shall contribute to the Probation Office's cost of services rendered based upon his/her ability to pay as reflected in his/her monthly cash flow as it relates to the court-approved sliding fee scale.
23. The defendant shall have no contact with the victims, including correspondence, telephone contact to include text messaging, or communication through third party, except under circumstances approved in advance and in writing by the probation officer and/or in consultation with the treatment provider.
24. The defendant shall submit his or her person, property, house, residence, vehicle, papers, computers [as defined in 18 U.S.C. § 1030(e)(1)], other electronic communications or data storage devices or media, or office to a search conducted by the United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of their release and that the areas to be searched may contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions,* available at: www.uscourts.gov.


Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision, (2) extend the term of supervision and/or (3) modify the conditions of supervision.


These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.


_____          _____
Defendant                                                             Date


_____          _____
U.S. Probation Officer/Designated Witness              Date

Judgment-Page __7__ of __8__

DEFENDANT: **Wilson, Bryan Andrew**
CASE NUMBER: **3:22-CR-47-1-BJB & 3:22-CR-48-BJB**

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **Totals:** | **$ 200.00** | | **$9,079.88** |

☐ The fine and the costs of investigation, prosecution, incarceration and supervision are waived due to the defendant's inability to pay.

☐ The determination of restitution is deferred until            .  An Amended Judgment in a Criminal Case (AO 245C) will be entered after such determination.

☐ Restitution is not an issue in this case.

☒ **The defendant shall make restitution (including community restitution) in accordance with the Agreed Order of Restitution.**

Criminal debt may be paid by check or money order or may be paid online at www.kywd.uscourts.gov (See Online Payments for Criminal Debt.  Your mail-in or online payment must include your case number in the exact format of DKYW322CR000047-002 to ensure proper application to your criminal monetary penalty.  If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid in full prior to the United States receiving payment.

| **Name of Payee** | ** Total<br>Amount of Loss** | Amount of<br>**Restitution Ordered** | Priority Order<br>Or Percentage<br>Of Payment |
|---|---|---|---|
| **See Agreed Order of Restitution** | | $9,079.88 | |

☐ If applicable, restitution amount ordered pursuant to plea agreement. . . . .  $

☐ The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. 3612(f). All of the payment options on Sheet 5, Part B may be Subject to penalties for default and delinquency pursuant to 18 U.S.C. 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☒ **The interest requirement is waived for the**    ☐ **Fine and/or**   ☒ **Restitution**

☐ The interest requirement for the   ☐ Fine and/or   ☐ Restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

**Page 58**

Judgment-Page  8  of  8

DEFENDANT: **Wilson, Bryan Andrew**
CASE NUMBER: **3:22-CR-47-1-BJB & 3:22-CR-48-BJB**

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A  ☒  **Lump sum payment of the $200 special assessment amount due immediately, and the restitution due in accordance with the Agreed Order of Restitution.**

    ☐  not later than _____, or

    ☐  in accordance with E, below:

B  ☐  Payment to begin immediately (may be combined with C, D, or E below); or

C  ☐  Payment in ____ (E.g. equal, weekly, monthly, quarterly) installments of $ ____
    Over a period of ____ (E.g. months or years) year(s) to commence ____ (E.g., 30 or 60 days)
    after ____ The date of this judgment;

D  ☐  Payment in ____ (E.g. equal, weekly, monthly, quarterly) installments of $ ____
    Over a period of ____ (E.g. months or years) year(s) to commence ____ (E.g., 30 or 60 days)
    after ____ Release from imprisonment to a term of supervision; or

E  ☒  **Special instructions regarding the payment of criminal monetary penalties:**

    **Any balance of criminal monetary penalties owed upon incarceration shall be paid in quarterly installments of at least $25 based on earnings from an institution job and/or community resources (other than Federal Prison Industries), or quarterly installments of at least $60 based on earnings from a job in Federal Prison Industries and/or community resources, during the period of incarceration to commence upon arrival at the designated facility.**

    **Upon commencement of the term of supervised release, the probation officer shall review your financial circumstances and recommend a payment schedule on any outstanding balance for approval by the court. Within the first 60 days of release, the probation officer shall submit a recommendation to the court for a payment schedule, for which the court shall retain final approval.**

**Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons Inmate Financial Responsibility Program, are to be made to the United States District Court, Gene Snyder Courthouse, 601 West Broadway, Suite 106, Louisville, KY 40202, unless otherwise directed by the Court, the Probation Officer, or the United States Attorney.**

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

    Defendant and Co-Defendant Names and Case Numbers *including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

**Page 59**

# CURT FLYNN

USDC KYWD 245B (Rev. 02/16) Judgment in a Criminal Case Sheet 1

# United States District Court
## Western District of Kentucky
LOUISVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>**Curt Flynn** | **JUDGMENT IN A CRIMINAL CASE**<br>(For offenses committed on or after November 1, 1987)<br>**Case Number: 3:22-CR-47-2-BJB**<br>**US Marshal No: 21370-510**<br>Counsel for Defendant: **Lyndol S. Miller, Retained**<br>Counsel for the United States: **Stephanie M. Zimdahl**<br>Court Reporter: **Dena Legg** |

## THE DEFENDANT:

☒ **Pursuant to a Rule 11(c)(1)(B) plea agreement**

☒ **Pleaded guilty on June 21, 2022 to Count 1 of the Information knowingly, willingly and voluntarily.**

☐ Pleaded nolo contendere to count(s)
which was accepted by the court.

☐ Was found guilty on count(s)
after a plea of not guilty

**ACCORDINGLY**, the Court has adjudicated that the defendant is guilty of the following offense(s):

| Title / Section and Nature of Offense | Date Offense Concluded | Count |
|---|---|---|
| **FOR CONVICTION OFFENSE(S) DETAIL - SEE COUNTS OF CONVICTION ON PAGE 2** | | |

The defendant is sentenced as provided in pages  2  through  7 –of this Judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s)                              (Is) (are) dismissed on the motion of the United States.

**IT IS ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the Court and the United States Attorney of any material change in the defendant's economic circumstances.

 10/19/2022
Date of Imposition of Judgment

Benjamin Beaton, District Judge

United States District Court

October 31, 2022

**Page 61**

USDC KYWD 245B (Rev. 02/16) Judgment in a Criminal Case Sheet 1A

DEFENDANT: **Flynn, Curt**
CASE NUMBER: **3:22-CR-47-2-BJB**

# COUNTS OF CONVICTION

| Title / Section and Nature of Offense | Date Offense Concluded | Count |
|---|---|---|
| 18:241 CONSPIRACY AGAINST RIGHTS | 9/2019 | 1 |

USDC KYWD 245B (Rev. 02/16) Judgment in a Criminal Case Sheet 2 - Imprisonment

DEFENDANT: **Flynn, Curt**
CASE NUMBER: **3:22-CR-47-2-BJB**

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of **3 months.**

☐   The Court makes the following recommendations to the Bureau of Prisons:

☐   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

☐   at                     A.M. / P.M. on

☐   as notified by the United States Marshal.

☒   **The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:**

☐   Before 2:00 p.m. on

☐   as notified by the United States Marshal.

☒   **as notified by the Probation or Pretrial Services Office.**

☒   **The defendant shall continue under the terms and conditions of his/her present bond pending surrender to the institution.**

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ To _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

**Page 63**

USDC KYWD 245B (Rev. 02/16) Judgment in a Criminal Case Sheet 3 - Supervised Release

DEFENDANT: **Flynn, Curt**
CASE NUMBER: **3:22-CR-47-2-BJB**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: **3 years.**

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

    ☒ **The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse.**

4. ☐  You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. (check if applicable)

5. ☒  **You must cooperate in the collection of DNA as directed by the probation officer.**

6. ☐  You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense.

7. ☐  You must participate in an approved program for domestic violence.


You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

USDC KYWD 245B (Rev. 02/16) Judgment in a Criminal Case Sheet 3A - Supervised Release

DEFENDANT: **Flynn, Curt**
CASE NUMBER: **3:22-CR-47-2-BJB**

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not knowingly communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

# SPECIAL CONDITIONS OF SUPERVISION

14. The defendant must complete 120 hours of approved community service and provide verification of such to the United States Probation Office.

Judgment-Page  6  of  7

**DEFENDANT: Flynn, Curt**
**CASE NUMBER: 3:22-CR-47-2-BJB**

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **Totals:** | $ 100.00 | | |

☐ The fine and the costs of investigation, prosecution, incarceration and supervision are waived due to the defendant's inability to pay.

☐ The determination of restitution is deferred until            .  An Amended Judgment in a Criminal Case (AO 245C) will be entered after such determination.

☒ **Restitution is not an issue in this case.**

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

Criminal debt may be paid by check or money order or may be paid online at www.kywd.uscourts.gov (See Online Payments for Criminal Debt).  Your mail-in or online payment must include your case number in the exact format of DKYW322CR000047-002 to ensure proper application to your criminal monetary penalty.  If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid in full prior to the United States receiving payment.

| **Name of Payee** | **** Total Amount of Loss** | **Amount of Restitution Ordered** | **Priority Order Or Percentage Of Payment** |
|---|---|---|---|

☐ If applicable, restitution amount ordered pursuant to plea agreement. . . . .  $

☐ The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. 3612(f). All of the payment options on Sheet 5, Part B may be Subject to penalties for default and delinquency pursuant to 18 U.S.C. 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ The interest requirement is waived for the       ☐ Fine and/or    ☐ Restitution

☐ The interest requirement for the       ☐ Fine and/or    ☐ Restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

USDC KYWD 245B (Rev. 02/16) Judgment in a Criminal Case Sheet 6 - Schedule of Payments

DEFENDANT: **Flynn, Curt**
CASE NUMBER: **3:22-CR-47-2-BJB**

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A** ☒ **Lump sum payment of $100 due immediately, balance due**

     ☒ not later than      1/1/2023     , or

     ☐ in accordance with E, below.

**B** ☐ Payment to begin immediately (may be combined with C, D, or E below); or

**C** ☐ Payment in    (E.g. equal, weekly, monthly, quarterly) installments of $
     Over a period of    (E.g. months or years) year(s) to commence    (E.g., 30 or 60 days)
     after      The date of this judgment, or

**D** ☐ Payment in    (E.g. equal, weekly, monthly, quarterly) installments of $
     Over a period of    (E.g. months or years) year(s) to commence    (E.g., 30 or 60 days)
     after      Release from imprisonment to a term of supervision; or

**E** ☐ Special instructions regarding the payment of criminal monetary penalties:

     Any balance of criminal monetary penalties owed upon incarceration shall be paid in quarterly installments of at least $25 based on earnings from an institution job and/or community resources (other than Federal Prison Industries), or quarterly installments of at least $60 based on earnings from a job in Federal Prison Industries and/or community resources, during the period of incarceration to commence upon arrival at the designated facility.

     Upon commencement of the term of supervised release, the probation officer shall review your financial circumstances and recommend a payment schedule on any outstanding balance for approval by the court. Within the first 60 days of release, the probation officer shall submit a recommendation to the court for a payment schedule, for which the court shall retain final approval.

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons Inmate Financial Responsibility Program, are to be made to the United States District Court, Gene Snyder Courthouse, 601 West Broadway, Suite 106, Louisville, KY 40202, unless otherwise directed by the Court, the Probation Officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

     Defendant and Co-Defendant Names and Case Numbers *including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

# KELLY GOODLETT

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                    Plaintiff

v.                                    Criminal Action No. 3:22CR-86-RGJ

KELLY GOODLETT                                              Defendant

\* \* \* \* \*

## ORDER FOLLOWING ARRAIGNMENT & ENTRY OF GUILTY PLEA

This matter came before the Court on August 23, 2022, for a change-of-plea hearing. There appeared Michael Songer, Anna Mary Gotfryd, Zachary Dembo, Assistant United States Attorneys', and Defendant, Kelly Goodlett, with retained counsel, Brandon W. Marshall.  The Court's official reporter was April Dowell.

Defendant waived her right to be charged by an indictment of a grand jury and consented to being charged by Information of the United States Attorney. A waiver of indictment was signed by the defendant and filed in the record.

As to the matter of arraignment, Defendant, by counsel, acknowledged her identity. She further acknowledged having been furnished a copy of the Information and advised of the nature of the charge contained therein. Counsel, on behalf of Defendant, waived formal reading of the Superseding Information and advised the Court of her desire enter a plea of guilty as to Count 1 of the Information on this date, pursuant to a Federal Rule of Criminal Procedure 11 (c)(1)(A) plea agreement.

The Court having found the Defendant competent to enter the plea; having found the plea to be knowing, voluntary, and with the advice of counsel; having advised the Defendant of her

1

constitutional rights, and the Defendant having advised the Court she understood and waived those rights; and having established a factual basis for the plea,

**IT IS HEREBY ORDERED** as follows:

(1)     The Court accepts the Defendant's plea of guilty as to Count 1 of the Information pursuant to a Rule 11(c)(1)(A) plea agreement executed by all parties to this action.

(2)     The plea supplement shall be filed under seal.

(3)     The plea agreement and sealed supplement shall be entered into the record.

(4)     All other trial and pre-trial dates are **REMANDED** from the Court's docket.

In order to proceed under the Sentencing Reform Act of 1984 (Pub. L. 98-473, Title II, c. 2, Sections 211-239), 18 U.S.C. Sections 3551-3559, **IT IS HEREBY FURTHER ORDERED** as follows:

(1)     **Sentencing proceedings** are set in this case for **November 22, 2022 at 1:00 p.m.** before the Honorable Rebecca Grady Jennings, United States District Judge, in the Gene Snyder U.S. Courthouse, Louisville, Kentucky.

(2)     The Defendant and defense counsel shall meet with the probation officer for an interview promptly, and in no event later than ten (10) days from the date of this Order.  It shall be the responsibility of defense counsel to contact the probation officer to ascertain the time and place of the interview, unless defense counsel's attendance is waived.

(3)     Not less than thirty-five (35) days prior to the date set for sentencing, the Probation Officer shall provide a copy of the Presentence Investigation Report to the Defendant and to counsel for both the Defendant and the United States.  Within fourteen (14) days thereafter, counsel shall contact the Probation Office and opposing counsel to notify the parties

as to whether or not there are any objections to any material information, sentencing classifications, sentencing guideline ranges, and policy statements contained in or omitted from the Report.  Any objections shall be in writing.  **Notice to the Probation Office and opposing counsel must be given even if no objection exists.**

(4)     After receiving counsel's notice of whether there are (or are not) objections, the Probation Officer shall conduct any further investigation and make any revisions to the Presentence Investigation Report that may be necessary.  The Probation Officer may require counsel for both parties to meet with the officer to discuss unresolved factual and legal issues.

(5)     Not less than ten (10) days prior to the date of the sentencing hearing, the Probation Officer shall submit the Presentence Investigation Report to the sentencing Judge.  The Report shall be accompanied by the written objections of counsel and an addendum setting forth any objections counsel may have made that have not been resolved, together with the officer's comments thereon.  The Probation Officer shall provide a copy of any addendum to the Presentence Investigation Report, including any revisions thereof, to the Defendant, counsel for the Defendant, and the United States.

(6)     Not less than twenty (20) days prior to the sentencing hearing, the parties shall communicate with each other to discuss the scope of the sentencing hearing and make certain disclosures.  Each party shall disclose to the other if it intends to argue for a non-guideline sentence.  The parties shall disclose whether they intend to call witnesses at the hearing and, if so, the nature of the testimony shall be revealed.  The parties shall disclose the identity of any expert witness and exchange a written summary of the witness's opinions, the bases and reasons for the opinions, and the witness's qualifications.

3

(7)     For any sentencing in which testimony is expected, the parties shall estimate the length of time required for the sentencing hearing and communicate same to Andrea Morgan, Case Manager for Judge Jennings, not less than ten (10) days prior to the sentencing hearing.

(8)     Not less than ten (10) days prior to the sentencing hearing, the parties **shall** file a Sentencing Memorandum in support of their respective positions on the appropriate sentence for the defendant, including but not limited to any objections to the calculation of the advisory sentencing guidelines in the Presentence Investigation Report. Furthermore, in the event a non-guideline sentence is advocated, the Sentencing Memorandum shall address any departures or variances requested as well as the factors of 18 U.S.C. § 3553(a).

(9)     Except with regard to any objection made under Paragraph 8 that has not been resolved, the Presentence Investigation Report may be accepted by the Court as accurate.  The Court, for good cause shown, may allow new objections to be raised at any time before the imposition of sentence.  In resolving disputed issues of fact, the Court may consider any reliable information presented by the Probation Officer, the Defendant, or the United States.

(10)     The time set forth in this Order may be modified by the Court for good cause shown, except that the ten (10) day period provided for disclosure of the Presentence Investigation Report pursuant to 18 U.S.C. § 3552(d) may be diminished only with the consent of the Defendant.

(11)     Nothing in this Order requires the disclosure of any portions of the Presentence Investigation Report that are not disclosable under Criminal Rule 32.

(12)     The Presentence Investigation Report shall be deemed to have been disclosed:

     (a)   When the Report is physically delivered to counsel;

     (b)   One day after the Report's availability is orally communicated to counsel; or

        (c)   Three (3) days after notice of its availability is mailed to counsel, or the date of availability reflected in the notice, whichever is later.

(13)    It shall be the responsibility of counsel for the Defendant to disclose the Report to the Defendant.

(14)    The general conditions of probation as set forth in Probation Form 7A shall apply to the Defendant if placed on probation or supervised release, and all persons placed on probation or supervised release shall submit to photographs by the Probation Officer as a condition of probation or supervised release.

(15)    The Court having made a finding that the defendant is not a flight risk or a danger to the community, the defendant may remain on the same bond conditions until the date of sentencing, with the added condition of:

        (s)   report as soon as possible, to the pretrial services or supervising officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops.

Copies to:    Counsel of record
                Probation Office

Court Time:  00/50
Court Reporter: April Dowell

Rebecca Grady Jennings, District Judge
United States District Court

August 24, 2022

# CORY P. EVANS

# United States District Court

## Western District of Kentucky

LOUISVILLE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **JUDGMENT IN A CRIMINAL CASE** |
| **V.** | (For Offenses Committed On or After November 1, 1987) |
| **Cory P. Evans** | **Case Number: 3:21-CR-63-1-RGJ** |
| | **US Marshal No: 85644-509** |
| | Counsel for Defendant: **Brian  Butler, Retained** |
| | Counsel for the United States: **Amanda E. Gregory** |
| | Court Reporter: **April Dowell** |

## THE DEFENDANT:

☒     **Pursuant to a Rule 11(c)(1)(C) plea agreement**

☒     **Pleaded guilty to count 1 of the Information on August 4, 2021 , knowingly, willingly and voluntarily.**

☐     Pleaded nolo contendere to count(s)
      which was accepted by the court.

☐     Was found guilty on count(s)
      after a plea of not guilty

**ACCORDINGLY**, the Court has adjudicated that the defendant is guilty of the following offense(s):

| Title / Section and Nature of Offense | Date Offense Concluded | Count |
|---|---|---|

### FOR CONVICTION OFFENSE(S) DETAIL - SEE COUNTS OF CONVICTION ON PAGE 2

     The defendant is sentenced as provided in pages _2_ through _8_ of this Judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐     The defendant has been found not guilty on count(s)

☐     Count(s)                              (Is) (are) dismissed on the motion of the United States.

     **IT IS ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the Court and the United States Attorney of any material change in the defendant's economic circumstances.

   2/1/2022
Date of Imposition of Judgment

Rebecca Grady Jennings, District Judge

United States District Court

**Page 75**

DEFENDANT: **Evans , Cory P.**
CASE NUMBER: **3:21-CR-63-1-RGJ**

# COUNTS OF CONVICTION

| Title / Section and Nature of Offense | Date Offense Concluded | Count |
|---|---|---|
| 18:242 DEPRIVATION OF RIGHTS UNDER COLOR OF LAW | 5/31/2020 | 1 |

Judgment-Page _3_ of _8_

DEFENDANT: **Evans , Cory P.**
CASE NUMBER: **3:21-CR-63-1-RGJ**

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of __24 MONTHS__ **as to Count 1 of the Information.**

☒ **The Court makes the following recommendations to the Bureau of Prisons: 1)- Be assigned to a facility as close to Louisville, Kentucky as possible. 2)- Be evaluated for mental health treatment and to participate in Veteran Group Counseling, if available.**

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at          A.M. / P.M. on

    ☐ as notified by the United States Marshal.

☒ **The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:**

    ☐ Before 2:00 p.m. on

    ☐ as notified by the United States Marshal.

    ☒ **as notified by the Probation or Pretrial Services Office.**

    ☐ The defendant shall continue under the terms and conditions of his/her present bond pending surrender to the institution.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

    Defendant delivered on _____ To _____

at _____ , with a certified copy of this judgment.

                                       _____
                                       UNITED STATES MARSHAL

                          By _____
                                       Deputy U.S. Marshal

DEFENDANT: **Evans , Cory P.**
CASE NUMBER: **3:21-CR-63-1-RGJ**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:   **2 YEARS** **as to Count 1 of the Information.**

## MANDATORY CONDITIONS

1.   You must not commit another federal, state or local crime.
2.   You must not unlawfully possess a controlled substance.
3.   You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
    ☒ **The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse.**
4.   ☒ **You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. (check if applicable)**
5.   ☒ **You must cooperate in the collection of DNA as directed by the probation officer.**
6.   ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense.
7.   ☐ You must participate in an approved program for domestic violence.

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT: **Evans , Cory P.**
CASE NUMBER: **3:21-CR-63-1-RGJ**

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.  You must answer truthfully the questions asked by your probation officer.
5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.  You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

DEFENDANT: **Evans , Cory P.**
CASE NUMBER: **3:21-CR-63-1-RGJ**

# SPECIAL CONDITIONS OF SUPERVISION

14. The defendant shall participate in a community-based mental health treatment program approved by the U.S. Probation Office. The defendant shall contribute to the Probation Office's cost of services rendered based upon his/her ability to pay as reflected in his/her monthly cash flow as it relates to the court-approved sliding fee scale.

15. The defendant shall have no contact with the victim, including correspondence, telephone contact to include text messaging, or communication through third party, except under circumstances approved in advance and in writing by the probation officer in consultation with the treatment provider

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions,* available at: <u>www.uscourts.gov.</u>

Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision, (2) extend the term of supervision and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

_____
Defendant

_____
Date

_____
U.S. Probation Officer/Designated Witness

_____
Date

USDC KYWD 245B (Rev. 02/16) Judgment in a Criminal Case Sheet 5 - Criminal Cometary Penalties

DEFENDANT: **Evans , Cory P.**
CASE NUMBER: **3:21-CR-63-1-RGJ**

# CRIMINAL MONETARY PENALTIES

    The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **Totals:** | $ 100.00 | | $ 1,962.85 |

☒  **The fine and the costs of investigation, prosecution, incarceration and supervision are waived due to the defendant's inability to pay.**

☐  The determination of restitution is deferred until    .  An Amended Judgment in a Criminal Case (AO 245C) will be entered after such determination.

☐  Restitution is not an issue in this case.

☒  **The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.**

    Criminal debt may be paid by check or money order or may be paid online at www.kywd.uscourts.gov (See Online Payments for Criminal Debt).  If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | ** Total Amount of Loss | Amount of Restitution Ordered | Priority Order Or Percentage Of Payment |
|---|---|---|---|
| M.C. | | $1,962.85 | |
| TOTALS: | 0 | $1,962.85 | |

☒  **If applicable, restitution amount ordered pursuant to plea agreement. . . . .  $1,962.85**

☐  The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. 3612(f). All of the payment options on Sheet 5, Part B may be Subject to penalties for default and delinquency pursuant to 18 U.S.C. 3612(g).

☒  **The court determined that the defendant does not have the ability to pay interest and it is ordered that:**

☒  **The interest requirement is waived for the**    ☐ **Fine and/or**    ☒ **Restitution**

☐  The interest requirement for the    ☐ Fine and/or    ☐ Restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT:  **Evans, Cory P.**
CASE NUMBER:3 :**21-CR-63-RGJ**

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A    ☒    Lump sum payment of $    2,062.85        Due immediately, balance due

       ☐    not later than           , or

       ☒    in accordance with C, D, or E below); or

B    ☐    Payment to begin immediately (may be combined with C, D, or E below); or

C    ☐    Payment in    (E.g. equal, weekly, monthly, quarterly) installments of $
       Over a period of    (E.g. months or years) year(s) to commence    (E.g., 30 or 60 days)
       after        The date of this judgment, or

D    ☐    Payment in    (E.g. equal, weekly, monthly, quarterly) installments of $
       Over a period of    (E.g. months or years) year(s) to commence    (E.g., 30 or 60 days)
       after        Release from imprisonment to a term of supervision; or

E    ☒    **Special instructions regarding the payment of criminal monetary penalties:**

       **Any balance of criminal monetary penalties owed upon incarceration shall be paid in quarterly installments of at least $25 based on earnings from an institution job and/or community resources (other than Federal Prison Industries), or quarterly installments of at least $60 based on earnings from a job in Federal Prison Industries and/or community resources, during the period of incarceration to commence upon arrival at the designated facility.**

       **Upon commencement of the term of supervised release, the probation officer shall review your financial circumstances and recommend a payment schedule on any outstanding balance for approval by the court. Within the first 60 days of release, the probation officer shall submit a recommendation to the court for a payment schedule, for which the court shall retain final approval.**

**Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons Inmate Financial Responsibility Program, are to be made to the United States District Court, Gene Snyder Courthouse, 601 West Broadway, Suite 106, Louisville, KY 40202, unless otherwise directed by the Court, the Probation Officer, or the United States Attorney.**

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐    Joint and Several

       Defendant and Co-Defendant Names and Case Numbers *including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐    The defendant shall pay the cost of prosecution.

☐    The defendant shall pay the following court cost(s):

☐    The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

# BRAD L. SCHUHMANN

# United States District Court

## Western District of Kentucky

LOUISVILLE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>V.<br>**Brad Lee Schuhmann** | **JUDGMENT IN A CRIMINAL CASE**<br>(For Offenses Committed On or After November 1, 1987)<br><br>**Case Number: 3:20-CR-100-1-RGJ**<br>**US Marshal No: Not Assigned**<br>Counsel for Defendant: **Patrick J. Renn, Retained**<br>Counsel for the United States: **Jo E. Lawless**<br>Court Reporter: **April Dowell** |

**THE DEFENDANT:**

☒    **Pursuant to a Rule 11(c)(1)(B) plea agreement**

☒    **Pleaded guilty to count 1 of the Indictment on November 16. 2020, knowingly, willingly and voluntarily.**

☐    Pleaded nolo contendere to count(s)<br>      which was accepted by the court.

☐    Was found guilty on count(s)<br>      after a plea of not guilty

**ACCORDINGLY**, the Court has adjudicated that the defendant is guilty of the following offense(s):

| Title / Section and Nature of Offense | Date Offense Concluded | Count |
|---|---|---|

### FOR CONVICTION OFFENSE(S) DETAIL - SEE COUNTS OF CONVICTION ON PAGE 2

The defendant is sentenced as provided in pages _2_ through _7_ of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐    The defendant has been found not guilty on count(s)

☐    Count(s)                           (Is) (are) dismissed on the motion of the United States.

     **IT IS ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the Court and the United States Attorney of any material change in the defendant's economic circumstances.

 3/10/2021
_____
Date of Imposition of Judgment

Rebecca Grady Jennings, District Judge

United States District Court

USDC KYWD 245B (Rev. 02/16) Judgment in a Criminal Case Sheet 1A

Judgment-Page  2  of  7

DEFENDANT: **Schuhmann , Brad Lee**
CASE NUMBER: **3:20-CR-100-1-RGJ**

## COUNTS OF CONVICTION

| Title / Section and Nature of Offense | Date Offense Concluded | Count |
|---|---|---|
| 18:242 DEPRIVATION OF RIGHTS UNDER COLOR OF LAW | 2010 | 1 |

USDC KYWD 245B (Rev. 02/16) Judgment in a Criminal Case Sheet 4 - Probation

DEFENDANT: **Schuhmann , Brad Lee**
CASE NUMBER: **3:20-CR-100-1-RGJ**

# PROBATION

You are hereby sentenced to probation for a term of:  **2 YEARS**  **as to Count 1 of the Indictment.**

# MANDATORY CONDITIONS

1.  You must not commit another federal, state or local crime.
2.  You must not unlawfully possess a controlled substance.
3.  You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
    ☒  **The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse.**
4.  ☒  **You must cooperate in the collection of DNA as directed by the probation officer.**
5.  ☒  **You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.)as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense.**
6.  ☐  You must participate in an approved program for domestic violence.
7.  ☐  You must make restitution in accordance with 18 U.S.C. §§ 2248, 2259, 2264, 2327, 3663, 3663A, and 3664.
8.  You must pay the assessment imposed in accordance with 18 U.S.C. § 3013.
9.  If this judgment imposes a fine, you must pay in accordance with the Schedule of Payments sheet of this judgment.
10. You must notify the court of any material change in your economic circumstances that might affect your ability to pay restitution, fines, or special assessments.

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

**Page 86**

USDC KYWD 245B (Rev. 02/16) Judgment in a Criminal Case Sheet 4A - Probation

DEFENDANT: **Schuhmann , Brad Lee**
CASE NUMBER: **3:20-CR-100-1-RGJ**

# STANDARD CONDITIONS OF SUPERVISION

As part of your probation, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of the time you were sentenced, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.  You must answer truthfully the questions asked by your probation officer.
5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.  You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

Judgment-Page _5_ of _7_

DEFENDANT: **Schuhmann , Brad Lee**
CASE NUMBER: **3:20-CR-100-1-RGJ**

# ADDITIONAL PROBATION TERMS

14. The defendant shall participate in an evaluation to determine if sex offense specific treatment is needed, and if so, the defendant shall participate in a sex offender counseling program approved by the U.S. Probation Office and shall abide by the policies of the program. The defendant shall contribute to the Probation Office's cost of services rendered based upon his/her ability to pay as reflected in his/her monthly cash flow as it relates to the court-approved sliding fee scale.

15. The defendant shall comply with any sex offender registration laws of any state in which he/she resides, is employed, carries on a vocation, or is a student.

16. The defendant shall have no contact with the victim, including correspondence, telephone contact to include text messaging, or communication through third party, except under circumstances approved in advance and in writing by the probation officer in consultation with the treatment provider.

17. The defendant shall be placed in the location monitoring program for a **period of 180 days**, utilizing technology at the discretion of the probation office and shall abide by all technology requirements. The defendant shall be restricted to his/her residence at all times except for employment, education, religious services, medical, substance abuse, mental health treatment, attorney visits, court appearances, court ordered obligations, or other activities as approved by the probation officer (home detention). The defendant shall follow all program rules. The defendant shall contribute to the Probation Office's cost of services rendered based upon his/her ability to pay as reflected in his/her monthly cash flow as it relates to the court-approved sliding fee scale.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions,* available at: www.uscourts.gov.

Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision, (2) extend the term of supervision and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

_____     _____
Defendant                                                              Date

_____     _____
U.S. Probation Officer/Designated Witness                Date

USDC KYWD 245B (Rev. 02/16) Judgment in a Criminal Case Sheet 5 - Criminal Cometary Penalties

DEFENDANT: **Schuhmann , Brad Lee**
CASE NUMBER: **3:20-CR-100-1-RGJ**

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **Totals:** | $ 25.00 | $ 2,000.00 | |

☒ **The fine and the costs of investigation, prosecution, incarceration and supervision are waived due to the defendant's inability to pay.**

☐ The determination of restitution is deferred until          .  An Amended Judgment in a Criminal Case (AO 245C) will be entered after such determination.

☒ **Restitution is not an issue in this case.**

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

Criminal debt may be paid by cash, check or money order or may be paid online at www.kywd.uscourts.gov (See Online Payments for Criminal Debt).  If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid in full prior to the United States receiving payment.

| **Name of Payee** | **\*\* Total Amount of Loss** | **Amount of Restitution Ordered** | **Priority Order Or Percentage Of Payment** |
|---|---|---|---|
| | | | |

☐ If applicable, restitution amount ordered pursuant to plea agreement. . . . .   $

☐ The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. 3612(f). All of the payment options on Sheet 5, Part B may be Subject to penalties for default and delinquency pursuant to 18 U.S.C. 3612(g).

☒ **The court determined that the defendant does not have the ability to pay interest and it is ordered that:**

☒ **The interest requirement is waived for the**     ☒ **Fine and/or**     ☐ **Restitution**

☐ The interest requirement for the     ☐ Fine and/or     ☐ Restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

USDC KYWD 245B (Rev. 02/16) Judgment in a Criminal Case Sheet 6 - Schedule of Payments

DEFENDANT: **Schuhmann , Brad Lee**
CASE NUMBER: **3:20-CR-100-1-RGJ**

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A ☐ Lump sum payment of $        Due immediately, balance due
      ☐ not later than         , or
      ☐ in accordance with C, D, or E below); or

B ☐ Payment to begin immediately (may be combined with C, D, or E below); or

C ☒ **Payment in monthly installments of at least $100 over a period of 24 months to commence with 60 days after the date of this judgment.**

D ☐ Payment in    (E.g. equal, weekly, monthly, quarterly) installments of $
     Over a period of    (E.g. months or years) year(s) to commence    (E.g., 30 or 60 days)
     after        Release from imprisonment to a term of supervision; or

E ☐ Special instructions regarding the payment of criminal monetary penalties:

     Any balance of criminal monetary penalties owed upon incarceration shall be paid in quarterly installments of at least $25 based on earnings from an institution job and/or community resources (other than Federal Prison Industries), or quarterly installments of at least $60 based on earnings from a job in Federal Prison Industries and/or community resources, during the period of incarceration to commence upon arrival at the designated facility.

     Upon commencement of the term of supervised release, the probation officer shall review your financial circumstances and recommend a payment schedule on any outstanding balance for approval by the court. Within the first 60 days of release, the probation officer shall submit a recommendation to the court for a payment schedule, for which the court shall retain final approval.

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons Inmate Financial Responsibility Program, are to be made to the United States District Court, Gene Snyder Courthouse, 601 West Broadway, Suite 106, Louisville, KY 40202, unless otherwise directed by the Court, the Probation Officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

     Defendant and Co-Defendant Names and Case Numbers *including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

# BRIAN STANFIELD

# United States District Court

## Western District of Kentucky

LOUISVILLE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>**V.**<br>**Brian  Stanfield** | **JUDGMENT IN A CRIMINAL CASE**<br>(For Offenses Committed On or After November 1, 1987)<br>**Case Number: 3:19-CR-195-1-RGJ**<br>**US Marshal No:**<br>Counsel for Defendant: **Steven C. Schroering, Retained**<br>Counsel for the United States: **Stephanie M. Zimdahl & Kaleb J. Noblett-SAUSA**<br>Court Reporter: **April Dowell** |

## THE DEFENDANT:

☒ **Pursuant to a Rule 11(c)(1)(B) plea agreement**

☒ **Pleaded guilty to count 1 of the Information on October 28, 2019, knowingly, willingly and voluntarily.**

☐ Pleaded nolo contendere to count(s)
which was accepted by the court.

☐ Was found guilty on count(s)
after a plea of not guilty

**ACCORDINGLY**, the Court has adjudicated that the defendant is guilty of the following offense(s):

| Title / Section and Nature of Offense | Date Offense Concluded | Count |
|---|---|---|

**FOR CONVICTION OFFENSE(S) DETAIL - SEE COUNTS OF CONVICTION ON PAGE 2**

The defendant is sentenced as provided in pages _2_ through _7_ of this Judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s)                                        (Is) (are) dismissed on the motion of the United States.

**IT IS ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the Court and the United States Attorney of any material change in the defendant's economic circumstances.

_2/6/2020_
Date of Imposition of Judgment

Rebecca Grady Jennings, District Judge
United States District Court

February 12, 2020

Judgment-Page  2  of  7

DEFENDANT: **Stanfield , Brian**
CASE NUMBER: **3:19-CR-195-1-RGJ**

## COUNTS OF CONVICTION

| Title / Section and Nature of Offense | Date Offense Concluded | Count |
|---|---|---|
| 18:1343 and 2: WIRE FRAUD | 8/2017 | 1 |

USDC KYWD 245B (Rev. 02/16) Judgment in a Criminal Case Sheet 4 - Probation

DEFENDANT: **Stanfield , Brian**
CASE NUMBER: **3:19-CR-195-1-RGJ**

# PROBATION

You are hereby sentenced to probation for a term of:   **3 YEARS** **as to Count 1 of the Information.**

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   ☒ **The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse.**
4. ☒ **You must cooperate in the collection of DNA as directed by the probation officer.**
5. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.)as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense.
6. ☐ You must participate in an approved program for domestic violence.
7. ☒ **You must make restitution in accordance with 18 U.S.C. §§ 2248, 2259, 2264, 2327, 3663, 3663A, and 3664.**
8. You must pay the assessment imposed in accordance with 18 U.S.C. § 3013.
9. If this judgment imposes a fine, you must pay in accordance with the Schedule of Payments sheet of this judgment.
10. You must notify the court of any material change in your economic circumstances that might affect your ability to pay restitution, fines, or special assessments.

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

USDC KYWD 245B (Rev. 02/16) Judgment in a Criminal Case Sheet 4A - Probation

DEFENDANT: **Stanfield , Brian**
CASE NUMBER: **3:19-CR-195-1-RGJ**

# STANDARD CONDITIONS OF SUPERVISION

As part of your probation, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of the time you were sentenced, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

USDC KYWD 245B (Rev. 02/16) Judgment in a Criminal Case Sheet 4B - Probation

DEFENDANT: **Stanfield , Brian**
CASE NUMBER: **3:19-CR-195-1-RGJ**

## ADDITIONAL PROBATION TERMS

14.  Should the defendant hold a fiduciary position in his/her employment, he/she shall be required to inform his/her employer of the instant conviction.

15. The defendant shall provide the U.S. Probation Officer with access to any requested financial information.

16. The defendant shall be prohibited from incurring any new credit charges or opening any additional lines of credit without approval of the probation officer unless he/she is in compliance with the payment schedule.

17. The defendant shall be placed on location monitoring, utilizing radio frequency monitoring, for a period of 8 months, commencing upon the direction of the probation office. The defendant shall be restricted to his residence every day for an 8 hour period, or as directed by the officer (Curfew). The defendant shall follow all program rules as directed by the probation office. The cost of said program will be paid for the by the defendant based upon his ability to pay as reflected in his monthly cash flow as it relates to the court approved sliding fee scale

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions,* available at: www.uscourts.gov.

Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision, (2) extend the term of supervision and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

_____
Defendant

_____
Date

_____
U.S. Probation Officer/Designated Witness

_____
Date

Judgment-Page  6  of  7

DEFENDANT: **Stanfield , Brian**
CASE NUMBER: **3:19-CR-195-1-RGJ**

# CRIMINAL MONETARY PENALTIES

    The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **Totals:** | **$ 100.00** | | **$ 101,559.00** |

☒   **The fine and the costs of investigation, prosecution, incarceration and supervision are waived due to the defendant's inability to pay.**

☐   The determination of restitution is deferred until     .  An Amended Judgment in a Criminal Case (AO 245C) will be entered after such determination.

☐   Restitution is not an issue in this case.

☒   **The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.**

    If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid in full prior to the United States receiving payment.

| **Name of Payee** | **\*\* Total Amount of Loss** | **Amount of Restitution Ordered** | **Priority Order Or Percentage Of Payment** |
|---|---|---|---|
| **LMPD** | | **$89,540.00** | |
| **ATF** | | **$2,847.00** | |
| **DEA** | | **$9,172.00** | |
| **TOTALS:** | | **$101,559.00** | |

☒   **If applicable, restitution amount ordered pursuant to plea agreement. . . . .  $101,559.00**

☐   The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. 3612(f). All of the payment options on Sheet 5, Part B may be Subject to penalties for default and delinquency pursuant to 18 U.S.C. 3612(g).

☒   **The court determined that the defendant does not have the ability to pay interest and it is ordered that:**

☒   **The interest requirement is waived for the**  ☐ **Fine and/or**  ☒ **Restitution**

☐   The interest requirement for the  ☐ Fine and/or  ☐ Restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT: **Stanfield , Brian**
CASE NUMBER: **3:19-CR-195-1-RGJ**

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A  ☒  **Lump sum payment of $  101,659.00**   **Due immediately, balance due**

☐  not later than                          , or

☐  in accordance with C, D, or E below); or

B  ☐  Payment to begin immediately (may be combined with C, D, or E below); or

C  ☐  Payment in      (E.g. equal, weekly, monthly, quarterly) installments of $
Over a period of      (E.g. months or years) year(s) to commence      (E.g., 30 or 60 days)
after                The date of this judgment, or

D  ☐  Payment in      (E.g. equal, weekly, monthly, quarterly) installments of $
Over a period of      (E.g. months or years) year(s) to commence      (E.g., 30 or 60 days)
after                Release from imprisonment to a term of supervision; or

E  ☐  Special instructions regarding the payment of criminal monetary penalties:

Any balance of criminal monetary penalties owed upon incarceration shall be paid in quarterly installments of at least $25 based on earnings from an institution job and/or community resources (other than Federal Prison Industries), or quarterly installments of at least $60 based on earnings from a job in Federal Prison Industries and/or community resources, during the period of incarceration to commence upon arrival at the designated facility.

Upon commencement of the term of supervised release, the probation officer shall review your financial circumstances and recommend a payment schedule on any outstanding balance for approval by the court.  Within the first 60 days of release, the probation officer shall submit a recommendation to the court for a payment schedule, for which the court shall retain final approval.

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons Inmate Financial Responsibility Program, are to be made to the United States District Court, Gene Snyder Courthouse, 601 West Broadway, Suite 106, Louisville, KY 40202, unless otherwise directed by the Court, the Probation Officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

Defendant and Co-Defendant Names and Case Numbers *including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

# TODD ROADHOUSE

# United States District Court
## Western District of Kentucky
### LOUISVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| **V.** | (For Offenses Committed On or After November 1, 1987) |
| **Todd  Roadhouse** | **Case Number: 3:19-CR-195-2-RGJ** |

**US Marshal No:**

Counsel for Defendant: **Brian  Butler, Retained**
Counsel for the United States: **Stephanie M. Zimdahl & Kaleb J. Noblett-SAUSA**
Court Reporter: **April Dowell**

## THE DEFENDANT:

☒    **Pursuant to a Rule 11(c)(1)(B) plea agreement**

☒    **Pleaded guilty to count 1 of the Information on October 28. 2019, knowingly, willingly and voluntarily.**

☐    Pleaded nolo contendere to count(s)
which was accepted by the court.

☐    Was found guilty on count(s)
after a plea of not guilty

**ACCORDINGLY**, the Court has adjudicated that the defendant is guilty of the following offense(s):

| Title / Section and Nature of Offense | Date Offense Concluded | Count |
|---|---|---|

**FOR CONVICTION OFFENSE(S) DETAIL - SEE COUNTS OF CONVICTION ON PAGE 2**

The defendant is sentenced as provided in pages  2  through  7  of this Judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐    The defendant has been found not guilty on count(s)

☐    Count(s)                                        (Is) (are) dismissed on the motion of the United States.

**IT IS ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the Court and the United States Attorney of any material change in the defendant's economic circumstances.

 2/6/2020
Date of Imposition of Judgment

Rebecca Grady Jennings, District Judge

United States District Court

February 12, 2020

**Page 100**

USDC KYWD 245B (Rev. 02/16) Judgment in a Criminal Case Sheet 1A

Judgment-Page  2  of  7

DEFENDANT: **Roadhouse , Todd**
CASE NUMBER: **3:19-CR-195-2-RGJ**

# COUNTS OF CONVICTION

| Title / Section and Nature of Offense | Date Offense Concluded | Count |
|---|---|---|
| 18:1343 and 2: WIRE FRAUD | 8/2017 | 1 |

**Page 101**

USDC KYWD 245B (Rev. 02/16) Judgment in a Criminal Case Sheet 4 - Probation

Judgment-Page  _3_  of  _7_

DEFENDANT: **Roadhouse , Todd**
CASE NUMBER: **3:19-CR-195-2-RGJ**

# PROBATION

You are hereby sentenced to probation for a term of:  __3 YEARS__ **as to Count 1 of the Information.**

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

   ☒ **The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse.**
4. ☒ **You must cooperate in the collection of DNA as directed by the probation officer.**
5. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.)as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense.
6. ☐ You must participate in an approved program for domestic violence.
7. ☒ **You must make restitution in accordance with 18 U.S.C. §§ 2248, 2259, 2264, 2327, 3663, 3663A, and 3664.**
8. You must pay the assessment imposed in accordance with 18 U.S.C. § 3013.
9. If this judgment imposes a fine, you must pay in accordance with the Schedule of Payments sheet of this judgment.
10. You must notify the court of any material change in your economic circumstances that might affect your ability to pay restitution, fines, or special assessments.

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

**Page 102**

Judgment-Page _4_ of _7_

DEFENDANT: **Roadhouse , Todd**
CASE NUMBER: **3:19-CR-195-2-RGJ**

# STANDARD CONDITIONS OF SUPERVISION

As part of your probation, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of the time you were sentenced, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.  You must answer truthfully the questions asked by your probation officer.
5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.  You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

**Page 103**

DEFENDANT: **Roadhouse , Todd**
CASE NUMBER: **3:19-CR-195-2-RGJ**

# ADDITIONAL PROBATION TERMS

14.  Should the defendant hold a fiduciary position in his/her employment, he/she shall be required to inform his/her employer of the instant conviction.

15.  The defendant shall provide the U.S. Probation Officer with access to any requested financial information.

16.  The defendant shall be prohibited from incurring any new credit charges or opening any additional lines of credit without approval of the probation officer unless he/she is in compliance with the payment schedule.

17.  The defendant shall be placed on location monitoring, utilizing radio frequency monitoring, for a period of 8 months, commencing upon the direction of the probation office. The defendant shall be restricted to his residence every day for an 8 hour period, or as directed by the officer (Curfew). The defendant shall follow all program rules as directed by the probation office. The cost of said program will be paid for the by the defendant based upon his ability to pay as reflected in his monthly cash flow as it relates to the court approved sliding fee scale

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions,* available at: www.uscourts.gov.

Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision, (2) extend the term of supervision and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

_____     _____
Defendant                                                              Date

_____     _____
U.S. Probation Officer/Designated Witness                Date

**Page 104**

USDC KYWD 245B (Rev. 02/16) Judgment in a Criminal Case Sheet 5 - Criminal Cometary Penalties

DEFENDANT: **Roadhouse , Todd**
CASE NUMBER: **3:19-CR-195-2-RGJ**

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **Totals:** | $ 100.00 | | $ 41,390.00 |

☒ **The fine and the costs of investigation, prosecution, incarceration and supervision are waived due to the defendant's inability to pay.**

☐ The determination of restitution is deferred until         . An Amended Judgment in a Criminal Case (AO 245C) will be entered after such determination.

☐ Restitution is not an issue in this case.

☒ **The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.**

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | ** Total Amount of Loss | Amount of Restitution Ordered | Priority Order Or Percentage Of Payment |
|---|---|---|---|
| LMPD | | $39,371.00 | |
| ATF | | $2,019.00 | |
| TOTALS: | 0 | $41,390.00 | |

☒ **If applicable, restitution amount ordered pursuant to plea agreement. . . . . $ 41,390.00**

☐ The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. 3612(f). All of the payment options on Sheet 5, Part B may be Subject to penalties for default and delinquency pursuant to 18 U.S.C. 3612(g).

☒ **The court determined that the defendant does not have the ability to pay interest and it is ordered that:**

☒ **The interest requirement is waived for the** ☐ **Fine and/or** ☒ **Restitution**

☐ The interest requirement for the ☐ Fine and/or ☐ Restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

**Page 105**

USDC KYWD 245B (Rev. 02/16) Judgment in a Criminal Case Sheet 6 - Schedule of Payments

DEFENDANT: **Roadhouse , Todd**
CASE NUMBER: **3:19-CR-195-2-RGJ**

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A    ☒    **Lump sum payment of $ 41,490.00**                    **Due immediately, balance due**

☐    not later than                              , or

☐    in accordance with C, D, or E below); or

B    ☐    Payment to begin immediately (may be combined with C, D, or E below); or

C    ☐    Payment in        (E.g. equal, weekly, monthly, quarterly) installments of $
          Over a period of        (E.g. months or years) year(s) to commence      (E.g., 30 or 60 days)
          after                        The date of this judgment, or

D    ☐    Payment in        (E.g. equal, weekly, monthly, quarterly) installments of $
          Over a period of        (E.g. months or years) year(s) to commence      (E.g., 30 or 60 days)
          after                        Release from imprisonment to a term of supervision; or

E    ☐    Special instructions regarding the payment of criminal monetary penalties:

Any balance of criminal monetary penalties owed upon incarceration shall be paid in quarterly installments of at least $25 based on earnings from an institution job and/or community resources (other than Federal Prison Industries), or quarterly installments of at least $60 based on earnings from a job in Federal Prison Industries and/or community resources, during the period of incarceration to commence upon arrival at the designated facility.

Upon commencement of the term of supervised release, the probation officer shall review your financial circumstances and recommend a payment schedule on any outstanding balance for approval by the court. Within the first 60 days of release, the probation officer shall submit a recommendation to the court for a payment schedule, for which the court shall retain final approval.

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons Inmate Financial Responsibility Program, are to be made to the United States District Court, Gene Snyder Courthouse, 601 West Broadway, Suite 106, Louisville, KY 40202, unless otherwise directed by the Court, the Probation Officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐    Joint and Several

Defendant and Co-Defendant Names and Case Numbers *including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐    The defendant shall pay the cost of prosecution.

☐    The defendant shall pay the following court cost(s):

☐    The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

# MARK FINAL

USDC KYWD 245B (Rev. 02/16) Judgment in a Criminal Case Sheet 1

# United States District Court
## Western District of Kentucky
LOUISVILLE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>**V.**<br>**Mark  Final** | **JUDGMENT IN A CRIMINAL CASE**<br>(For Offenses Committed On or After November 1, 1987)<br>**Case Number: 3:19-CR-195-3-RGJ**<br>**US Marshal No:**<br>Counsel for Defendant: **Scott Cox, Retained**<br>Counsel for the United States: **Stephanie M. Zimdahl & Kaleb J. Noblett-SAUSA**<br>Court Reporter: **April Dowell** |

## THE DEFENDANT:

☒  **Pursuant to a Rule 11(c)(1)(B) plea agreement**

☒  **Pleaded guilty to count 1 of the Information on October 28, 2019, knowingly, willingly and voluntarily.**

☐  Pleaded nolo contendere to count(s)
which was accepted by the court.

☐  Was found guilty on count(s)
after a plea of not guilty

**ACCORDINGLY**, the Court has adjudicated that the defendant is guilty of the following offense(s):

| Title / Section and Nature of Offense | Date Offense Concluded | Count |
|---|---|---|

### FOR CONVICTION OFFENSE(S) DETAIL - SEE COUNTS OF CONVICTION ON PAGE 2

The defendant is sentenced as provided in pages _2_ through _7_ of this Judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐  The defendant has been found not guilty on count(s)

☐  Count(s)                              (Is) (are) dismissed on the motion of the United States.

**IT IS ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the Court and the United States Attorney of any material change in the defendant's economic circumstances.

_2/6/2020_
Date of Imposition of Judgment

Rebecca Grady Jennings, District Judge

United States District Court

February 12, 2020

**Page 108**

USDC KYWD 245B (Rev. 02/16) Judgment in a Criminal Case Sheet 1A

Judgment-Page  _2_  of  _7_

DEFENDANT: **Final , Mark**
CASE NUMBER: **3:19-CR-195-3-RGJ**

## COUNTS OF CONVICTION

| Title / Section and Nature of Offense | Date Offense Concluded | Count |
|---|---|---|
| 18:1343 and 2: WIRE FRAUD | 8/2017 | 1 |

USDC KYWD 245B (Rev. 02/16) Judgment in a Criminal Case Sheet 4 - Probation

DEFENDANT: **Final , Mark**
CASE NUMBER: **3:19-CR-195-3-RGJ**

# PROBATION

You are hereby sentenced to probation for a term of: __3 YEARS__ **as to Count 1 of the Information.**

## MANDATORY CONDITIONS

1.  You must not commit another federal, state or local crime.
2.  You must not unlawfully possess a controlled substance.
3.  You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
    ☒ **The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse.**
4.  ☒ **You must cooperate in the collection of DNA as directed by the probation officer.**
5.  ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.)as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense.
6.  ☐ You must participate in an approved program for domestic violence.
7.  ☒ **You must make restitution in accordance with 18 U.S.C. §§ 2248, 2259, 2264, 2327, 3663, 3663A, and 3664.**
8.  You must pay the assessment imposed in accordance with 18 U.S.C. § 3013.
9.  If this judgment imposes a fine, you must pay in accordance with the Schedule of Payments sheet of this judgment.
10. You must notify the court of any material change in your economic circumstances that might affect your ability to pay restitution, fines, or special assessments.

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT: **Final , Mark**
CASE NUMBER: **3:19-CR-195-3-RGJ**

# STANDARD CONDITIONS OF SUPERVISION

As part of your probation, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of the time you were sentenced, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

USDC KYWD 245B (Rev. 02/16) Judgment in a Criminal Case Sheet 4B - Probation

DEFENDANT: **Final , Mark**
CASE NUMBER: **3:19-CR-195-3-RGJ**

# ADDITIONAL PROBATION TERMS

    14.  Should the defendant hold a fiduciary position in his/her employment, he/she shall be required to inform his/her employer of the instant conviction.

    15.  The defendant shall provide the U.S. Probation Officer with access to any requested financial information.

    16.  The defendant shall be prohibited from incurring any new credit charges or opening any additional lines of credit without approval of the probation officer unless he/she is in compliance with the payment schedule.

    17.  The defendant shall be placed on location monitoring, utilizing radio frequency monitoring, for a period of 8 months, commencing upon the direction of the probation office. The defendant shall be restricted to his residence every day for an 8 hour period, or as directed by the officer (Curfew). The defendant shall follow all program rules as directed by the probation office. The cost of said program will be paid for the by the defendant based upon his ability to pay as reflected in his monthly cash flow as it relates to the court approved sliding fee scale.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions,* available at: www.uscourts.gov.

Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision, (2) extend the term of supervision and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

 

_____     _____
Defendant                                                            Date


_____     _____
U.S. Probation Officer/Designated Witness              Date

DEFENDANT: **Final , Mark**
CASE NUMBER: **3:19-CR-195-3-RGJ**

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **Totals:** | **$ 100.00** | | **$ 27,531.00** |

☒ **The fine and the costs of investigation, prosecution, incarceration and supervision are waived due to the defendant's inability to pay.**

☐ The determination of restitution is deferred until           .  An Amended Judgment in a Criminal Case (AO 245C) will be entered after such determination.

☐ Restitution is not an issue in this case.

☒ **The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.**

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid in full prior to the United States receiving payment.

| **Name of Payee** | **\*\* Total Amount of Loss** | **Amount of Restitution Ordered** | **Priority Order Or Percentage Of Payment** |
|---|---|---|---|
| **LMPD** | | **$26,600.00** | |
| ATF | | $931.00 | |
| **TOTALS:** | **0** | $27,531.00 | |

☒ If applicable, restitution amount ordered pursuant to plea agreement. . . . .  **$ 27, 531.00**

☐ The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. 3612(f). All of the payment options on Sheet 5, Part B may be Subject to penalties for default and delinquency pursuant to 18 U.S.C. 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☒ **The interest requirement is waived for the**    ☐ **Fine and/or**   ☒ **Restitution**

☐ The interest requirement for the    ☐ Fine and/or   ☐ Restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

USDC KYWD 245B (Rev. 02/16) Judgment in a Criminal Case Sheet 6 - Schedule of Payments

DEFENDANT: **Final , Mark**
CASE NUMBER: **3:19-CR-195-3-RGJ**

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A** ☒   **Lump sum payment of $   27,631.00**      **Due immediately, balance due**

     ☐   not later than                   , or

     ☐   in accordance with C, D, or E below); or

**B** ☐   Payment to begin immediately (may be combined with C, D, or E below); or

**C** ☐   Payment in     (E.g. equal, weekly, monthly, quarterly) installments of $
     Over a period of      (E.g. months or years) year(s) to commence     (E.g., 30 or 60 days)
     after          The date of this judgment, or

**D** ☐   Payment in     (E.g. months or years) year(s) to commence     (E.g., 30 or 60 days)
     Over a period of      (E.g. months or years) year(s) to commence     (E.g., 30 or 60 days)
     after          Release from imprisonment to a term of supervision; or

**E** ☐   Special instructions regarding the payment of criminal monetary penalties:

     Any balance of criminal monetary penalties owed upon incarceration shall be paid in quarterly installments of at least $25 based on earnings from an institution job and/or community resources (other than Federal Prison Industries), or quarterly installments of at least $60 based on earnings from a job in Federal Prison Industries and/or community resources, during the period of incarceration to commence upon arrival at the designated facility.

     Upon commencement of the term of supervised release, the probation officer shall review your financial circumstances and recommend a payment schedule on any outstanding balance for approval by the court. Within the first 60 days of release, the probation officer shall submit a recommendation to the court for a payment schedule, for which the court shall retain final approval.

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons Inmate Financial Responsibility Program, are to be made to the United States District Court, Gene Snyder Courthouse, 601 West Broadway, Suite 106, Louisville, KY 40202, unless otherwise directed by the Court, the Probation Officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several

     Defendant and Co-Defendant Names and Case Numbers *including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☐   The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

# KENNETH R. BETTS

USDC KYWD 245B (Rev. 02/16) Judgment in a Criminal Case Sheet 1

# United States District Court

## Western District of Kentucky

LOUISVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>**Kenneth R. Betts** | **JUDGMENT IN A CRIMINAL CASE**<br>(For Offenses Committed On or After November 1, 1987)<br>**Case Number: 3:18-CR-176-1-DJH**<br>**US Marshal No: 19536-033**<br>Counsel for Defendant: **Brian Butler, Retained**<br>Counsel for the United States: **Jo E. Lawless, Asst. U.S. Atty.**<br>Court Reporter: **April Dowell** |

## THE DEFENDANT:

☒ **Pursuant to a Rule 11(c)(1)(C) plea agreement**

☒ **Pleaded guilty to count(s) 1-7 of the Indictment, knowingly, willingly and voluntarily on July 2, 2019.**

☐ Pleaded nolo contendere to count(s)
which was accepted by the court.

☐ Was found guilty on count(s)
after a plea of not guilty

**ACCORDINGLY**, the Court has adjudicated that the defendant is guilty of the following offense(s):

| Title / Section and Nature of Offense | Date Offense Concluded | Count |
|---|---|---|

### FOR CONVICTION OFFENSE(S) DETAIL - SEE COUNTS OF CONVICTION ON PAGE 2

The defendant is sentenced as provided in pages  2  through  8  of this Judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s)                               (Is) (are) dismissed on the motion of the United States.

**IT IS ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the Court and the United States Attorney of any material change in the defendant's economic circumstances.

 7/2/2019
Date of Imposition of Judgment

**David J. Hale, Judge**
**United States District Court**

July 8, 2019

**Page 116**

Judgment-Page  2  of  8

DEFENDANT: **Betts, Kenneth R.**
CASE NUMBER: **3:18-CR-176-1-DJH**

# COUNTS OF CONVICTION

| Title / Section and Nature of Offense | Date Offense Concluded | Count |
|---|---|---|
| 18:2252A(a)(2)(A) and 2252A(b)(1) – DISTRIBUTION OF CHILD PORNOGRAPHY | 5/14/2014 | 1 |
| 18:2252A(a)(5)(B) and 2252A(b)(2) – POSSESSION OF CHILD PORNOGRAPHY | 10/13/2016 | 2 |
| 18:2422(b) – KNOWINGLY PERSUADE, INDUCE, AND ENTICE A MINOR TO ENGAGE IN SEXUAL ACTIVITY | 2/2008 | 3 |
| 18:2422(b) – KNOWINGLY PERSUADE, INDUCE, AND ENTICE A MINOR TO ENGAGE IN SEXUAL ACTIVITY | 5/2014 | 4 |
| 18:1470 - TRANSFER OF OBSCENE MATERIALS TO MINORS | 5/2012 | 5 |
| 18:2422(b) – KNOWINGLY PERSUADE, INDUCE, AND ENTICE A MINOR TO ENGAGE IN SEXUAL ACTIVITY | 7/2013 | 6 |
| 18:2422(b) – ATTEMPT TO KNOWINGLY PERSUADE, INDUCE, AND ENTICE A MINOR TO ENGAGE IN SEXUAL ACTIVITY | 11/2014 | 7 |

**Page 117**

USDC KYWD 245B (Rev. 02/16) Judgment in a Criminal Case Sheet 2 - Imprisonment

DEFENDANT: **Betts, Kenneth R.**
CASE NUMBER: **3:18-CR-176-1-DJH**

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of **192 months as to Counts 1, 3, 4, 6, and 7 of the Indictment and 120 months as to Counts 2 and 5 of the Indictment with all to run concurrent for a total of 192 months imprisonment.**

☒ **The Court makes the following recommendations to the Bureau of Prisons: 1) that the defendant's physical health be evaluated for appropriate placement, and 2) that the defendant be housed in a facility as close as possible to his family in Louisville, Kentucky.**

☒ **The defendant is remanded to the custody of the United States Marshal.**

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at         A.M. / P.M. on

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ Before 2:00 p.m. on

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

    ☐ The defendant shall continue under the terms and conditions of his/her present bond pending surrender to the institution.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ To _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

**Page 118**

DEFENDANT: **Betts, Kenneth R.**
CASE NUMBER: **3:18-CR-176-1-DJH**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **20 years as to each of Counts 1-7 of the Indictment to run concurrently for a total of 20 years.**

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

   ☒ **The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse.**
4. ☒ **You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. (check if applicable)**
5. ☒ **You must cooperate in the collection of DNA as directed by the probation officer.**
6. ☒ **You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense.**
7. ☐ You must participate in an approved program for domestic violence.

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

Judgment-Page  5  of  8

DEFENDANT: **Betts, Kenneth R.**
CASE NUMBER: **3:18-CR-176-1-DJH**

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

USDC KYWD 245B (Rev. 02/16) Judgment in a Criminal Case Sheet 3B - Supervised Release

DEFENDANT: **Betts, Kenneth R.**
CASE NUMBER: **3:18-CR-176-1-DJH**

# SPECIAL CONDITIONS OF SUPERVISION

14. The defendant shall provide the U.S. Probation Office with access to any requested financial information.

15. The defendant shall submit his or her person, property, house, residence, vehicle, papers, computers [as defined in 18 USC 1030(e)(1)], other electronic communications or data storage devices or media, or office to a search conducted by the United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of their release and that the areas to be searched may contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

16. The defendant shall submit to the USPO conducting an initial computer inspection/search of the defendant's computer system(s), which are subject to examination and monitoring, which may include retrieval and copying of all memory from hardware/software and/or removal of such system(s) for the purpose of conducting a more thorough inspection. An officer may conduct a subsequent search pursuant to this condition only when reasonable suspicion exists that the defendant is in violation of the court's computer monitoring condition, or is in possession of child pornography, as defined in 18 U.S.C. 2256(8). Any search must be conducted at a reasonable time and in a reasonable manner.

17. The defendant will consent to having installed on computer(s) which are subject to examination and monitoring at the defendant's expense, any hardware/software to monitor the defendant's computer use or prevent access to particular materials. The defendant hereby consents to periodic inspection of any such installed hardware/software to ensure it is functioning properly. The defendant shall warn any other third parties who use these computers that the computers may be subject to searches pursuant to this condition.

18. The defendant shall participate in and abide by the rules of the Computer Restriction & Monitoring Program.

19. The defendant shall cease any use or activity on any computer subject to examination and monitoring until the computer can be processed by the Special Offender Specialist or designee to comply with the monitoring ordered by the Court.

20. Unless required for employment, the defendant is prohibited from using any computer other than the one monitored by the U.S. Probation Office.

21. The defendant shall provide the USPO with accurate information about the defendant's entire computer system (hardware/software), all passwords used by the defendant, and the defendant's Internet Service Provider(s).

22. The defendant shall have no direct contact with any children under the age of 18 unless accompanied by and supervised by an adult who has been approved in advance by the sex offender treatment counselor and the supervising probation officer. The defendant shall immediately report any unauthorized contact with children to the sex offender treatment counselor and to the probation officer.

23. The defendant shall not be employed in any capacity that may cause the defendant to come in direct contact with children under the age of 18, except under circumstances approved in advance by the supervising probation officer. The defendant shall not participate in any volunteer activity that may cause the defendant to come into direct contact with children under the age of 18, except under circumstances approved in advance by the defendant's probation officer.

24. The defendant shall not rent or use a post office box or storage facility without authorization from the USPO.

25. The defendant shall be subject to Polygraph, Computer Voice Stress Analysis, or other similar device to obtain information necessary for supervision, case monitoring, and treatment at the discretion and direction of the U.S. Probation Officer. The defendant shall be subjected to maintenance exams thereafter. No violation proceedings will arise solely on a defendant's failure to pass an examination. No violation proceeding will arise on a defendant's refusal on valid Fifth Amendment grounds to answer questions. The defendant shall contribute to the cost of services rendered based upon his/her ability to pay as reflected in his/her monthly cash flow as it relates to the court-approved sliding fee scale.

26. The defendant shall not view, purchase, possess or distribute any form of pornography depicting sexually explicit conduct defined in 18 USC 2256(2), or frequent any place where such material is the primary product for sale or entertainment is available.

27. The defendant shall participate in a sex offender counseling program approved by the U.S. Probation Office, and shall abide by the policies of the program. The defendant shall contribute to the Probation Office's cost of services rendered based upon his/her ability to pay as reflected in his/her monthly cash flow as it relates to the court-approved sliding fee scale.

28. The defendant shall comply with any sex offender registration laws of any state in which he/she resides, is employed, carries on a vocation, or is a student.

29. The defendant shall have no contact with the victim(s), including correspondence, telephone contact to include text messaging, or communication through third party, except under circumstances approved in advance and in writing by the probation officer in consultation with the treatment provider.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions,* available at: www.uscourts.gov.

Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision, (2) extend the term of supervision and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

_____     _____
Defendant                                                        Date


_____     _____
U.S. Probation Officer/Designated Witness              Date

**Page 121**

DEFENDANT: **Betts, Kenneth R.**
CASE NUMBER: **3:18-CR-176-1-DJH**

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **Totals:** | $ 700.00 | $ 5,000.00 | $ 20,000.00 |

(**P**ursuant to 18 U.S.C. 3014)

☒ **The fine and the costs of investigation, prosecution, incarceration and supervision are waived due to the defendant's inability to pay.**

☐ The determination of restitution is deferred until ___. An Amended Judgment in a Criminal Case (AO 245C) will be entered after such determination.

☐ Restitution is not an issue in this case.

☒ **The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.**

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | ** Total Amount of Loss | Amount of Restitution Ordered | Priority Order Or Percentage Of Payment |
|---|---|---|---|
| **John Doe** | $20,000.00 | $20,000.00 | |
| **TOTALS:** | $20,000.00 | $20,000.00 | |

☐ If applicable, restitution amount ordered pursuant to plea agreement. . . . . $

☐ The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. 3612(f). All of the payment options on Sheet 5, Part B may be Subject to penalties for default and delinquency pursuant to 18 U.S.C. 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☒ **The interest requirement is waived for the**     ☐ **Fine and/or**     ☒ **Restitution**

☐ The interest requirement for the     ☐ Fine and/or     ☐ Restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

USDC KYWD 245B (Rev. 02/16) Judgment in a Criminal Case Sheet 6 - Schedule of Payments

DEFENDANT: **Betts, Kenneth R.**
CASE NUMBER: **3:18-CR-176-1-DJH**

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A ☐ Lump sum payment of $              Due immediately, balance due
   ☐   not later than              , or
   ☐   in accordance with C, D, or E below); or

B ☐ Payment to begin immediately (may be combined with C, D, or E below); or

C ☐ Payment in      (E.g. equal, weekly, monthly, quarterly) installments of $
   Over a period of      (E.g. months or years) year(s) to commence      (E.g., 30 or 60 days)
   after              The date of this judgment, or

D ☐ Payment in      (E.g. equal, weekly, monthly, quarterly) installments of $
   Over a period of      (E.g. months or years) year(s) to commence      (E.g., 30 or 60 days)
   after              Release from imprisonment to a term of supervision; or

E ☒ **Special instructions regarding the payment of criminal monetary penalties:**

   **Any balance of criminal monetary penalties owed upon incarceration shall be paid in quarterly installments of at least $25 based on earnings from an institution job and/or community resources (other than Federal Prison Industries), or quarterly installments of at least $60 based on earnings from a job in Federal Prison Industries and/or community resources, during the period of incarceration to commence upon arrival at the designated facility.**

   **Upon commencement of the term of supervised release, the probation officer shall review your financial circumstances and recommend a payment schedule on any outstanding balance for approval by the court.  Within the first 60 days of release, the probation officer shall submit a recommendation to the court for a payment schedule, for which the court shall retain final approval.**

**Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons Inmate Financial Responsibility Program, are to be made to the United States District Court, Gene Snyder Courthouse, 601 West Broadway, Suite 106, Louisville, KY 40202, unless otherwise directed by the Court, the Probation Officer, or the United States Attorney.**

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several

   Defendant and Co-Defendant Names and Case Numbers *including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☒   **The defendant shall forfeit the defendant's interest in the following property to the United States:  Forfeiture shall be addressed by further order of the Court.**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

# BRANDON WOOD

USDC KYWD 245B (Rev. 02/16) Judgment in a Criminal Case Sheet 1

# United States District Court

## Western District of Kentucky

LOUISVILLE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>**V.**<br>**Brandon Wood** | **JUDGMENT IN A CRIMINAL CASE**<br>(For Offenses Committed On or After November 1, 1987)<br>**Case Number: 3:19-CR-8-1-DJH**<br>**US Marshal No: 19612-033**<br>Counsel for Defendant: **Steven C. Schroering, Retained**<br>Counsel for the United States: **Jo E. Lawless, Asst. U.S. Atty.**<br>Court Reporter: **April Dowell** |

## THE DEFENDANT:

☒ **Pursuant to a Rule 11(c)(1)(C) plea agreement.**

☒ **Pleaded guilty to count 1 of the Information, knowingly, willingly and voluntarily on January 28, 2019.**

☐ Pleaded nolo contendere to count(s)
which was accepted by the court.

☐ Was found guilty on count(s)
after a plea of not guilty

**ACCORDINGLY**, the Court has adjudicated that the defendant is guilty of the following offense(s):

| **Title / Section and Nature of Offense** | **Date Offense Concluded** | **Count** |
|---|---|---|

### FOR CONVICTION OFFENSE(S) DETAIL - SEE COUNTS OF CONVICTION ON PAGE 2

The defendant is sentenced as provided in pages _2_ through _8_ of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) (Is) (are) dismissed on the motion of the United States.

**IT IS ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the Court and the United States Attorney of any material change in the defendant's economic circumstances.

 5/28/2019
Date of Imposition of Judgment

**David J. Hale, Judge**
**United States District Court**

May 28, 2019

**Page 125**

Judgment-Page  2  of  8

DEFENDANT: **Wood, Brandon**
CASE NUMBER: **3:19-CR-8-1-DJH**

## COUNTS OF CONVICTION

| Title / Section and Nature of Offense | Date Offense Concluded | Count |
|---|---|---|
| 18:2422(b) - ATTEMPTED ENTICEMENT OF A MINOR | 12/2012 | 1 |

# KYLE WILLETT

# United States District Court

## Western District of Kentucky

LOUISVILLE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>**V.**<br><br>**Kyle  Willett** | **JUDGMENT IN A CRIMINAL CASE**<br>(For Offenses Committed On or After November 1, 1987)<br>**Case Number: 3:16-CR-164-1-TBR**<br>**US Marshal No: 18858-033**<br>Counsel for Defendant: **Brian  Butler, Retained**<br>Counsel for the United States: **Bryan R. Calhoun**<br>Court Reporter: **Alan W. Wernecke** |

## THE DEFENDANT:

☒ **Pursuant to a Rule 11(c)(1)(B) plea agreement**

☒ **Pleaded guilty to Count 1 of the Information on 12/21/2016, knowingly, willingly and voluntarily.**

☐ Pleaded nolo contendere to count(s)
which was accepted by the court.

☐ Was found guilty on count(s)
after a plea of not guilty

**ACCORDINGLY**, the Court has adjudicated that the defendant is guilty of the following offense(s):

| Title / Section and Nature of Offense | Date Offense Concluded | Count |
|---|---|---|

### FOR CONVICTION OFFENSE(S) DETAIL - SEE COUNTS OF CONVICTION ON PAGE 2

The defendant is sentenced as provided in pages  2  through  8  of this Judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) _____ (Is) (are) dismissed on the motion of the United States.

**IT IS ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the Court and the United States Attorney of any material change in the defendant's economic circumstances.

 4/26/2017 
Date of Imposition of Judgment

*Thomas B. Russell*

**Thomas B. Russell, Senior Judge**
**United States District Court**

May 1, 2017

**Page 128**

USDC KYWD 245B (Rev. 02/16) Judgment in a Criminal Case Sheet 1A

DEFENDANT: **Willett , Kyle**
CASE NUMBER: **3:16-CR-164-1-TBR**

# COUNTS OF CONVICTION

| Title / Section and Nature of Offense | Date Offense Concluded | Count |
|---|---|---|
| 18:659 - INTERSTATE OR FOREIGN SHIPMENT BY CARRIER | 8/2016 | 1 |

Case 3:14-cv-00742-TBR-RSE Document 32-16 Filed 05/11/17 Page 3 of 8 PageID #: 1285
Case 3:16-cr-00164-TBR Document 36 Filed 01/12/25 Page 3 of 8 PageID #: 1045
PageID #: 1045

Judgment-Page _3_ of _8_

DEFENDANT: **Willett , Kyle**
CASE NUMBER: **3:16-CR-164-1-TBR**

# IMPRISONMENT

       The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of **FIVE (5) MONTHS as to Count 1 of the Information.**

☒   The Court makes the following recommendations to the Bureau of Prisons: **As close to his family as possible.**

☐   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

      ☐   at          A.M. / P.M. on

      ☐   as notified by the United States Marshal.

☒   **The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:**

      ☐   Before 2:00 p.m. on

      ☐   as notified by the United States Marshal.

      ☒   **as notified by the Probation or Pretrial Services Office.**

      ☐   The defendant shall continue under the terms and conditions of his/her present bond pending surrender to the institution.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

     Defendant delivered on _____ To _____

at _____ , with a certified copy of this judgment.

                           _____
                           UNITED STATES MARSHAL

                        By _____
                             Deputy U.S. Marshal

USDC KYWD 245B (Rev. 02/16) Judgment in a Criminal Case Sheet 3 - Supervised Release

DEFENDANT: **Willett , Kyle**
CASE NUMBER: **3:16-CR-164-1-TBR**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:   **2 YEARS  as to Count 1 of the Information.**

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   ☒ **The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse.**
4. ☒ **You must cooperate in the collection of DNA as directed by the probation officer.**
5. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense.
6. ☐ You must participate in an approved program for domestic violence.

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

Case 3:16-cr-00164-TBR-RSE Document 36 Filed 05/01/17 Page 5 of 8 PageID #: 1287
PageID #: 1047
USDC KYWD 245B (Rev. 02/16) Judgment in a Criminal Case Sheet 3A - Supervised Release

DEFENDANT: **Willett , Kyle**
CASE NUMBER: **3:16-CR-164-1-TBR**

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

USDC KYWD 245B (Rev. 02/16) Judgment in a Criminal Case Sheet 3B - Supervised Release

DEFENDANT: **Willett , Kyle**
CASE NUMBER: **3:16-CR-164-1-TBR**

### SPECIAL CONDITIONS OF SUPERVISION

14)  Defendant shall be placed on **location monitoring, which include electronic monitoring for a period of FIVE (5) MONTHS, commencing upon the direction of the Probation Office.**   Defendant shall pay all or part of the costs of electronic monitoring as determined by probation, not to exceed the current daily rate.  Certain financial restrictions are also imposed.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions,* available at: www.uscourts.gov.

Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision, (2) extend the term of supervision and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

_____       _____
Defendant                                                                      Date

_____       _____
U.S. Probation Officer/Designated Witness                    Date

**Page 133**

USDC KYWD 245B (Rev. 02/16) Judgment in a Criminal Case Sheet 5 - Criminal Cometary Penalties

DEFENDANT: **Willett , Kyle**
CASE NUMBER: **3:16-CR-164-1-TBR**

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **Totals: Cnt 1-** | **$ 100.00** | | |

☒ **The fine and the costs of incarceration and supervision are waived due to the defendant's inability to pay.**

☐ The determination of restitution is deferred until ____. An Amended Judgment in a Criminal Case (AO 245C) will be entered after such determination.

☒ **Restitution is not an issue in this case.**

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid in full prior to the United States receiving payment.

| **Name of Payee** | ** Total Amount of Loss** | Amount of Restitution Ordered | Priority Order Or Percentage Of Payment |
|---|---|---|---|
| | | | |

☐ If applicable, restitution amount ordered pursuant to plea agreement. . . . . $

☐ The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. 3612(f). All of the payment options on Sheet 5, Part B may be Subject to penalties for default and delinquency pursuant to 18 U.S.C. 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ The interest requirement is waived for the ☐ Fine and/or ☐ Restitution

☐ The interest requirement for the ☐ Fine and/or ☐ Restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

USDC KYWD 245B (Rev. 02/16) Judgment in a Criminal Case Sheet 6 - Schedule of Payments

DEFENDANT: **Willett , Kyle**
CASE NUMBER: **3:16-CR-164-1-TBR**

Judgment-Page  8  of  8

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A   ☒   **Lump sum payment of $   100.00**        **Due immediately, balance due**

     ☐   not later than            , or

     ☐   in accordance with C, D, or E below); or

B   ☐   Payment to begin immediately (may be combined with C, D, or E below); or

C   ☐   Payment in     (E.g. equal, weekly, monthly, quarterly) installments of $
     Over a period of      (E.g. months or years) year(s) to commence     (E.g., 30 or 60 days)
     after          The date of this judgment, or

D   ☐   Payment in     (E.g. equal, weekly, monthly, quarterly) installments of $
     Over a period of      (E.g. months or years) year(s) to commence     (E.g., 30 or 60 days)
     after          Release from imprisonment to a term of supervision; or

E   ☐   Special instructions regarding the payment of criminal monetary penalties:

     Any balance of criminal monetary penalties owed upon incarceration shall be paid in quarterly installments of at least $25 based on earnings from an institution job and/or community resources (other than Federal Prison Industries), or quarterly installments of at least $60 based on earnings from a job in Federal Prison Industries and/or community resources, during the period of incarceration to commence upon arrival at the designated facility.

     Upon commencement of the term of supervised release, the probation officer shall review your financial circumstances and recommend a payment schedule on any outstanding balance for approval by the court. Within the first 60 days of release, the probation officer shall submit a recommendation to the court for a payment schedule, for which the court shall retain final approval.

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons Inmate Financial Responsibility Program, are to be made to the United States District Court, Gene Snyder Courthouse, 601 West Broadway, Suite 106, Louisville, KY 40202, unless otherwise directed by the Court, the Probation Officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several

     Defendant and Co-Defendant Names and Case Numbers *including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☐   The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

**Page 135**

# HARRY SEEDERS

**JEFFERSON**

Daily Disposition 1 Case Only Report

Daily Disposition1CaseOnly Rpt
@000026O136

Run Date: 10/13/2022 11:06:33AM

2

| Date | | Time | Div | | |
| --- | --- | --- | --- | --- | --- |
| Room | | | | | |
| 10/13/2022 | HJ104 | 1:00 PM | DI | | |

**Start of docket 2**

**SEEDERS, HARRY J**

HON. JENNIFER B. WILCOX

**D1**   **22-M-006886**   Call #   **78**   730056

Chg-1  DIST. OF SEXUALLY EXPLICIT IMAGES NO CONSENT– 1ST OFF; CIT#:2P1146572-1

Atty Present Attorney Present SCHROERING, STEVEN ATTORNEY-PRIVATE Def Present {on HIP } Plea Guilty, Finding - GUILTY NO TRIAL Sentence Details - Sen Date =

10/13/2022 Judge = HON. JENNIFER B. WILCOX

SenNum = 1

Memo: (NNO, NCPW B.J , NCPW MARANDA SCOTT, MENTAL HEALTH ASSMT AND FOLLOW UP, FORFEIT LAW ENFROCEMENT CERTIFICATION) Sentence Money

- Net Amount: $0.00 (ASSESSED $145.00; CREDIT TIME SERVED $145.00); Sentence Time - Net Time Incarcerated: 0 days ( TIME INCARCERATED 365 DAYS;

CONDITIONALLY DISCHARGED 365 DAYS ); Sentence Other Options - CD 2 YEARS

Transfer Crt (CRIMINAL COURTROOM 304)                                          12/13/2022 09:00 AM SHOW CAUSE HEARING {rev treatment } PERSONAL

RECOGNIZANCE Bond Secured 100% Bond Release From Custody 1 Accepted by WILX on 10/13/2022 at 10:53 AM"] Add Document ORDER FOR CONDITIONAL

DISCHARGE 10/13/2022



**KENTUCKY**
*COURT OF JUSTICE*

**22-M-006886**

***COMMONWEALTH VS. SEEDERS, HARRY J***
**JEFFERSON DISTRICT COURT**
Filed on **10/10/2022** as **MISDEMEANOR** with **(INACTIVE) HON. JENNIFER B. WILCOX**
Disposition on **10/13/2022** by **(INACTIVE) HON. JENNIFER B. WILCOX**
**\*\*\*\* NOT AN OFFICIAL COURT RECORD \*\*\*\***

| Case Memo | 22-M-006886 |
|---|---|

*E#4358300 ARRSTDT = 10/10/2022*

| Parties | 22-M-006886 |
|---|---|

- **SEEDERS, HARRY J** as **DEFENDANT / RESPONDENT**
  DOB: **08/16/1990**   DLN: **S06483615 OPERATOR'S LICENSE - KENTUCKY** Race: **W** Sex: **M** Hispanic: **N** Eye Color: **BE** Hair Color: **BN** Height: **509** Weight: **175**

  **Bail Bonds**

  - **PERSONAL RECOGNIZANCE** for **$0.00** set on **10/13/2022**
  - **SURETY** for **$10,000.00** set on **10/10/2022** and posted on **10/11/2022**
    *HICMAKE ALL COURT DATES*

  **Address**

  12604 ORELL CROSSINGS CIRCLE
  LOUISVILLE KY 40272

- **CASSE, JOEL (PIU), as COMPLAINING WITNESS**

  **Address**

  LMPD

- **SCHROERING, STEVEN as ATTORNEY-PRIVATE**

  **Address**

  1015 S. FOURTH STREET
  LOUISVILLE KY 40203

- **BJ, as VICTIM**

| Charges | 22-M-006886 |
|---|---|

- **DIST. OF SEXUALLY EXPLICIT IMAGES NO CONSENT - 1ST OFF - 531.120**
  CHARGE 1 ORIGINAL 0017650
  Charged on **03/27/2022** by citation **2P1146572-1**

  **GUILTY** Disposition on **10/13/2022** by **NO TRIAL**
  Sentenced on **10/13/2022** cost amount of **$145.00**
  JAIL: **365 days** ( **365 days** Conditional)

| Documents | 22-M-006886 |
|---|---|

- **ORDER FOR CONDITIONAL DISCHARGE** entered on **10/13/2022**
- **RELEASE FROM CUSTODY** filed on **10/13/2022**
- **REDOCKET FORM** filed on **03/06/2023**
  *Per Atty steve schroering via email*
- **CORRESPONDENCE** filed on **06/06/2024**
  *entire case certified for ky law enforcement council*

| Events | 22-M-006886 |
|---|---|

- **REVIEW** scheduled for **03/13/2023 09:00 AM** in room **HJ304** with **HON. MEGAN MCDONALD**
  *per cm*

  **Super Memo**

  *03/06/2023 COUNTER REDOCKET F ORM PER ATTY(STEVE SCHROERING VIAEMAIL ) CHG SCH EVENT 03/28/20230 900 AM HJ304 TO CRT (CRIMINALCOURTROOM 304)*
  *03/13/2023 09:00 AMREVIEW(PERCM)03/13/2023 ATTY P*
  *RESENT APR SCHROERING, STEVEN A-SCHROST ;(FOR DEFT )(STRIKE 3-2 8-2023 DATE ) REMAND(NO FURTHER PROOF REQUIRED ) :50 AM^)06/ 06/2024 Counter Add Document*
  *CORRESPONDENCE 06/06/2024 (entire*
  *case certified for ky law enforcement council)*

- **SHOW CAUSE HEARING** scheduled for **12/13/2022 09:00 AM** in room **HJ304** with **HON. KRISTINA GARVEY**
  *rev treatment*

  **Super Memo**

  *12/13/2022 ATTY PRESENT APR S CHROERING, STEVEN A-SCHROST ;D EF NOT PRESENT MEMO(DEF COMPLIAN T W/TX - PIF) CONTINUE CRT HJ30 4 (CRIMINAL COURTROOM 304) 03/28/202309:00 AM REVIEW :23 AM^)*

- **ARRAIGNMENT** scheduled for **10/13/2022 01:00 PM** in room **HJ104** with **(INACTIVE) HON. JENNIFER B. WILCOX**

**Page 138**

**Super Memo**

*10/11/2022 COUNTER CHG SCH EV ENT 10/11/2022 0900 AM 008 TO CRT (CRIMINAL COURTROOM 104) 10/13/2022 01:00 PM ARRAIGNMENT10/13/2 022 ATTY PRESENT ATTORNEY PRES ENT SCHROERING, STEVEN ATTORNEY-P*

*RIVATE DEF PRESENT(ON HIP )CH G:1 DIST. OF SEXUALLY EXPLICIT IMAGES NO CONSENT - 1ST OFF;CIT#:2P1146572-1 PLEA GUILTY, FINDING -G UILTY NO TRIAL SENTENCE DETAILS- SEN DATE = 10/13/2022 JUDGE =HON.*

*JENNIFER B. WILCOX SENNUM = 1 MEMO: (NNO, NCPW B.J , NCPWMARA NDA SCOTT, MENTAL HEALTH ASSMT AND FOLLOW UP, FORFEIT LAW ENFROCEMENT CERTIFICATION) SENTENCE MONEY - NET AMOUNT: $0.00 (ASSESSED $145*

*.00; CREDIT TIME SERVED $145.00); SENTENCETIME - NET TIME INCARCER ATED: 0 DAYS ( TIME INCARCERATED 365 DAYS; CONDITIONALLY DISCHARGED 365 DAYS ); SENTENCE OTHEROPTION S - CD 2 YEARS TRANSFERCRT(CRI*

*MINAL COURTROOM 304)12/13/2022 09:00 AM SHOW CAUSE HEARING(REVTREATMENT ) PERSONAL RECOGNIZANCE BON D SECURED 100% BOND RELEASE FROM CUSTODY 1 ADD DOCUMENT ORDER FO R CONDITIONAL DISCHARGE10/13/2022*

**Super Memo**                                                                                      22-M-006886

*THE AFFIANT, SGT. J CASSE LMPD 7821 (LOUISVILLE METRO POLICE DEPT 7821) , STATES THAT ON 3/27/2022 INJEFFERSON COUNTY, KENTUCKY, THEAB OVE NAMED DEFENDANT UNLAWFULLY:THE DEFT DISTRIBUTED THE IMAGE OFTHE*

*VICTIM'S EXPOSED BREASTS TO 19 P EOPLE IN A GROUP TEXT MESSAGEWITHOUT THE VICTIM'S CONSENT. SOME OF THE INDIVIDUALS INCLUDED IN THE TEXT MESSAGE WERE ACQUAINTANCES A ND FRIENDS OF THE VICTIM. THE VICTIM*

*WENT TO LMPD AND REPORTED THE INCIDENT.*

**Images**                                                                                          22-M-006886

There are no images found for this case.

**** End of Case Number : 22-M-006886 ****

# JACKIE MILLER

| AOC-345    Doc. Code: OGMPD<br>Rev. 1-22<br>Page 1<br><br>Commonwealth of Kentucky<br>Court of Justice    www.courts.ky.gov<br><br>KRS 533.250-533.262 | <br>**ORDER GRANTING PRETRIAL<br>DIVERSION OF A CLASS D FELONY**<br>(ALSO FILE AOC 491 OR AOC 491.2) | Case No. 19CR1367<br><br>Court  Circuit<br><br>County  Jefferson<br><br>Division  Division Two |

COMMONWEALTH OF KENTUCKY                                                PLAINTIFF

VS.

JACKIE MILLER                                                          DEFENDANT

***SECTIONS I.A. and I.B. TO BE COMPLETED BY PROSECUTOR:***

I.  **A.  With voluntary agreement of Defendant, the Commonwealth recommends to the Court the following terms and conditions of diversion:**

   1.  The recommended period of diversion shall be  _2_  years.  (Not to exceed five (5) years without defendant's agreement; duration of the diversion agreement shall not be less than the time required to make full restitution).

   2.  The diversion is to be ☑unsupervised ☐ supervised.  A monthly supervision fee of $_____ shall be paid to Probation & Parole.  ($25.00 recommended; no less than $10.00)

   3.  Defendant shall not possess a handgun or firearm during the period of the Pretrial Diversion.

   4.  Defendant shall not commit another offense during the period of the Pretrial Diversion, including, but not limited to, any violation of the Penal Code or the Controlled Substances Act.

   ☐5.  Restitution shall be paid to _____ in the amount of $_____ at the rate of
   _____ .

   ☑6.  *N/A* Probation & Parole shall conduct home visits.  Defendant shall not have access to a ☑ handgun ☑ firearm during the pendency of the diversion agreement.

   ☑7.  *N/A* Defendant shall obey all rules and regulations imposed by Probation & Parole.

   ☑8.  *N/A* Defendant shall not possess or consume any alcohol or illegal drugs and shall be subject to random testing.

   ☑9.  Other  Defendant agrees to resign from LMPD or otherwise waive any remaining termination proceedings, and Defendant agrees to surrender his Law Enforcement license. The Defendant agrees to contribute 100 hours of service to the community. *Upon successful completion of diversion, Counts 1 + 3 are dismissed ot prejudice.*

   **B.  The Commonwealth recommends:**

   THEFT BY DECEPTION OVER $500 BUT LESS THAN $10,000 (FALSE IMPRESSION) (COMPLICITY)  _3_
   year(s)

   **as the appropriate sentence to be imposed in the event Defendant fails to successfully complete the terms and conditions of the diversion and the Court voids the agreement.**

AOC-345
Rev. 1-22
Page 2

C. Counsel has explained to the defendant the terms and conditions of the Pretrial Diversion recommended by the Commonwealth. The defendant has agreed to the terms and conditions and has freely, voluntarily, intelligently and knowingly entered into the agreement with the Commonwealth.

***SECTIONS II AND III TO BE COMPLETED BY JUDGE:***

**II.    THE COURT MAKES THE FOLLOWING FINDINGS OF FACT:**

A. Defendant, appearing in court with counsel, Hon. Brian Butler, is charged with:

*THEFT BY DECEPTION OVER $500 BUT LESS THAN $10,000 (FALSE IMPRESSION) (COMPLICITY)*

He has applied to the Commonwealth and to the Court for Pretrial Diversion. He has not participated in a diversion program in the last five (5) years.

B. Defendant has not had a felony conviction in the ten (10) years prior to commission of the current offense, nor has he been on probation or parole or been released from felony incarceration within the ten (10) years prior to commission of the current offense.

C. Defendant has freely, knowingly, voluntarily and intelligently entered ☑ a plea of guilty or ☐ a plea pursuant to North Carolina v. Alford.

D. Defendant is eligible for probation, parole or conditional discharge under KRS 532.045.

E. Defendant has waived the right to a speedy trial or disposition of the charge against him.

F. The Commonwealth has (a) secured Defendant's criminal history; (b) interviewed the victim and/or the victim's family; and (c) made a written recommendation to the Court in response to the application for Pretrial Diversion.

G. The Commonwealth has recommended Pretrial Diversion.

**III.    NOW THEREFORE BE IT ORDERED:**

A.    ☑    The Court **GRANTS** the Motion for Pretrial Diversion of a Class D Felony
       ☐    The Court **DENIES** the Motion for Pretrial Diversion of a Class D Felony.

B.    The Court imposes the following terms and conditions of Pretrial Diversion:

1.    The period of Pretrial Diversion shall be _____**2**_____ **years.**

2.    The diversion is to be ☑ unsupervised OR ☐ supervised. A monthly supervision fee of _____ shall be paid to Probation & Parole. ($25.00 recommended; no less than $10.00)

3.    Defendant shall not possess a handgun or firearm during the period of the Pretrial Diversion.

4.    Defendant shall not commit another offense during the period of the Pretrial Diversion, including, but not limited to, any violation of the Penal Code or the Controlled Substances Act.

☐    5.    Restitution shall be paid to _____ in the amount of _____ at the rate of _____.

☑    6.    Probation & Parole shall conduct home visits. Defendant shall not have access to a ☑ handgun ☑ firearm during the pendency of the Pretrial Diversion.

**Page 142**

AOC-345
Rev. 1-22
Page 3

N/A ☒

7.    Defendant shall obey all rules and regulations imposed by Probation & Parole.

N/A ☒

8.    Defendant shall not possess or consume any alcohol or illegal drugs and shall be subject to random testing.

☑

9.    Other Defendant agrees to resign from LMPD or otherwise waive any remaining termination proceedings, and Defendant agrees to surrender his Law Enforcement license. The Defendant agrees to contribute 100 hours of service to the community.

C.    If Defendant successfully completes Pretrial Diversion, the ~~charge will be designated as Dismissed-Diverted.~~ *counts will be dismissed w/prejudice*

D.    During the Pretrial Diversion, the Court may (a) revoke or modify any condition; (b) change the period of supervision; OR (c) discharge Defendant from supervision.

E.    If the Court finds Defendant fails to successfully complete Pretrial Diversion and voids the agreement, the Court may impose a sentence equal to or less than the penalty recommended by the prosecutor in Item I(B) of this form and the Commonwealth's Offer on a Plea of Guilty.

Entered: _7/7_ , 2_022_          *Annie O'Connell*
                                                JUDGE ANNIE O'CONNELL

**I understand the above conditions and agree to enter Pretrial Diversion in lieu of defending myself in further proceedings.**

_____          _____
Defendant's Signature                Witness (Defense Attorney)

Date: _July 7_ , 2_022_          Date: _July 7_ , 2_022_

ENTERED IN COURT
DAVID L. NICHOLSON, CLERK
JUL 0 7 2022
BY _ED_
DEPUTY CLERK

Approved: _____
                KALEB NOBLETT
        Assistant Commonwealth Attorney

Date: _____Jul 7_____ , 2_022_

**Distribution:**    Defendant
                Commonwealth Attorney
                Probation and Parole [if supervision is ordered by Court in paragraph III B]

**Page 143**

# ASHLEY M. SPRATT

NO.    19-CR-001367-005                                    JEFFERSON CIRCUIT COURT
                                                                   DIVISION TWO (2)
                                                           ANNIE O'CONNELL, JUDGE

COMMONWEALTH OF KENTUCKY                                                  PLAINTIFF

VS.                          **JUDGMENT ON A GUILTY PLEA**
                         **& SENTENCE OF CONDITIONAL DISCHARGE**

ASHLEY M. SPRATT                                                         DEFENDANT
(B/F, DOB: 1-11-1993, SSN: 4396)

**** *** ****

On *January 31, 2022*, the defendant, *Ashley M. Spratt*, appeared before this Court with counsel, the

Hon. Steven Schroering.  The Commonwealth was represented by the Hon. Kaleb Noblett.

**I.     Motion to Enter a Guilty Plea**

The defendant, in agreement with the Commonwealth and with advice of counsel, filed a Motion to

Enter a Guilty Plea.  Prior to entry of the guilty plea, all parties acknowledged the sentencing recommendation

of the Commonwealth as reflected in the record and in the Commonwealth's Offer on a Plea of Guilty.  The

defendant thereafter, under oath, entered a plea of guilty to the following charges:

   **a.   Count 2:   CRIMINAL FACILITATION THEFT BY DECEPTION OVER $500 BUT**

   **LESS THAN $10,000 (FALSE IMPRESSION) – AS AMENDED**

**II.    Findings on Defendant's Plea of Guilty**

Based on its colloquy with the defendant, the Court finds that the defendant understands the nature of

the charges; that the plea was knowingly, intelligently and voluntarily made; and that there is a factual basis

for the defendant's plea.

**III.   Order accepting Defendant's Plea of Guilty and Adjudging Guilt**

**IT IS HEREBY ORDERED AND ADJUDGED** that the defendant's plea of guilty be accepted and

that the defendant is guilty of the following crimes:

   **a.   Count 2:   CRIMINAL FACILITATON THEFT BY DECEPTION OVER $500 BUT**

   **LESS THAN $10,000 (FALSE IMPRESSION) – AS AMENDED**

1

**IV.     Waiver of Pre-sentence Investigation Report**

The defendant, thereafter, waived preparation of a pre-sentence Investigation Report (PSI) and asked that sentence be imposed immediately.

**V.     Sentencing Order**

Having found the defendant guilty of the above offense(s), and, having given due consideration to the nature and circumstances of the crime, and to the history character and condition of the defendant,

**IT IS HEREBY ORDERED** that the defendant is guilty of the crimes herein and is sentenced as follows

a.  **Count 2:    CRIMINAL FACILITATION THEFT BY DECEPTION OVER $500 BUT LESS THAN $10,000 (FALSE IMPRESSION) – AS AMENDED – TWELVE (12) MONTHS**

The following charges were **DISMISSED WITHOUT PREJUDICE:**

**Count 1:    CRIMINAL SYNDICATION: ENGAGING IN ORGANIZE3D CRIME - COMPLICITY**

The defendant is sentenced to **TWELVE (12) MONTHS,** conditionally discharged for a period of **ONE (1) YEAR,** condition no new offenses.

**ANNIE O'CONNELL, JUDGE**
**JEFFERSON CIRCUIT COURT**
**DIVISION TWO (2)**
DATE: _2|14|2022_

cc:     *Hon. Kaleb Noblett,*
        *Assistant Commonwealth's Attorney*

        *Hon. Steven Schroering*
        *1015 South 4th Street*
        *Louisville, Kentucky 40203*
        *Counsel for Defendant*

ENTERED IN COURT
DAVID L. NICHOLSON, CLERK
FEB 15 2022
BY _____
DEPUTY CLERK

2

**Page 146**

# ROBERT NEFF

DF  2F-F-005204

**NEFF, ROBERT E**

COMMONWEALTH VS. NEFF, ROBERT E

| JEFFERSON COUNTY COURT SYSTEM | Judge No: NA | WAR | Filed: 07/13/2021 |
|---|---|---|---|

### Defendant Information

**NEFF, ROBERT E**

1315 MAIN ST                    W/M

CLARKSVILLE, IN  47129-0000

ID Type: OLIN    4280042478
Jail ID:          Jail#: 641560    SSN: 276980139
DOB: 01/28/1995
Height:    600    Eyes: HZ    Race: W    Crim Hist:
Weight:    170    Hair: BN    Sex: M    State ID:

EN34 4208    ELDER

### AKA/ALI Information

### Witnesses

CW  GOFF, SARAH (MCD SVU),    LOUISVILLE METRO POLICE DEPT LOUISVILLE KY 40202    P-800-7079

### Charges

| 03/21/2021 | Cit#1DS035543-1 | Chg: 1 | UOR 0007980 | Assault 4th Degree Domestic Violence Minor Injury ( M ) ( A ) *Enhanceable* |
|---|---|---|---|---|
| | Ba. Lvl    0 | | 508030 | |
| 03/21/2021 | Cit#1DS035543-2 | Chg: 2 | UOR 0007980 | Assault 4th Degree Domestic Violence Minor Injury ( M ) ( A ) *Enhanceable* |
| | Ba. Lvl    0 | | 508030 | |
| 03/21/2021 | Cit#1DS035543-3 | Chg: 3 | UOR 0512010 | Intimidating a Participant in Legal Process ( F ) ( D ) |
| | Ba. Lvl    0 | | 524040 | |

### Scheduled Events

ARR        07/14/2021  09:00 AM    008

### Monetary Events Information

**Page 148**

**County Attorney Notations**
**\*For Internal Use Only**
**\*Not Official Court Record**

Case Number: 21F5204
Defendant's Name:

Neff_____ , ROBERT E.

---

Date: 7/13/21    TR    008    7/14/21    9 ᵂ ᵃᵐ

F/C $2500    PER    HAYNIE, ANNE
NO  FURTHER  VIOLATION  OF LAW
NO  POSSESSION  OF  ANY  WEAPONS
NO  CONTACT  WITH  ALLEGED  VICTIM
NO  CONTACT  WITH LOCATION  OF  ALLEGED  OFFENSE
MAKE  ALL  COURT  DATES
County Attorney:

---

Date: 7/14/21         KY MOTION ↑ BOND
                         $10,000 PLUS HIP IF POSTED
Δ AMY J. ELDER              DENIED
PNG
MTRS
WNLOS     Process Issued
TR 303    Date  7/16        -OCO
cc 7/22/21  9 AM      $2500 10% NBC DANCER
County Attorney:      NCPW, PDR, 00 PW'S FAMILY
    CAS    SPD                         (hs)

---

Date: 7-22-2021                         PUP
    D PIC w/ J. Elder
              Ch.1 - PG    365 CD 2years
              Ch.2 - PG    ①NVO ②MPW ③BDP
CTSCosts     Ch.3 - DMIM

County Attorney:
                              WRB 20

Page ___ of___

**Page 149**

| AOC-385.1          Doc. Code: RFC<br>Rev. 1-20<br>Page 1 of 1<br><br>Commonwealth of Kentucky<br>Court of Justice     *www.kycourts.gov* | **Release From Custody** | Citation No. 1DS035543-1<br>Case No. 21-F-005204<br>Court District<br>Division<br>County Jefferson |
|---|---|---|

COMMONWEALTH OF KENTUCKY                                    **PLAINTIFF**

VS.

NEFF, ROBERT E                                              **DEFENDANT**

Alias: _____    Jail ID: 641560 _____

| Sex | Race | Birth Date | Height | Weight | Operator License Number | State | Bond Amount | Type |
|-----|------|-----------|--------|--------|------------------------|-------|-------------|------|
| M   | W    | 01/28/1995 | 600   | 170    | 4280042478             | OLIN  |             |      |

**To the Jailer/Department of Corrections of** ___Jefferson_____, **Kentucky:** You are

hereby commanded to release from custody the above-named Defendant who is charged with:

Charge(s)/Disposition(s):

1   UOR:0007980  Assault 4th Degree Domestic Violence Minor Injury ( M ) ( A )   Disp:07/22/2021  GUILTY

2   UOR:0007980  Assault 4th Degree Domestic Violence Minor Injury ( M ) ( A )

3   UOR:0512010  Intimidating a Participant in Legal Process ( F ) ( D )   Disp:07/22/2021  DISMISSED

Next Court Date:                                           Courtroom:

**Further Orders:**

07/22/2021 at 11:46:16 AM                    /s/ electronically signed by HON. DAVID BOWLES

Date                                          Judge's Signature

_____
Clerk

| Entered<br><br>M MCCAULEY<br>_____, D.C. |
|---|

**Distribution:** ❑ Jail/Corrections
                   ❑ Court File

**Page 150**

| Date | Room | Time | Div | Call # | |
|------|------|------|-----|--------|--|
| 07/22/2021 | HJ303 | 09:00 AM | DI | 34 | |

**Start of docket 1**

**NEFF, ROBERT E**

DI    **21-F-005204**

HON. DAVID BOWLES

730051

*CHg-1  Assault 4th Degree Domestic Violence Minor Injury;  CIT#:1DS035543-1*

Atty Present Attorney Present ELDER, JACOB E ATTORNEY-PRIVATE Def Present {in custody} PolOff Present Plea Guilty, Finding - GUILTY NO TRIAL Sentence Details - Sen

Date = 07/22/2021 Judge = HON. DAVID BOWLES

SenNum = 1

Sentence Money - Net Amount: $0.00 (ASSESSED  $145.00; CREDIT TIME SERVED $145.00); Sentence Time - Net Time Incarcerated: 0 days ( TIME INCARCERATED 365

DAYS: CONDITIONALLY DISCHARGED 365 DAYS ); Sentence Other Options - CD 2 YEARS

Conditions Batterers Intervention Program, No Contact w ProcWit, No Other Violations Release From Custody 1,2,3 Accepted by bowd on 07/22/2021 at 11:40 AM^') Add Document

ORDER FOR CONDITIONAL DISCHARGE  07/22/2021

*CHg-3  Intimidating a Participant in Legal Process;  CIT#:1DS035543-3*

Dismissed Merge NO TRIAL Accepted by bowd on 07/22/2021 at 11:40 AM^')

**Judge Signature:** */s/* electronically signed by  HON. DAVID BOWLES



**KENTUCKY**
**COURT OF JUSTICE**

**21-F-005204**

*COMMONWEALTH VS. NEFF, ROBERT E*

**JEFFERSON DISTRICT COURT**

Filed on **07/13/2021** as **FELONY** with **HON. KATIE KING**

Disposition on **07/22/2021** by **(INACTIVE) HON. DAVID BOWLES**

**\*\*\*\* NOT AN OFFICIAL COURT RECORD \*\*\*\***

| Case Memo | 21-F-005204 |
|---|---|

*e#3942012 ARRSTDT = 07/13/2021*

| Parties | 21-F-005204 |
|---|---|

• **NEFF, ROBERT E** as **DEFENDANT / RESPONDENT**

DOB: **01/28/1995**   DLN: **4280042478 OPERATOR'S LICENSE - INDIANA** Race: **W** Sex: **M** Hispanic: **N** Eye Color: **HZ** Hair Color: **BN** Height: **600** Weight: **170**

**Bail Bonds**

• **PARTIALLY SECURED** for **$2,500.00** set on **07/14/2021**

*pw's family/ por/ danger/ oco*

• **CASH** for **$2,500.00** set on **07/13/2021**

*NO CONTACT WITH LOCATION OF ALLEGED OFFENSE,MAKE ALL COURT DATES*

**Address**

1315 MAIN ST

CLARKSVILLE IN 47129

• **GOFF, SARAH (MCD SVU),** as **COMPLAINING WITNESS**

**Address**

LMPD

• **ELDER, JACOB** as **ATTORNEY FOR DEFENDANT**

**Address**

SUHRE & ASSOCIATES

214 S. CLAY ST. #A

LOUISVILLE KY 40202

• **ELDER, JACOB E** as **ATTORNEY-PRIVATE**

**Address**

SUHRE & ASSOCIATES

214 S CLAY STREET SUITE A

LOUISVILLE KY 40202

• **LIEBMAN, SHAYNA** as **VICTIM**

**Address**

10120 SUMMIT PARK PL

LOUISVILLE KY 40241

| Charges | 21-F-005204 |
|---|---|

• **ASSAULT 4TH DEGREE DOMESTIC VIOLENCE MINOR INJURY - 508.030**

CHARGE 1 ORIGINAL 0007980

Charged on **03/21/2021** by citation **1DS035543-1**

**GUILTY** Disposition on **07/22/2021** by **NO TRIAL**

Sentenced on **07/22/2021** cost amount of **$145.00**

JAIL: **365 days** ( **365 days** Conditional)

• **ASSAULT 4TH DEGREE DOMESTIC VIOLENCE MINOR INJURY - 508.030**

CHARGE 2 ORIGINAL 0007980

Charged on **03/21/2021** by citation **1DS035543-2**

**GUILTY** Disposition on **07/22/2021** by **NO TRIAL**

Sentenced on **07/22/2021** cost amount of **$145.00**

JAIL: **365 days** ( **365 days** Conditional)

• **INTIMIDATING A PARTICIPANT IN LEGAL PROCESS - 524.040**

CHARGE 3 ORIGINAL 0512010

Charged on **03/21/2021** by citation **1DS035543-3**

**DISMISSED** Disposition on **07/22/2021** by **NO TRIAL**

*Merge*

| Documents | 21-F-005204 |
|---|---|

**Page 152**

1

- **ENTRY OF APPEARANCE** filed on **07/13/2021**
  *ENTRY OF APPEARANCE*
- **NO CONTACT ORDER** entered on **07/14/2021**
- **BOND DECISION** filed on **07/14/2021**
- **ORDER FOR CONDITIONAL DISCHARGE** entered on **07/22/2021**
- **RELEASE FROM CUSTODY** filed on **07/22/2021**

| Events | 21-F-005204 |
|---|---|

- **PRELIMINARY HEARING** scheduled for **07/22/2021 09:00 AM** in room **HJ303** with **(INACTIVE) HON. DAVID BOWLES**
  *spo*

| Super Memo |
|---|

*07/22/2021CHG:3 INTIMIDATINGA PARTICIPANT IN LEGAL PROCESS; CIT#:1DS035543-3 DISMISSED MERGE NO TRIAL07/22/2021 ATTY PRESEN T ATTORNEY PRESENT ELDER, JACOB EATTORNEY-PRIVATE DEF PRESENT(INCU*

*STODY) POLOFF PRESENTCHG:1 ASS AULT 4TH DEGREE DOMESTIC VIOLENCEMINOR INJURY;CIT#:1DS035543-1 PLE A GUILTY, FINDING - GUILTY NO TRIAL SENTENCE DETAILS - SEN DATE=0 7/22/2021 JUDGE = HON. DAVID BOWLE*

*S SENNUM = 1 SENTENCEMO NEY - NET AMOUNT:$0.00 (ASSESSED$145.00; CREDIT TIME SERVED $145.00) ; SENTENCE TIME - NET TIME INCAR CERATED: 0 DAYS ( TIME INCARCERATED 365 DAYS; CONDITIONALLY DISCHARG*

*ED 365 DAYS ); SENTENCE OTHEROPT IONS - CD 2 YEARS CONDITIONS B ATTERERS INTERVENTION PROGRAM, NOCONTACT W PROCWIT, NO OTHER VIOLATIONS RELEASE FROM CUSTODY 1,2,3 ADD DOCUMENT ORDER FOR CONDITIONA*

*L DISCHARGE07/22/2021 07/22/2021 CHG:2 ASSAULT 4TH DEGREE DOME STIC VIOLENCE MINOR INJURY; CIT#: 1DS035543-2 PLEA GUILTY, FINDING - GUILTY NO TRIAL SENTENCE DET AILS - SEN DATE = 07/22/2021 JUDGE*

*= HON.DAVID BOWLES SENNUM = 1 SENTENCE MONEY - NET AMOUNT: $ 0.00 (ASSESSED $145.00; CREDIT TIME SERVED $145.00); SENTENCE TIM E - NET TIME INCARCERATED: 0 DAYS( TIME INCARCERATED 365DAYS; CONDIT*

*IONALLY DISCHARGED 365 DAYS ); S entence Other Options - CD 2 YEARS Conditions Batterers Interven tion Program, No Contact w ProcWit, No Other Violations*

- **ARRAIGNMENT** scheduled for **07/14/2021 09:00 AM** in room **008** with **HON. KATIE KING**

| Super Memo |
|---|

*07/14/2021 ATTY PRESENT AD EL DER, JACOB @91005571548; DEF PRE SENTCHG:1 ASSAULT 4TH DEGREE DO MESTIC VIOLENCE MINOR INJURY; CIT#:1DS035543-1CHG:2ASSAULT 4TH DE GREE DOMESTIC VIOLENCE MINOR INJUR*

*Y; CIT#:1DS035543-2CHG:3 INTIMID ATING A PARTICIPANT IN LEGAL PROCESS; CIT#:1DS035543-3 PLEANOTGUIL TY MOT REVOKE SERVED NO CONT O RDER SERVED PARTIALLY SECURED BO ND $2,500.00 NO CONTACT W/COMPLA*

*INING WITNESS/VICTIM BAIL CREDITINELIGIBLE SECURED 10% BOND(PW'SFAMILY/ POR/ DANGER/ OCO) TRANSFER CRT (CRIMINAL COURTROOM 303) 07/22/2021 09:00 AM PRELIMINARY HEARING(SPO) ADD DOCUMENT NO CONTAC*

*T ORDER 07/14/2021 ADDDocument BOND DECISION 07/14/2021*

| Super Memo | 21-F-005204 |
|---|---|

*THE AFFIANT, DET. SARAH MANTLE-L MPD-7079, SAYS THAT ON 3/21/2021, IN JEFFERSON COUNTY, KENTUCKY, T HE ABOVE-NAMED DEFENDANT UNLAWFULLY THE AFFIANT STATES THE FOLLOWI NG COMPLAINT AGAINST THE ABOVE NAMED*

*DEFENDANT UNLAWFULLY: BEGAN KICKING THE VICTIM, SHAYNA LIEBMAN, WHILE SHE WAS IN THE BACK SEAT OF A CAR. DEFT AND THE VICTIM HAVE A CHILD IN COMMON. THE VICTIM WAS SIT TING IN THE BACK SEAT OF THE CAR WIT*

*H HER CHILD. DEFT BECAME ANGRY AT THE VICTIM AND TOLD HER TO GET OUT OF THE CAR. DEFT THEN GOT ONTO THE CONSOLE IN THE FRONT SEAT OF THE CAR AND BEGAN KICKING THE VIC TIM, TRYING TO GET HER OUT OF THE CAR.*

*THE VICTIM WAS RECORDING THIS INCIDENT ON HER CELL PHONE. THE VICTIM WAS TELLING DEFT TO STOP KICKING HER BECAUSE HE MAY HURT THE CHILD. DEFT FINALLY STOPPED. ON 3/23/20 21, DEFT AND THE VICTIM BECAME INV*

*OLVED IN AN ARGUMENT BECAUSE DEFT WANTED THE VICTIM TO DELETE THE VIDEO ON HER PHONE. THERE WAS A STRUGGLE OVER THE PHONE AND THE VICTIM FELL TO THE GROUND. DEFT P UT HIS KNEE IN THE VICTIM'S BACK AND TWIS*

*TED THE VICTIM'S ARM BEHIND HER BACK IN ORDER TO GET THE VICTIM'S PHONE FROM HER. DEFT THEN TOOK THE VICTIM'S PHONE IN THE BATHROOM. THE VICTIM PUT HER ARM IN THE DOOR IN ORDER TO KEEP THE DEFT FROM SHUTT*

*ING THE DOOR. DEFT SLAMMED THE DOOR ON THE VICTIM'S ARM SEVERAL TIMES. THE VICTIM THEN WENT TO HER COMPUTER TO TRY AND MESSAGE A FRIEND AND ASK HER TO CALL THE POLIC E. THE DEFT KICKED THE VICTIM IN THE LE*

*GS AND TOLD THE VICTIM TO MESSAGE THE FRIEND BACK AND TELL HER NOT TO CALL THE POLICE. THE VICTIM'S MOTHER CAME TO THE HOME AND THE ALTERCATION STOPPED. THE VICTIM LEF T THE FOLLOWING DAY AND FILED AN EPO.*

*THE VICTIM FEARED CALLING THE POLICE BECAUSE DEFT IS A FORMER POLICE OFFICER. THE VICTIM DID FINALLY CALL POLICE ON 4/2/2021 AND A REPORT WAS FILED (8021018305). THE VICTIM S UFFERED TO BRUISE AND PAIN TO*

*BACK, BRUISING ON HER ARMS AND PAIN AND BRUISING TO BOTH LEGS.*

| Images | 21-F-005204 |
|---|---|

- **ENTRY OF APPEARANCE** filed on **07/13/2021**  *Page(s): 1*
- **CITATION** filed on **07/13/2021**  *Page(s): 1*

**** End of Case Number : 21-F-005204 ****

DT 20-M-004870

**NEFF, ROBERT**

COMMONWEALTH VS. NEFF, ROBERT

| JEFFERSON COUNTY COURT SYSTEM | | Judge No: 730061 | | SUM | Filed: 05/27/2020 |
|---|---|---|---|---|---|

**Defendant Information**

**NEFF, ROBERT**

113 LAURIE VALLEE     W/M

LOUISVILLE, KY 40223-0000

| | | | ID Type: | ****** | |
|---|---|---|---|---|---|
| DOB: 01/28/1995 | | | Jail ID: | | SSN: 276980139 |
| Height: | 0 | Eyes: | Race: W | Crim Hist: | |
| Weight: | 0 | Hair: | Sex: M | State ID: | |



**AKA/ALI Information**

**Witnesses**

CW TINNEL, CHAD (PIU),     LOUISVILLE METRO POLICE DEPT LOUISVILLE KY 40204     P-800-7742

**Charges**

| 03/10/2020 | Cit#0L2247474-1 | Chg: | 1 | UOR 0024070 | Harassment (Physical Contact) No injury (M) (B) |
|---|---|---|---|---|---|
| | Ba. Lvl | 0 | | 525070(1A) | |
| 03/10/2020 | Cit#0L2247484-1 | Chg: | 2 | UOR 0026580 | OFFICIAL MISCONDUCT-1ST DEGREE (M) (A) |
| | Ba. Lvl | 0 | | 522020 | |
| 03/10/2020 | Cit#0L2247484-2 | Chg: | 3 | UOR 0026580 | OFFICIAL MISCONDUCT-1ST DEGREE (M) (A) |
| | Ba. Lvl | 0 | | 522020 | |
| 03/10/2020 | Cit#0L2247484-3 | Chg: | 4 | UOR 0026580 | OFFICIAL MISCONDUCT-1ST DEGREE (M) (A) |
| | Ba. Lvl | 0 | | 522020 | |
| 03/10/2020 | Cit#0L2247484-4 | Chg: | 5 | UOR 0017090 | SEXUAL ABUSE - 3RD DEGREE (M) (B) *Enhanceable* *Addr Prot Fee Eligible* |
| | Ba. Lvl | 0 | | 510130 | |
| 10/12/2020 | Cit#0L2247484-4 | Chg: | 5A | UOR 0017100 | SEXUAL MISCONDUCT (M) (A) *Enhanceable* *Addr Prot Fee Eligible* |
| | Ba. Lvl | 0 | | 510140 | |
| 03/10/2020 | Cit#0L2247474-2 | Chg: | 6 | UOR 0017090 | SEXUAL ABUSE - 3RD DEGREE (M) (B) *Enhanceable* *Addr Prot Fee Eligible* |
| | Ba. Lvl | 0 | | 510130 | |
| 07/14/2021 | NA | Chg: | 7 | UOR 0026800 | PROBATION VIOLATION (FOR MISDEMEANOR OFFENSE) (O) (X) |
| | Ba. Lvl | 0 | | 533050 | |

**Scheduled Events**

| TEP | 10/12/2020 2:00 PM | HJ204 |
|---|---|---|
| SCIP | 01/08/2021 1:00 PM | DELSCH |
| REVH | 07/22/2021 09:00 AM | HJ303 |

**Monetary Events Information**

**Page 154**

GRAC KyCourtsII

DI **20-M-004870**

**NEFF, ROBERT**

COMMONWEALTH VS. NEFF, ROBERT

| JEFFERSON COUNTY COURT SYSTEM | | Judge No: NA | | SUM | Filed: | 05/27/2020 |

**Defendant Information**

**NEFF, ROBERT**

ID Type: ******

113 LAURIE VALLEE

W/M

Jail ID:

SSN: **276980139**

DOB: 01/28/1995

LOUISVILLE, KY 40223-0000

| | Height: | 0 | Eyes: | Race: W | Crim Hist: | |
| Weight: | 0 | Hair: | Sex: M | State ID: |

**AKA/ALI Information**

**Witnesses**

CW TINNEL, CHAD (PIU),       LOUISVILLE METRO POLICE DEPT LOUISVILLE KY 40204                P-800-7742

**Charges**

| 03/10/2020 | Cit//0L2247474-1 | Chg: 1 | UOR 0024070 | Harassment (Physical Contact) No injury ( M ) ( B ) |
| | Ba. Lvl | 0 | 525070(1A) | |

| 03/10/2020 | Cit//0L2247484-1 | Chg: 2 | UOR 0026580 | OFFICIAL MISCONDUCT-1ST DEGREE ( M ) ( A ) |
| | Ba. Lvl | 0 | 522020 | |

| 03/10/2020 | Cit//0L2247484-2 | Chg: 3 | UOR 0026580 | OFFICIAL MISCONDUCT-1ST DEGREE ( M ) ( A ) |
| | Ba. Lvl | 0 | 522020 | |

| 03/10/2020 | Cit//0L2247484-3 | Chg: 4 | UOR 0026580 | OFFICIAL MISCONDUCT-1ST DEGREE ( M ) ( A ) |
| | Ba. Lvl | 0 | 522020 | |

| 03/10/2020 | Cit//0L2247484-4 | Chg: 5 | UOR 0017090 | SEXUAL ABUSE - 3RD DEGREE ( M ) ( B ) *Enhanceable* *Addr Prot Fee Eligible* |
| | Ba. Lvl | 0 | 510130 | |

| 03/10/2020 | Cit//0L2247474-2 | Chg: 6 | UOR 0017090 | SEXUAL ABUSE - 3RD DEGREE ( M ) ( B ) *Enhanceable* *Addr Prot Fee Eligible* |
| | Ba. Lvl | 0 | 510130 | |

**Scheduled Events**

ARR       06/16/2020 09:00 AM       **HJ101**

**Monetary Events Information**

Case Number: 20M 004870

Defendant's Name:

_Neff_____, _Robert_
          Last              First

• Date: 5/27/20 TR 101 Arr 6/14/20

Defense Attorney:

Deputy Clerk Signature:

County Attorney initials:

Date: 7/23/2020

Defense Attorney:

Motion for Pre-trial Discovery

Deputy Clerk Signature:

County Attorney initials:

Date: 10/12/2020

Defense Attorney: S. Schreiber by phone
Spry phone.

#1 + #2 - dm/m
#3+4: PG: Official misconduct
#5: PG per Alford
#6 dm/m
Amended to sexual misconduct
(age 17/00)
sentences on #3, #4,#5 to run concurrent.
180 days cd 2 yrs +cc
conditions
① BIP na CMC
② NCPW - E.T. + S.L.
③ nnd

Deputy Clerk Signature:

County Attorney initials: WS

SC 1/8/2021 TR 102
Pw costs

**County Attorney Notations**
**\*For Internal Use Only**
**\*Not Official Court Record**

Case Number: 20TM014870

Defendant's Name:

Neff , Robert

---

Date: 12-14-20

145.00
rcpt-71-01144894A

County Attorney:

---

Date: 7-22-2021

Δ PTCwl U. Elder

Δ stipulates to violation of probation
∪New DV conviction

Δ waives hearing
75 DTS; 8 CTS

County Attorney:

No Shock; No WRP; No release    RMBPO

Date:

County Attorney:

Page ___ of ___

**Page 157**

Date    10/22/2020
Room    H2204

Time    2:00 PM

Div    DI

**JEFFERSON**
**Daily Disposition Report**

Daily Disposition.Rpt
@000000209268

Run Date: 10/22/2020    3:43:20PM
3

**NEFF, ROBERT**
**DI    20-M-004870**
Chg-3   *OFFICIAL MISCONDUCT-1ST DEGREE;   CIT#:0L2247484-2*
                                    Call #    **9,000**

HON. STEPHANIE BURKE

730061

Judge Signature: _____

Judge Signature: _____

| Date | 10/12/2020 | Time | 2:00 PM | Div | DI | JEFFERSON | Daily Disposition.Rpt | Run Date: 10/12/2020  3:43:20PM |
| Room | HJ204 | | | | | Daily Disposition Report | @J00000209268 | 3 |

Aty Present AD    SCHROERING, STEVEN CLARK    @9100543158S; (via phone ) Plea Guilty, Finding - GUILTY NO TRIAL Sentence
Details - Sen Date = 10/12/2020 Judge = HON. STEPHANIE BURKE
SenNum = 1
Sentence Money - Net Amount: $145.00 (ASSESSED $145.00); Sentence Time - Net Time Incarcerated: 0 days ( TIME INCARCERATED 180 DAYS; CONDITIONALLY
DISCHARGED 180 DAYS ); Sentence Other Options - CD 2 YEARS; CONCURRENT
Conditions Batterers Intervention Program Conditions No Contact w ProcWit, No Other Violations Must Pay Today $0.00 Must be paid in full by  Crt (CRIMINAL COURTROOM
102)  01/08/2021 10:00 AM or return for Show Cause Install Pay Details Accepted by BURS on 10/12/2020 at 02:10 PM*)

*Chg-5 SEXUAL ABUSE - 3RD DEGREE; CIT#:0L2247484-4*

Aty Present AD    SCHROERING, STEVEN CLARK    @9100543158S; (via phone ) Def Present (via phone ) NO TRIAL AMEND DOWN to 0017100 ( SEXUAL
MISCONDUCT) Plea Guilty, Finding - GUILTY NO TRIAL (alford ) Sentence Details - Sen Date = 10/12/2020 Judge = HON. STEPHANIE BURKE
SenNum = 1
Sentence Time - Net Time Incarcerated: 0 days ( TIME INCARCERATED 180 DAYS; CONDITIONALLY DISCHARGED 180 DAYS ); Sentence Other Options - CD 2 YEARS;
CONCURRENT
Conditions Batterers Intervention Program, No Contact w ProcWit, No Other Violations Accepted by BURS on 10/12/2020 at 02:39 PM*) Add Document ORDER FOR
CONDITIONAL DISCHARGE  10/12/2020

*Chg-6 SEXUAL ABUSE - 3RD DEGREE; CIT#:0L2247474-2*
Dismissed Merge NO TRIAL Accepted by BURS on 10/12/2020 at 02:07 PM*)

*Chg-4 OFFICIAL MISCONDUCT-1ST DEGREE; CIT#:0L2247484-3*
Plea Guilty, Finding - GUILTY NO TRIAL Sentence Details - Sen Date = 10/12/2020 Judge = HON. STEPHANIE BURKE
SenNum = 1
Sentence Time - Net Time Incarcerated: 0 days ( TIME INCARCERATED 180 DAYS; CONDITIONALLY DISCHARGED 180 DAYS ); Sentence Other Options - CD 2 YEARS;
CONCURRENT
Conditions Batterers Intervention Program, No Contact w ProcWit Conditions No Other Violations Accepted by BURS on 10/12/2020 at 02:10 PM*)

**Page 159**

| AOC-425.1    Doc. Code: OCOM | | Citation No. NA |
| Rev. 11-10 | | Case No. 20-M-004870 |
| Page 1 of 1 | | Court: District |
| Commonwealth of Kentucky | **COMMITMENT ORDER/** | Div: |
| Court of Justice   *www.courts.ky.gov* | **JUDGMENT AND ORDER** | County: Jefferson |
| KRS 439.179 | **RELEASING** | |

COMMONWEALTH OF KENTUCKY                                                      PLAINTIFF

V.

**NEFF, ROBERT**                                                                   DEFENDANT

Alias: _____

Jail ID: _____

| Sex | Race | Date of Birth | Height | Weight | Operator License Number | State | Bond Amount | Type |
|-----|------|---------------|--------|--------|-------------------------|-------|-------------|------|
| M | W | 01/28/1995 | 0 | 0 | | | | |

**To the Jailer/Department of Corrections of** _Jefferson_ _____, Kentucky:

You are hereby commanded to receive the above-named Defendant who has been found guilty of the following:
7   UOR:0026800  PROBATION VIOLATION (FOR MISDEMEANOR OFFENSE) ( O ) ( X )    JAIL 75 DAYS (CTS:8 DAYS )
Disp:07/22/2021  GRANTED

Next Court Date:

**JUDGMENT AND ORDER RELEASING MISDEMEANANTS FROM JAIL**

It is the Judgment of this Court that the Defendant be sentenced to serve _____See sentence details above_____. On
Motion of the Defendant and the Court being sufficiently advised, IT IS HEREBY **ORDERED**, pursuant to KRS 439.179,
that the Defendant is granted the privilege of leaving the jail during the hours of: _____ am/pm to _____ am/pm
_____ through _____, for one or more of the following purposes:

| | | | | |
|--|--|--|--|--|
| ____ | 1. Working at his/her employment. | | ____ | 2. Seeking employment. |
| ____ | 3. Attendance at an educational institution. | | ____ | 4. Medical treatment. |
| ✔ | 5. Other    Conditions No Releases {NO SHOCK, NO HIP}; | | | |

Every prisoner gainfully employed and released herein is hereby **ordered** to pay a reasonable amount not to exceed
forty dollars ($40.00) per day KRS 439.179 (4) for the cost of his/her board. If he/she defaults, the privilege hereby
granted may be forfeited by the Court.

The Court further directs that the Jailer/Department of Corrections of _                                    perform the
functions under KRS 439.179 (3) and (5).

_07/22/2021 at 12:08:26 PM_                          /s/ electronically signed by HON. DAVID BOWLES
Date                                                 Signature of Judge                      Div _____

_____
Clerk

**Distribution:**  Transporting Officer
                   Jail/Corrections
                   Court File

| Entered |
|---------|
| M MCCAULEY, D.C. |

**Page 160**



**KENTUCKY**
COURT OF JUSTICE

20-M-004870

*COMMONWEALTH VS. NEFF, ROBERT*
**JEFFERSON DISTRICT COURT**
Filed on **05/27/2020** as **MISDEMEANOR** with **HON. STEPHANIE BURKE**
Disposition on **10/12/2020** by **HON. STEPHANIE BURKE**
**\*\*\*\* NOT AN OFFICIAL COURT RECORD \*\*\*\***

| Case Memo | 20-M-004870 |
|---|---|

*ARRSTDT = 05/27/2020*

| Parties | 20-M-004870 |
|---|---|

• **NEFF, ROBERT** as **DEFENDANT / RESPONDENT**
DOB: **01/28/1995**   Race: **W** Sex: **M** Hispanic: **N**

| Address |
|---|

113 LAURIE VALLEE

LOUISVILLE KY 40223

• **TINNEL, CHAD (PIU),** as **COMPLAINING WITNESS**

| Address |
|---|

LMPD

• **ELDER, JACOB E** as **ATTORNEY-PRIVATE**

| Address |
|---|

SUHRE & ASSOCIATES

214 S CLAY STREET SUITE A

LOUISVILLE KY 40202

• **SCHROERING, STEVEN CLARK** as **ATTORNEY FOR DEFENDANT**

| Address |
|---|

517 WEST ORMSBY AVENUE

LOUISVILLE KY 40203

• **E T (INDIVIDUAL),** as **VICTIM**

| Address |
|---|

312 SHAWNEE TERRACE

LOUISVILLE KY 40212

| Charges | 20-M-004870 |
|---|---|

• **HARASSMENT (PHYSICAL CONTACT) NO INJURY - 525.070(1)(A)**
CHARGE 1 ORIGINAL 0024070

Charged on **03/10/2020** by citation **0L2247474-1**

**DISMISSED** Disposition on **10/12/2020** by **NO TRIAL**

*Merge*

• **OFFICIAL MISCONDUCT-1ST DEGREE - 522.020**
CHARGE 2 ORIGINAL 0026580

Charged on **03/10/2020** by citation **0L2247484-1**

**DISMISSED** Disposition on **10/12/2020** by **NO TRIAL**

*Merge*

• **OFFICIAL MISCONDUCT-1ST DEGREE - 522.020**
CHARGE 3 ORIGINAL 0026580

Charged on **03/10/2020** by citation **0L2247484-2**

**GUILTY** Disposition on **10/12/2020** by **NO TRIAL**

Sentenced on **10/12/2020** cost amount of **$145.00**

JAIL: **180 days** ( **180 days** Conditional)

• **OFFICIAL MISCONDUCT-1ST DEGREE - 522.020**
CHARGE 4 ORIGINAL 0026580

Charged on **03/10/2020** by citation **0L2247484-3**

**GUILTY** Disposition on **10/12/2020** by **NO TRIAL**

Sentenced on **10/12/2020**

JAIL: **180 days** ( **180 days** Conditional)

• **SEXUAL ABUSE - 3RD DEGREE - 510.130**
CHARGE 5 ORIGINAL 0017090

Charged on **03/10/2020** by citation **0L2247484-4**

**Page 161**

**AMENDED DOWN** Disposition on **10/12/2020** by **NO TRIAL**

• **SEXUAL MISCONDUCT - 510.140**

CHARGE 5 AMENDED 0017100

Charged on **10/12/2020** by citation **0L2247484-4**

**GUILTY** Disposition on **10/12/2020** by **NO TRIAL**

*alford*

Sentenced on **10/12/2020**

JAIL: **180 days** ( **180 days** Conditional)

• **SEXUAL ABUSE - 3RD DEGREE - 510.130**

CHARGE 6 ORIGINAL 0017090

Charged on **03/10/2020** by citation **0L2247474-2**

**DISMISSED** Disposition on **10/12/2020** by **NO TRIAL**

*Merge*

• **PROBATION VIOLATION (FOR MISDEMEANOR OFFENSE) - 533.050**

CHARGE 7 ORIGINAL 0026800

Charged on **07/14/2021** by citation **NA**

**GRANTED** Disposition on **07/22/2021** by **NO TRIAL**

Sentenced on **07/22/2021**

JAIL: **75 days** CREDIT FOR TIME SERVED: **8 days**

| Documents | 20-M-004870 |
|---|---|

• **ORDER FOR INSTALLMENT PAYMENTS WITH SHOW CAUSE ORDER** entered on **10/12/2020**

• **ORDER FOR CONDITIONAL DISCHARGE** entered on **10/12/2020**

• **MAIL RETURNED UNDELIVERED** filed on **10/20/2020**

*return order of probation/contional discharge*

• **NOTICE - OTHER** filed on **12/22/2020**

*NOTICE REGARDING CMC*

• **EXHIBIT** filed on **01/06/2021**

*EXHIBIT*

• **ORDER OF COMMITMENT** entered on **07/22/2021**

• **CERTIFIED RECORD (NOT MEDICAL)** filed on **02/11/2022**

*ENTIRE CASE FILE FOR: LOWELL BROWN C/O ATTY ROY DENNY*

| Events | 20-M-004870 |
|---|---|

• **REVOCATION HEARING** scheduled for **07/22/2021 09:00 AM** in room **HJ303** with **(INACTIVE) HON. DAVID BOWLES**

| Super Memo |
|---|

*07/14/2021 COUNTER SCH EVENTA DD CRT (CRIMINAL COURTROOM 303)07/22/2021 09:00 AM REVOCATION HEARING MOTION MOTION TO REVOKE PRO BATION BY COUNTY ATTORNEY07/22 /2021 ATTY PRESENT ATTORNEY PR*
*ESENT ELDER, JACOB E ATTORNEY-PRIVATE DEF PRESENT(IN CUSTODY STI P VIOL & WAIVES HEARING )CHG:7 P ROBATION VIOLATION (FOR MISDEMEANOROFFENSE); CIT#:NA COURT FINDIN G GRANTED NO TRIAL SENTENCE DETA*
*ILS - SEN DATE = 07/22/2021 JUDGE= HON. DAVID BOWLES SENNUM = 1 SENTENCE TIME - NET TIMEIncar cerated: 75 days ( TIME INCARCERATED 75 DAYS; CTS 8 DAYS ); Condit ions No Releases(NO SHOCK, NO HIP)*
*Add Document ORDER OF COMMITMEN T*

| Motions |
|---|

• **MOTION TO REVOKE PROBATION** filed on **07/14/2021** by **CC**

*COUNTY ATTORNEY*

• **TO ENTER PLEA** scheduled for **10/12/2020 02:00 PM** in room **HJ204** with **HON. STEPHANIE BURKE**

| Super Memo |
|---|

*10/12/2020CHG:1 HARASSMENT (P HYSICAL CONTACT) NO INJURY; CIT#:0L2247474-1CHG:2 OFFICIAL MISCON DUCT-1ST DEGREE; CIT#:0L2247484-1 DISMISSED MERGE NO TRIAL10/12/ 2020 ATTY PRESENT AD SCHROERI*
*NG, STEVEN CLARK @9100543158S;(VIA PHONE ) DEF PRESENT(VIA PHONE) CHG:3 OFFICIAL MISCONDUCT-1ST DEG REE; CIT#:0L2247484-2 PLEA GUILT Y;FINDING - GUILTY NO TRIAL SEN TENCE DETAILS - SEN DATE = 10/12/2*
*020 JUDGE = HON. STEPHANIE BURKE SENNUM = 1 SENTENCE MONE Y - NET AMOUNT: $145.00 (ASSESSED$ 145.00);SENTENCE TIME - NET TIME INCARCERATED: 0 DAYS ( TIME INCARCERATED 180 DAYS; CONDITIONALLY DI*
*SCHARGED 180 DAYS ); SENTENCE OF HER OPTIONS - CD2 YEARS; CONCURRENTCONDITIONS BATTERES INTERVE NTION PROGRAM CONDITIONS NO CONT ACT W PROCWIT, NO OTHER VIOLATIONS MUST PAY TODAY $0.00 MUST BE P*
*AID IN FULL BY CRT (CRIMINAL COURTROOM 102) 01/08/202110:00 AMOR RETURN FOR SHOW CAUSE INSTALLPAY DETAILS10/12/2020CHG:4 OFF ICIAL MISCONDUCT-1ST DEGREE; CIT#: 0L2247484-2 PLEA GUILTY; FINDING*
*- GUILTY NO TRIAL SENTENCE DET AILS - SEN DATE = 10/12/2020 JUDGE = HON. STEPHANIEBURKE SENNUM =1 SENTENCE TIME - NET TIME INCARCERATED: 0 DAYS ( TIME INCARCERATED 180 DAYS; CONDITIONALLY DI*
*SCHARGED 180 DAYS ); SENTENCE OF HER OPTIONS - CD2 YEARS; CONCURRENT CONDITIONS BATTERES INTERVE NTION PROGRAM, NO CONTACT W PROCWIT CONDITIONS NO OTHER VIOLATIONS 10/12/2020CHG:6 SEXUAL ABUS*
*E - 3RD DEGREE; CIT#:0L2247474-2 DISMISSED MERGE NO TRIAL10/12/ 2020 ATTY PRESENT AD SCHROERI NG, STEVEN CLARK @9100543158S;(VIA PHONE) DEF PRESENT(VIA*

**Page 162**

*PHONE ) CHG:5 SEXUAL ABUSE - 3RD DEGREE;C*

*IT#:0L2247484-4 NO TRIAL AMENDDO WN TO 0017100 ( SEXUAL MISCONDUCT) CHG: 5A SEXUAL MISCONDUCT,C IT#:0L2247484-4 PLEA GUILTY,FI NDING - GUILTY NO TRIAL(ALFORD) SENTENCE DETAILS - SEN DATE = 10/1*

*2/2020 JUDGE =HON. STEPHANIE BURKE SENNUM = 1 SENTENCE TIME - NET TIME INCARCERATED: 0 DAYS ( TIME INCARCERATED 180 DAYS; CONDITIONALLY DISCHARGED 180 DAYS ); SE NTENCE OTHER OPTIONS - CD2 YEARS;*

*CONCURRENT Conditions Battere s Intervention Program, No Contact w ProcWit, No Other Violations Add Document ORDER FOR CONDITIONAL DISCHARGE 10/12/2020*

| Super Memo | 20-M-004870 |
|---|---|

*E #3761773THE AFFIANT, DET C TIN NELL LMPD 7742, SAYS THAT ON 3/10/ 2020 THRU 3/11/2020, IN JEFFERSONCOUNTY, KENTUCKY, THE ABOVE-NAMED DEFENDANT UNLAWFULLY..THE AFFIANT STATES THE FOLLOWING COMPLAINTAG*

*AINST THE ABOVE NAMED DEFENDANTUNLAWFULLY: TOUCHED VICTIM (E.T,)IN APPROPRIATELY WHILE VICTIM WASAT HER PLACE OF EMPLOYMENT THORNTON'S.ON 03/10/2020 WHILE DEFT WAS ON DUTY FOR LMPD AND IN UNIFORM HE SUBJEC*

*TED VICTIM TO UNWANTED TOUCHING WHEN HE TIED VICTIM'S HANDS BEHINDHER BACK WITH PLASTIC. DEFTUNTIEDVICTIM WITH A KNIFE WHEN SHE PULLED AWAY FROM HIM. LATER THAT SA ME MORNING DEFT FOLLOWED VICTIM INTO THEB*

*ACKROOM OF THE STORE WHERE HEGAVE DEFT A HUG AND GAVE HER ANOTHER HUG AND KISS ON THE CHEEK BOTHOF WHICH WERE UNWANTED BY THE VICTIM. DEFT THEN LEFT THE STORE. D EFT WASIN THE STORE FOR APPROXIMATELY ANHOU*

*R AND FIFTY MINUTES WHILEON DUTY. APPROXIMATELY HOUR LATER, WHENDEFT WAS OFF DUTY, DEFT RETURNED TO THE STORE. VICTIM TOLD DEFT SHEWAS NOT INTERESTED IN A RELATIONSHI P AND DEFT LEFT THESTORE AGAIN. ON 03/*

*11/2020 WHILE DEFT WASON DUTY WITH LMPD AND IN UNIFORM,DEFT RETURNED TO THE STORE. DEFT TOLD VICTIM HE WANTED TO SPEAK WITH HER. DEFT EXPRESSED HIS INTERESTAND DESIR E TO BE IN A RELATIONSHIP WITH HER. VIC*

*TIM TOLD DEFT SHE WAS NOT INTERESTED IN HIM. DEFT RESPONDED BYTELLING VICTIM HE HOPED SHE WOULDGIVE HIM A KISS.LATER THAT MORNING DEFT FOLLOWED VICTIM ATAPPROXIMATEL Y 6:10 AM INTHE STORE'S BACKROOM WHERE*

*SHE WAS WORKING.UNDER THE GUISE OF PERFORMING A SEARCH, DEFTTOUCHED VICTIM CHEST AREA WITH BOTH HANDS. VICTIM RETURNED TO THE FRONT OF THE STORE AND ATTEMPTED TO AVOID DEFT. DEFT WALKED AROUND THE STORE SP*

*EAKING WITH THE VICTIM AND OTHER EMPLOYEES FOR APPROXIMATELY 45 MINUTES. AT APPROXIMATELY 7 AM, DEFT FOLLOWED THE VICTIM INTO THE BACKROOM AGAIN. DEFT PROCEEDEDTO P ERFORM A"SEARCH" ON THE VICTIM, AND DURI*

*NG THE INCIDENT HE PUT HIS HAND INTO HER SHIRTAND AROUND VICTIM'S BRA AREA. DEFT THEN GRABBED THE UNDERWIRE OF VICTIM'S BRA AND SHOOK IT. DURING THE INCIDENT DEFT RA N HISHAND UP THEINSIDE OF BOTH HER LEGS*

*. DEFT THEN TOLD VICTIMTO TAKE OFF HER SHOEAND SOCK. WHEN VICTIMREFUSED TO TAKE OFF HER SOCK, DEFT HELD VICTIM'S SHOE AWAY FROM HER. SHORTLY AFTER THE INCIDENT DEFT LEF T THE STORE. DEFT WAS INTHE STORE FO*

*R APPROXIMATELY 2 HOURS AND TWENTY MINUTES WHILE ON DUTY. VICTIM REPORTED THE INCIDENT TOANOTHER LMPD OFFICER.*

| Images | 20-M-004870 |
|---|---|

- **MOTION FOR DISCOVERY AND INSPECTION** filed on **05/27/2020**  *Page(s): 3*
- **CITATION** filed on **05/27/2020**  *Page(s): 1*
- **CITATION** filed on **05/27/2020**  *Page(s): 1*
- **NOTICE - OTHER** filed on **12/22/2020**  *Page(s): 1*
- **EXHIBIT** filed on **01/06/2021**  *Page(s): 3*

**\*\*\*\* End of Case Number : 20-M-004870 \*\*\*\***

**Page 163**

# PABLO CANO

**NO. 19CR2729**

JEFFERSON CIRCUIT COURT
DIVISION FOUR
JUDGE CHARLES L. CUNNINGHAM JR.

COMMONWEALTH OF KENTUCKY

PLAINTIFF

## JUDGMENT OF CONVICTION AND SENTENCE
## (AFTER PLEA AND WAIVER OF SEPARATE SENTENCING)

vs.

**PABLO CANO**
**DOB 10/10/80**
**SOC. SEC. # XXX-XX-4309**

**DEFENDANT**

\*\*\* \*\*\* \*\*\*

This case came before the Court on **October 7, 2019** for a plea and sentencing. The Commonwealth was represented by the **Kristi Gray**. The Defendant, **Pablo Cano,** was present with counsel **Steve Shroering**.

By agreement of the Commonwealth and upon advice of counsel, the Defendant entered a guilty plea to:

**Possession of Matter Portraying A Sexual Performance by A Minor**
**Sexual Misconduct 5 counts**

The Court found that the Defendant's plea was knowingly and voluntarily entered and that there was a factual basis for it. The Court accepted the Defendant's guilty plea.

The Defendant, by counsel, asked to waive separate sentencing in order to expedite sentencing and facilitation of this matter. No sufficient cause was shown why judgment should not be pronounced. The Defendant, thereafter, in person and by counsel, filed a written knowing and voluntary waiver of a Pre-sentence Investigation Report.

The Court, having given due consideration to the nature and circumstances of the crime, and to the history, character and condition of the Defendant, is of the opinion that probation or probation with an alternative sentencing plan, should be denied for the following reasons:

A.     There is substantial risk that during a period of probation, probation with an alternative

sentencing plan, or conditional discharge, the Defendant will commit other crimes;

B.    The Defendant is in need of correctional treatment that can be provided most effectively by the Defendant's commitment to a correctional facility; and,

C.    Probation, probation with an alternative sentencing plan, or conditional discharge would unduly depreciate the seriousness of the Defendant's crimes.

Wherefore, the Court having found the Defendant guilty of the above offense,

**IT IS HEREBY ORDERED AND ADJUDGED** that the Defendant's sentence is fixed as follows:

**Possession of Matter Portraying A Sexual Performance by A Minor      Five Years**
**Sexual Misconduct 5 counts                                      Twelve Months concurrent**
        **The Court orders the Defendant serve Five Years. Must pay court costs and Felony fine.**

**IT IS FURTHER ORDERED AND ADJUDGED** that Jefferson County Sheriff shall remand the Defendant to the Jefferson County Department of Corrections where **he** is to be delivered to the Kentucky Department of Corrections so that **he** shall serve **his** sentence pursuant to this judgment at such location within this State as the Department shall designate until released in accordance with the law. The Department of Corrections, Division of Probation and Parole shall calculate credit time served.

**IT IS HEREBY ORDERED AND ADJUDGED** that the bond is hereby released to the surety upon showing proper identification and documentation.

**CHARLES L. CUNNINGHAM JR., JUDGE**
Jefferson Circuit Court

ENTERED IN COURT
DAVID L. NICHOLSON, CLERK

OCT - 7 2019

BY
DEPUTY CLERK

cc:    Hon. Kristi Gray - Commonwealth Attorney
        Hon. Steve Shroering – Public Defender
        Probation and Parole
        Jefferson County Corrections Department

Page 2 of 2

**Page 166**

# KENNETH BETTS

NO. 17CR1041                                    JEFFERSON CIRCUIT COURT
                                                        DIVISION TWO (2)
                                                ANNIE O'CONNELL, JUDGE


COMMONWEALTH OF KENTUCKY                                       PLAINTIFF


VS.                    **JUDGMENT ON A GUILTY PLEA**
                    **WAIVER OF PRE-SENTENCE REPORT**
                 **& JUDGMENT OF CONVICTION AND SENTENCE**


KENNETH BETTS                                                 DEFENDANT
**(White Male DOB: 09/25/1984 SSN: 7782)**

* * * * * * *

This 8th day of July 2019, the Defendant appeared with counsel, the Honorable Brian Butler

and the Commonwealth came by attorney, the Honorable Christie Foster.

The Defendant, by agreement with the attorney with the Commonwealth, and with advice of

counsel, filed a Motion to Enter a Guilty Plea and entered a plea of guilty to:

- **Count 1: SODOMY IN THE FIRST DEGREE**

- **Count 2: SODOMY IN THE THIRD DEGREE**

The Court finding that the Defendant understands the nature of the charges against him; that

the Defendant intelligently, knowingly and voluntarily waives his right to a trial by jury, the privilege

against self-incrimination, the right to confront witnesses against him and any defenses available to

him at trial; that the Defendant's plea is intelligent, knowing and voluntary, and that there is a factual

basis for the Defendant's plea;

**IT IS HEREBY ORDERED** that the Defendant's Plea of Guilty be accepted and entered as

prayed in the Defendant's Motion to Enter Guilty Plea and as recommended in the Commonwealth's

1

JSPG : 000001 of 000003

Entered          17-CR-001041     07/09/2019          David L. Nicholson, Jefferson Circuit Clerk

Offer on a Plea of Guilty,

**IT IS, THEREFORE, ORDERED AND ADJUDGED BY THE COURT** that the

Defendant is guilty of the crimes of:

- **Count 1: SODOMY IN THE THIRD DEGREE (AMENDED)**

- **Count 2: SODOMY IN THE THIRD DEGREE**

and the Court notes of record the Commonwealth's recommendation of a sentence of:

- **Count 1: SODOMY IN THE THIRD DEGREE (AMENDED) – FIVE (5) YEARS**

- **Count 2: SODOMY IN THE THIRD DEGREE – FIVE (5) YEARS**

*The Commonwealth recommends counts 1 and 2 run concurrent for a total of 5 years to serve.*

*This time will run concurrent with defendant's Federal case. All time to be served in a Federal*

*institution.*

The Defendant, thereafter, in person and by counsel, filed a written intelligent, knowing and

voluntary Waiver of a Pre-sentence Investigation Report and asked that sentence be imposed

immediately.

The Court having inquired of the Defendant and his attorney whether they had any legal

cause to show why judgment should not be pronounced against the Defendant, further, the Court

having afforded the Defendant and his counsel an opportunity to make statements in the Defendant's

behalf and to present any information in mitigation of the punishment and no legal cause having been

shown why judgment and sentence should not be pronounced against him. The court, having given

due consideration to the nature and circumstances of the crime, and to the history, character and

condition of the Defendant,

Wherefore, the Court having found the Defendant guilty of the above offense(s);

2

JSPG : 000002 of 000003

**IT IS ORDERED AND ADJUDGED** that:

1.  The Defendant is hereby sentenced to:

    - **FIVE (5) YEARS TO SERVE – TO RUN CONCURRENT WITH FEDERAL CASE. TIME TO BE SERVED IN FEDERAL INSTITUTION.**

of imprisonment, or until released in accordance with the law.

2.      The Defendant shall be entitled to credit for any time served pursuant to *KRS 532.120*, and in accordance with the custody time report prepared by the Division of Corrections.

3.      The Defendant's bond, if any, shall be released to the surety.

    **IT IS FURTHER ORDERED** that the Defendant be remanded to the Jefferson County Jail, and that the Sheriff of Jefferson County shall deliver the Defendant to the custody of the Department of Corrections at his earliest convenience at such location within this state as the Department shall designate for the purpose of the Defendant's serving the sentence imposed upon him hereunder.



**ANNIE O'CONNELL, JUDGE**
**JEFFERSON CIRCUIT COURT**

DATE: _____

cc:     *Christie Foster, Assistant Commonwealth's Attorney*
        *Brian Butler, Counsel for Defendant*
        *Department of Corrections*
        *Roederer Correctional Complex*

3

# BRANDON WOOD

NO.    17CR1040                                  **JEFFERSON CIRCUIT COURT**
                                                        **DIVISION THIRTEEN (13)**
                                                    **ANN BAILEY SMITH, JUDGE**


**COMMONWEALTH OF KENTUCKY**                            **PLAINTIFF**


VS.                    **JUDGMENT ON A GUILTY PLEA**
                    **WAIVER OF PRE-SENTENCE REPORT**
                    **& JUDGMENT OF CONVICTION AND SENTENCE**
                            **FOR SEX OFFENDER**


**BRANDON WOOD**                                        **DEFENDANT**
(Black Male DOB: 05/02/1986 Social Security No. 4042)

* * * * * * *


This *28th day of May, 2019,* the Defendant appeared in open Court with his attorney, the

Honorable Steve Schroering, and the Commonwealth came by attorney, the Honorable Christie

Foster. The Defendant, with advice of counsel, filed a Motion to Enter a Guilty Plea and entered a

plea of guilty to:

- **SEXUAL ABUSE I (SEVEN COUNTS)**

The Court found that the Defendant's plea was knowingly and voluntarily entered and that

there was a factual basis for it. The Court accepted the Defendant's plea.

The Defendant, by counsel, asked to waive separate sentencing in order to expedite

sentencing and facilitation of this matter. No sufficient cause was shown why judgment should not

be pronounced. The Defendant, thereafter, in person and by counsel, filed a written knowing and

voluntary waiver of a Pre-sentence Investigation Report.

The Court, having given due consideration to the nature and circumstances of the crime, and

1

**Page 172**

to the history, character and condition of the Defendant, is of the opinion that probation or probation with an alternative sentencing plan should be denied.

**IT IS HEREBY ORDERED AND ADJUDGED** that the Defendant's sentence is fixed as follows:

- **SEXUAL ABUSE I (SEVEN COUNTS) – FIVE (5) YEARS EACH COUNT**

*All counts to run **concurrently** for a total sentence of **five (5) years** and concurrent to the federal sentence the Defendant is currently serving. The sex offender treatment that is required under state law will be satisfied with the Defendant completing sex offender treatment while in federal custody. The Defendant shall register with the Sex Offender Registry for the remainder of his life.*

**IT IS FURTHER ORDERED AND ADJUDGED** that the Jefferson County Sheriff shall remand the Defendant to the Jefferson County Department of Corrections where he is to be delivered to the Kentucky Department of Corrections so that he shall serve his sentence pursuant to this judgment at such location within this State as the Department shall designate until released in accordance with the law. The Department of Corrections, Division of Probation and Parole shall calculate credit time served.

ENTERED IN COURT
DAVID L. NICHOLSON, CLERK
JUN 04 2019
BY ARB
DEPUTY CLERK

**ANN BAILEY SMITH, JUDGE**
**JEFFERSON CIRCUIT COURT**

**DATE:** June 3, 2019

2

**Page 173**

cc:    *Christie Foster, Assistant Commonwealth's Attorney*

      *Steve Schroering, Counsel for Defendant*

      *Department of Corrections*

      *Roederer Correctional Complex*

3