UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| United States of America<br>PLAINTIFF | }<br>}<br>} | |
| v. | }<br>} | CIVIL ACTION 3:24-CV-00722-BJB |
| Louisville Jefferson County Metro Government<br>DEFENDANT | }<br>}<br>} | |

**RIVER CITY F.O.P. LODGE 614, INC.'S SUPPLEMENT TO COURT'S JANUARY 13, 2025 HEARING RE: PROPOSED CONSENT DECREE**

Comes the proposed Intervenor, River City F.O.P. Lodge 614, Inc. (hereinafter "Lodge 614"), by and through counsel, and pursuant to the Court's instructions at the conclusion of the hearing held in this matter on Monday, January 13, 2025,[1] respectfully requests the Court postpone entrance of any proposed consent decree in this matter, if at all, until Lodge 614's Motion to Intervene (DN 17) has been ruled upon and, assuming it is granted, the potential conflicts between Lodge 614's collective bargaining agreements ("CBAs") and the proposed consent decree have been resolved. In support of this request, Lodge 614 offers the following supplementation to the discussion had during the January 13, 2025, hearing:

---

[1] Based on the undersigned counsel's understanding, the Court, at the conclusion of the January 13, 2025 hearing, indicated that any party wishing to be heard further or to supplement the record with regard to the topics discussed during the hearing was to give notice of such desire and/or file their supplementation no later than Friday, January 17, 2025. While Lodge 614 has not yet been granted intervention as a party in this case, Lodge 614's perception that the proposed consent decree conflicts with its collective bargaining agreements was discussed at the beginning of the hearing, but only to the extent relevant to its motion to intervene. Lodge 614 wishes to now supplement that discussion with helpful authority regarding the implication of such conflicts and/or potential conflicts on these proceedings at a more general level and respectfully requests this filing be accepted by the Court.

## INTRODUCTION

As the Court and parties are well aware, Lodge 614 has sought to intervene in this case as a matter of right pursuant to Fed. R. Civ. P. 24(a) to protect its collective bargaining rights. DN 17; DN 31. Lodge 614's desire for intervention is premised in large part upon its identification of actual and potential conflicts existing between its CBAs with Defendant, Louisville/Jefferson County Metro Government ("Louisville Metro"), and the proposed consent decree tendered by Plaintiff, United States of America, and Louisville Metro. DN 31, pp. 3-7. At this juncture, Lodge 614's motion to intervene is still pending, and thus far Lodge 614's discussion of the conflicts it has preliminarily identified between its CBAs and the proposed consent decree has been limited to the purpose of showing it has a substantial interest in this case such that it is entitled to intervene. *Id.* However, the potential for impairment of Lodge 614's collective bargaining rights has other, more general implications on this action because "parties who choose to resolve litigation through settlement[,]" including a consent decree, "may not dispose of the claims of a third party, and *a fortiori* may not impose duties or obligations on a third party, without that party's agreement." *Loc. No. 93, Int'l Ass'n of Firefighters, AFL-CIO C.L.C. v. City of Cleveland*, 478 U.S. 501, 529, 106 S. Ct. 3063, 3079, 92 L. Ed. 2d 405 (1986). As explained below, this settled legal notion precludes the Court from entering any proposed consent decree in this case until the conflicts between the CBAs and proposed consent decree have either been (a) resolved through negotiations and agreement with the parties, or (b) deemed necessary by the Court to remedy legal violations by Louisville Metro after a trial on the merits.

## LAW AND ARGUMENT

The Supreme Court of the United States and circuit courts across the country have consistently held that parties in litigation may not unilaterally settle their disputes through the use

of a consent decree that impairs the rights of others, including the collective bargaining rights of unions arising under agreements they have with one of the parties. *Id.*; *W.R. Grace & Co. v. Loc. Union 759, Int'l Union of United Rubber, Cork, Linoleum & Plastic Workers of Am.*, 461 U.S. 757, 771, 103 S. Ct. 2177, 2186, 76 L. Ed. 2d 298 (1983) ("Absent a judicial determination, the Commission, not to mention the Company, cannot alter the collective bargaining agreement without the Union's consent"); *United States v. City of Los Angeles, Cal.*, 288 F.3d 391, 400 (9th Cir. 2002) ("Except as part of court-ordered relief after a judicial determination of liability, an employer cannot unilaterally change a collective bargaining agreement as a means of settling a dispute over whether the employer has engaged in constitutional violations"); *United States v. City of Hialeah*, 140 F.3d 968, 983 (11th Cir. 1998) ("One party to a collective bargaining agreement cannot use the device of a nonconsensual consent decree to avoid its obligations, which the other party negotiated and bargained to obtain"). *People Who Care v. Rockford Bd. of Educ. Sch. Dist. No. 205*, 961 F.2d 1335, 1337 (7th Cir. 1992) (holding that parties to a consent decree "may not alter collective bargaining agreements without the union's assent"). This rule exists so as to not "undermine the federal labor policy that parties to a collective bargaining agreement must have reasonable assurance that their contract will be honored." *W.R. Grace & Co.*, 461 U.S. at 771, 103 S. Ct. at 2186, 76 L. Ed. 2d 298. Instead, contractual rights may only be impaired by the court if liability "is found after a trial at which the affected parties are represented" and impairment of the rights is "a necessary and appropriate remedy." *City of Hialeah*, 140 F.3d at 983; *City of Los Angeles*, 288 F.3d at 400 (holding police union's rights could be set aside only "as part of court-ordered relief after a judicial determination of liability").

Thus where, as here, conflicts may exist between a union's collective bargaining agreements and the proposed consent decree, any such conflicts must be resolved before the

consent decree can be entered. As a practical matter, such conflicts can be resolved in one of two ways: "at a bargaining table at which the union[ is] present[,]" or "pursuant to a decree entered after a trial at which all affected parties have had the opportunity to participate[.]" *City of Hialeah*, 140 F.3d at 983.

Neither have occurred in this case. The United States' investigation and negotiation of the proposed consent decree have taken almost four years. The negotiation of the current CBAs between Louisville Metro and the Lodge took more than one year. Last year, Lodge 614 asked the United States to allow Lodge 614 to participate in the negotiation of the proposed consent decree and the United States refused. Lodge 614's motion to intervene is still pending, and as previously expressed, Lodge 614 is still completing its comparison of the 242-page proposed consent decree to its own lengthy CBAs to evaluate the actual and potential conflicts between them because Lodge 614 has only been afforded a few short weeks to engage in that analysis. Thus, this case is not in a posture where serious contemplation of entering the proposed consent decree by the Court is yet appropriate. Given the length of time that the parties have taken negotiating the proposed consent decree to the exclusion of interested stake holders, allowing those stake holders a reasonable amount of time to complete an analysis of the proposed consent decree and its effect on their respective rights is the only equitable solution. It is Lodge 614's hope and desire that, once its review is complete, it can work with the parties to resolve the potential impairment of its collective bargaining rights through diligent negotiations. Should those efforts fail, however, the Court's adjudication may be necessary.

## CONCLUSION

For these reasons, Lodge 614 respectfully requests that if the Court is inclined to enter the proposed consent decree, it refrain from doing so until Lodge 614 is allowed a reasonable amount

of time to complete its analysis regarding the consent decree's inconsistency with Lodge 614's CBAs and any inconsistencies have been finally resolved.

        Respectfully submitted,

        /s/ Kyle M. Vaughn
        Kyle M. Vaughn
        Connor E. Sturgill
        VAUGHN PETITT LEGAL GROUP, PLLC
        7500 West Highway 146
        Pewee Valley, Kentucky 40056
        (502) 243-9797
        (502) 243-9684 (fax)
        kvaughn@vplegalgroup.com
        csturgill@vplegalgroup.com
        *Counsel for proposed Intervenor, River City F.O.P. Lodge 614, Inc.*

## **CERTIFICATE OF SERVICE**

It is hereby certified that on this 17th day of January 2025, the foregoing document was filed with the CM/ECF filing system and sent via U.S. Mail to:

| | |
|---|---|
| KRISTEN CLARKE<br>Assistant Attorney<br>General Civil Rights Division | REGAN RUSH<br>Chief<br>Special Litigation Section |
| PAUL KILLEBREW<br>Deputy Chief<br>Special Litigation Section | S. MEHVEEN RIAZ<br>DAVID G. COOPER<br>SURAJ KUMAR<br>LILY SAWYER-KAPLAN<br>AMY SENIER |
| JESSICA R. C. MALLOY<br>CALESIA HENSON<br>Assistant United States Attorneys<br>Western District of Kentucky<br>717 West Broadway<br>Louisville, KY 40202<br>(502) 582-5911<br>Jessica.Malloy@usdoj.gov<br>*Attorneys for the United States* | HALEY VAN EREM<br>Trial Attorneys<br>United States Department of Justice<br>Civil Rights Division<br>Special Litigation Section<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530<br>(202) 514-6255<br><br>ANNALE R. TAYLOR |

MICHAEL J. O'CONNELL
Jefferson County Attorney

MEGAN A. METCALF
Deputy General counsel
Office of Mayor Craig Greenberg
Louisville/Jefferson County Metro Government
527 W. Jefferson Street
Louisville, KY 40202
*Co-counsel for Louisville/Jefferson County Metro Government*

ANDREW MILLER
ERIN C. FARNHAM
LISA S. JARRETT
Assistant Jefferson County Attorneys
First Trust Centre
200 S. 5th Street, Suite 300N
Louisville, KY 40202
*Attorneys for Louisville/Jefferson County Metro Government*

/s/ Kyle M. Vaughn
VAUGHN PETITT LEGAL GROUP, PLLC