UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
*Electronically Filed*

UNITED STATES OF AMERICA,

    Plaintiff,

v.               Civil Action No. 3:24-CV-722-BJB

LOUISVILLE/JEFFERSON COUNTY
METRO GOVERNMENT,

    Defendant,

## MOTION TO ENLARGE TIME AND TO FILE AMICUS BRIEF

**NOW COMES** *amicus curiae* Louisville Metro Council Minority Caucus (hereafter "Minority Caucus"), by counsel and pursuant to LR 7.1(b) and Fed. R. Civ. P. 6(b)(1), hereby moves this Court to enlarge time and file an *amicus curiae* brief in response to Plaintiff's and Defendant's Joint Motion for Entry of Consent Decree, DN 4, up to and including the date of this filing.

As grounds for its Motion, the Minority Caucus states that:

1. This action was commenced against the Defendant, Louisville/Jefferson County Metro Government, on December 12, 2024. DN 1.

2. On February 18, 2025, Defendant filed a Response to Court's Order, DN 82. In that pleading, the Defendant represented that "[f]rom *Louisville Metro's perspective*, the proposed Consent Decree is an effective mechanism to keep the reform process on track and to provide third-party validation of Louisville Metro's progress by means of an independent monitor that will report to the public." *Id*. at 3 (emphasis added). The

    Defendant stated that the proposed Consent Decree satisfied Mayor Greenberg's criteria and conflated the Mayor's approval with Metro Government approval. *Id.*

3. The Minority Caucus, a statutorily recognized subdivision of the Metro Council, respectfully asks this Court enlarge time and accept the motion to file an *amicus curiae* brief addressing Defendant's implication to the Court that the entire local government supports the proposed Consent Decree.

4. There is good cause justifying an enlargement of time, to wit, the Minority Caucus was not aware that the Mayor would imply that the entire local government supported the Consent Decree until his February 18, 2025 filing; and, such a filing will not prejudice any party. Both the federal and local governments have been reluctant to address the facts and law concerning whether a Consent Decree is appropriate, and the Defendant inaccurately represented unanimous support within local government after the deadline for briefs was established by the Court. The Court and public will benefit from the Minority Caucus' views regarding the proposed Consent Decree and its reforms. Rather than ask the Court to issue a rubberstamp-decision, the Minority Caucus would like to aid the Court in rendering a well-considered opinion as required by law. The parties' representations and pleadings following the January 10, 2025 deadline justifies an enlargement of time for an *amicus*.

5. The Minority Caucus has attached a Motion for Leave to File an Amicus Brief as well as a Memorandum in Support of Law as Exhibit A.

    **WHEREFORE,** the Minority Caucus respectfully prays that the Court enlarge the time for it to respond to the Parties' Joint Motion for Entry of Consent Decree up to and including the date of this filing. A proposed order accompanies this Motion.

Respectfully submitted,

/s/ Jonathan S. Ricketts
Jonathan S. Ricketts
**RICKETTS LAW OFFICES, PLLC**
4055 Shelbyville Road
Louisville, Kentucky 40207
(502)896-2302
jricketts@rickettslawoffices.com
*Counsel for Amicus Curiae,*
*Minority Caucus*

## CERTIFICATE OF SERVICE

On March 6, 2025, the foregoing was served on the Court and all Parties via the Court's electronic filing system.

/s/ Jonathan S. Ricketts
Jonathan S. Ricketts
**RICKETTS LAW OFFICES, PLLC**
*Counsel for Amicus Curiae,*
*Minority Caucus*