UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
*Electronically Filed*

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                  Civil Action No. 3:24-CV-722-BJB

LOUISVILLE/JEFFERSON COUNTY
METRO GOVERNMENT,

        Defendant,

**MOTION BY THE REPUBLICANS OF THE LOUISVILLE METRO COUNCIL MINORITY CAUCUS FOR LEAVE TO FILE AMICUS BRIEF**

*Amicus curiae*, consisting of the Republican members of the Louisville Metro Council Minority Caucus, unanimously and respectfully requests that this Court accept its Motion for Leave to File an Amicus Brief and consider the memorandum contained therein. In support of this motion, the Minority Caucus states as follows:

1. *Amicus curiae* is the Republican membership of the Louisville Metro Council, Minority Caucus ("Minority Caucus"). The Louisville Metro Council has been vested, by the Commonwealth of Kentucky, with legislative power. Ky. Rev. Stat. 67C.103. The Louisville Metro Council devised its own rules relying on its political caucuses to carry out its legislative functions. *See* Metro Council Rules 11.01-11.02, 1.07, 4.01(c); Ky. Rev. Stat. § 67C.103(14).

2. The attached memorandum respectfully seeks to advise the Court that the Minority Caucus does not agree with the Mayor's recent pleading that the proposed Consent

>Decree serves as an effective method of ensuring that reforms take place; rather, such oversight is best left to local oversight by members of the Metro Council and the Mayor. These elected officials are directly accountable to the residents and voters of the Louisville/Jefferson County Consolidated Government and their supervision of any reforms is most appropriate.

### **MEMORANDUM OF LAW IN SUPPORT OF MOTION**

In submitting an *amicus* brief in this matter, the Minority Caucus seeks to advise the Court on the unanimous views of twelve (12), out of twenty-six (26), members of the Louisville Metro Council, and of the Louisville Metro Council Minority Caucus.

"'[P]articipation as an *amicus* to brief and argue as a friend of the court was, and continues to be, a privilege within the sound discretion of the courts, depending upon a finding that the proffered information of amicus is timely, useful, or otherwise necessary to the administration of justice.'" *Moore v. Humana*, 2022 U.S. Dist. LEXIS 238430 (W.D. Ky. March 30, 2022), at *4-5 (citing *United States v. State of Mich.*, 940 F.2d 143, 165 (6th Cir. 1991). "In determining whether to grant leave to file amicus briefing, courts consider several factors, including adequate representation, cognizable direct interest in the outcome, and whether the proposed amici addresses matters or advances arguments different from those raised by the parties." *Id*. at *5.

The Minority Caucus has a direct interest in the outcome of this case because it represents just under half of the Metro Council Districts and is responsible to the voters in those districts. Additionally, the Minority Caucus seeks to advance a different argument than that raised by the parties. The Minority Caucus' view is that the proposed Consent Decree should be rejected by the Court. Any steps toward reforming local administrative procedures or police procedures are

properly decided upon and overseen by the Louisville Metro Council in conjunction with the Mayor, not by unelected Department of Justice officials.

The legislative branch, working in conjunction with the local executive, is in the best position to enact reforms and ensure accountability. Members of the Metro Council represent twenty-six (26) different districts of Louisville/Jefferson County and are accountable to their constituents. Given the size of the districts, Metro Council members are geographically close to their constituents, and are in the best position to assess their views on reforms. If the members are not responsive to their constituents' positions, they may be voted out of office. Lawyers at the Department of Justice cannot be voted out of office by Louisville/Jefferson County residents.

While an independent monitor has been proposed to oversee the proposed reforms, the local government is responsible for enacting and funding said reforms. The Commonwealth has a reserved police power allowing it to regulate in the interest of public safety. *See Berman v. Parker*, 348 U.S. 26 (1954), 32. Police departments are front-and-center in ensuring the public's safety. The Commonwealth has seen fit to allow consolidated governments the power to handle potential police misconduct. Ky. Rev. Stat. §§ 67C.301-329. More generally, the Commonwealth granted cities of the first class, such as Louisville/Jefferson County, "the authority to govern themselves to the full extent required by local government and not in conflict with the Constitution or laws of this state or by the United States." Ky. Rev. Stat. § 83.410(1); *See* Ky. Rev. Stat. § 82.082(1); *See also* Ky. Rev. Stat. § 67C.101.  The proposed Consent Decree contains hundreds of training and policy requirements for LMPD which Louisville Metro Government intends to implement outside the legislative process at the state and local level, effectively disassociating the Commonwealth and the citizens of Louisville/Jefferson County from input on the reforms. Consent Decree ¶¶ 595-596. Citizens, through their elected local

officials, must have an opportunity to participate in discussing these reforms through vigorous, public and principled debate. Neither the Department of Justice, nor the federal government generally, are responsible for funding or carrying out the planned actions. Simply put, the Department of Justice's intervention excludes the Commonwealth and involvement of the citizens and provides little accountability going forward. The citizens of the Metro Area must pay for any reforms with their tax dollars and must live with the results of those efforts, good or bad. As such, the citizens of Metro Louisville deserve to be heard through their elected officials and to hold them accountable at the ballot box regarding any future reforms implemented after consideration by the Louisville Metro Council.

The Metro Council has not abandoned its legislative responsibilities in response to the facts asserted by the Plaintiff and has enacted legislatively reforms consistent with the goals of the consent decree, which further supports the relief sought by the Minority Caucus herein. For example, on February 13, 2025, the Metro Council adopted, and funded, Resolution 008, which approved a contract with Sigma Squared Inc.. Louisville Metro Council Res. 008, Series 2025 (Feb. 13, 2025). This company will provide detailed analysis of traffic-stop data to enable local officials to direct reforms to provide citizens with a greater level of equity in local policing. While this one legislative act will not address all allegations against Defendant by the United States, this legislative action illustrates that the Metro Council is serious about addressing issues identified by the United States with local law enforcement. It also illustrates that the Metro Council will act, consistent with the intent of the Consent Decree, without the federal government compelling it to do so.

Our society revolves around the two sovereigns: federal and state. All of our institutions, branches of governments, and laws flow from the authority, and legitimacy, given to them by the

people. The power of the federal government is intended to be limited where the power of the States extends to daily lives of the people and their prosperity. The Federalist No. 45 (James Madison). The federal government certainly should act to protect the constitutional rights of United States citizens as authorized and required by law; however, ultimately, the States, by virtue of their police power and legal proximity to their citizens, and the local governments, as such power has been delegated to them, through their elected officials are responsible for ensuring their police departments are carrying out their duties in such a manner that does not infringe upon the constitutional rights of the citizens. The Minority Caucus does not seek to continue business-as-usual; local, responsive action is necessary and underway. With reforms underway, the Minority Caucus believes that federal, judicial intervention is premature at this stage.

WHEREFORE, the Minority Caucus respectfully requests this Court to reject the proposed Consent Decree, and allow the Louisville Metro Government to attend to these matters properly entrusted to it by the Commonwealth of Kentucky.

Respectfully submitted,

/s/ Jonathan S. Ricketts
Jonathan S. Ricketts
Ricketts Law Offices, PLLC
4055 Shelbyville Road
Louisville, KY 40207
(502) 896-2303 tel.
(502) 896-2362 fax
jricketts@rickettslawoffices.com
*Counsel for Amicus Curiae,*
*Minority Caucus*